**Weil, Gotshal & Manges LLP**

*VIA ECF*

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

December 13, 2024

**David J. Lender**
+1 (212) 310-8153
david.lender@weil.com

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: ***Ben & Jerry's Homemade, Inc. v. Unilever PLC and Conopco, Inc.*,**
 **Case No. 24-cv-8641-PKC (S.D.N.Y.)**

Dear Judge Castel:

Pursuant to Rule 3(A) of Your Honor's Individual Practices, we write on behalf of Defendants Unilever PLC ("Unilever") and Conopco, Inc. ("Conopco") to request a pre-motion conference to discuss Defendants' anticipated motion to dismiss the Complaint [ECF No. 5] for lack of standing and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Per Rules 1(A)(iii) and 3(A)(vi) of Your Honor's Individual Practices, a status conference is scheduled for January 17, 2025 at 10:00 AM.

I. **Background**

This action, brought by the Independent Board with primary responsibility for the social mission and brand integrity of Ben & Jerry's Homemade, Inc. (hereinafter defined as the "**Independent Social Mission Board**"), asserts a single breach of contract claim on behalf of Ben and Jerry's Homemade, Inc. (the "**Company**") against Unilever and Conopco (the Shareholder of the Company) for allegedly breaching their obligations under three separate agreements.[1] Specifically, the Independent Social Mission Board alleges that the Defendants (1) breached their duty to "[r]espect and acknowledge the Ben & Jerry's Independent Board's primary responsibility over Ben & Jerry's Social Mission and Essential Brand Integrity" and "work in good faith with the Independent Board to ensure that both are protected and furthered" by allegedly refusing to approve the release of certain one-sided Company statements related to the highly-divisive Palestinian conflict in the Middle East; (2) "unreasonably withheld" consent to make

---

[1] (1) The Agreement and Plan of Merger (as amended), dated July 5, 2000, between Conopco, Vermont all Natural Expansion Company, and the Company ("**Merger Agreement**"); (2) a settlement agreement, dated December 13, 2022, between Conopco, Unilever IP Holdings B.V., Unilever, the Company, and the Independent Social Mission Board ("**Settlement Agreement**") [ECF No. 5-2]; and (3) an August 23, 2023, amendment to the settlement agreement between Conopco, Unilever IP Holdings B.V., Unilever, the Company and the Independent Social Mission Board ("**Settlement Amendment**") [ECF No. 5-6].

**Weil, Gotshal & Manges LLP**

December 13, 2024
Page 2

donations to two organizations—Jewish Voice for Peace and the Council on American-Islamic Relations—selected by the Independent Social Mission Board, who have routinely taken controversial positions on the conflict in the Middle East; and (3) did not abide by the terms of the Settlement Amendment by allegedly "failing to abide by the quarterly reporting requirements, failing to make payments in compliance with the Amendment's requirements, and unilaterally erecting extracontractual hurdles" regarding the purchase of Palestinian almonds. *See* Compl. ¶¶ 37-40. To be clear, Defendants vehemently dispute these false allegations and look forward to exposing the truth of what actually transpired. However, the Complaint as written suffers from clear legal infirmities that require dismissal. The agreements do not give the Independent Social Mission Board sole responsibility over the Company's social mission; the agreements do not grant the Independent Social Mission Board with any authority to sue in the name of the Company; the Independent Social Mission Board is not a party to the Merger Agreement and has no standing to bring claims under that agreement; and the Complaint doesn't seek any damages or relief other than attorney's fees, and thus fails to state a claim for breach of contract.

**II.   Argument**

      a.   <u>The Independent Social Mission Board has no authority to bring claims on behalf of the Company.</u>

The Independent Social Mission Board improperly brought this action on behalf of and in the name of the Company, but this is not a derivative action. This is a breach of contract action based on three agreements, none of which give the Independent Social Mission Board the right to bring claims on behalf of the Company.

The Independent Social Mission Board is not a governing body. Because the Company is a close corporation under 11A V.S.A. § 20.02, the Independent Social Mission Board does not have the typical rights and duties of a board of directors; its rights are limited to those explicitly delegated to it under the operative agreements. *See* Shareholders Agreement § 1(a) ("[T]he Company Board shall have only those powers and functions expressly granted to it under this [Shareholders] Agreement. All other powers and functions are reserved to the Shareholder.").[2] The Independent Social Mission Board's responsibilities include "primary responsibility for preserving and enhancing the objectives of the historical social mission of the Company" "work[ing] together with the CEO to integrate Social Mission Priorities into the business of [the Company]," and "safeguarding the integrity of the essential elements of the Ben & Jerry's brand-name," Merger Agreement, §§ 6.14(e)-(f); *see also* Settlement Agreement, § 2(b), but does not include the right to commence lawsuits in the name of the Company.

Accordingly, the Independent Social Mission Board does not have the authority to bring claims on behalf of the Company. It may only sue in its own name and capacity (and, as discussed below, only under the

---

[2] The Shareholders Agreement, dated Aug. 3, 2000.

**Weil, Gotshal & Manges LLP**

December 13, 2024
Page 3

Settlement Agreement and Settlement Amendment, to which it is a party). Thus, the Complaint should be dismissed for lack of standing.

      b. <u>The Independent Social Mission Board does not have standing to bring claims under the Merger Agreement.</u>

Although the Complaint does not identify a specific provision of the Merger Agreement that it alleges the Defendants breached, the Complaint states in its first paragraph that Defendants allegedly "fail[ed] to adhere to its contractual obligations vis-à-vis the parties' Merger Agreement . . . ." Compl. ¶ 1. However, the Independent Social Mission Board is not a party to the Merger Agreement and therefore does not have standing to sue under the Merger Agreement. *See Zhang v. Schlatter*, No. 12CIV1793ALCGWG, 2013 WL 12618757, at *7 (S.D.N.Y. Mar. 13, 2013), *aff'd* 557 F. App'x 9 (2d Cir. 2014) (dismissing claim because plaintiff was not a party to the allegedly-breached agreement). The Independent Social Mission Board also cannot claim to be a third-party beneficiary to the Merger Agreement. Section 9.07 of the Merger Agreement discusses third-party beneficiaries and states, with limited exceptions, that it does not confer any rights or remedies onto third parties. Section 9.07 goes on to outline certain exceptions, which includes Section 6.14(a) regarding removal and appointment of Independent Directors, but does not extend to the provisions concerning social mission. Therefore, the Independent Social Mission Board cannot bring a claim for breach of the Merger Agreement, only the parties to that agreement may do so. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 44 (2d Cir. 2012) (affirming dismissal for lack of standing to sue for breach of an agreement to which the plaintiff was not a party).

      c. <u>The Complaint does not allege damages.</u>

Damages are "an essential element of a breach of contract claim." *Zam & Zam Super Mkt.*, 736 F. App'x 274, 279 (2d Cir. 2018); *see also Mariah Re Ltd. v. Am. Family Mut. Ins. Co.*, 52 F. Supp. 3d 601, 611 (S.D.N.Y. 2014) ("factual allegations showing damages are essential: 'In the absence of any allegations of fact showing damage, mere allegations of breach of contract are not sufficient to sustain a complaint.'") (quoting *Lexington 360 Assocs. v. First Union Nat'l Bank of N.C.*, 651 N.Y.S.2d 490, 492 (1996)). Under "Prayer for Relief," the Complaint lists two forms of relief: (1) attorneys' fees and (2) "[a]ny and all other relief that this Court deems just and proper." Compl. at 14.

But neither relief is sufficient to state a claim. There is no right to attorneys' fees in an ordinary claim for breach of contract. *U.S. Naval Inst. v. Charter Commc'ns, Inc.*, 936 F.2d 692, 698 (2d Cir. 1991) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). None of the agreements provide for attorneys' fees and the Complaint cites to no statutory authority for attorneys' fees (there are none). Accordingly, as a matter of law, attorneys' fees are not viable damages and cannot serve as the basis for a breach of contract claim. As for the Independent Social Mission Board's request for "[a]ny and all other relief," the Second Circuit has previously declined to "to read a damages claim into [a] Complaint's boilerplate prayer for 'such other relief as the Court deems just and proper.'" *Fox v. Bd. of*

**Weil, Gotshal & Manges LLP**

December 13, 2024
Page 4

*Trs. of State Univ. of N.Y.*, 42 F.3d 135, 141-42 (2d Cir. 1994); *see also Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007).

Because the Independent Social Mission Board "has failed to come forward with evidence sufficient to demonstrate damages flowing from the breach alleged," *Lexington 360*, 651 N.Y.S.2d at 492, and indeed has not pleaded *any* damages, dismissal of the breach of contract claim is warranted, *see Mariah*, 52 F. Supp. 3d at 614 (dismissing breach of contract claim for failing to show alleged breach caused damages); *Lexington 360*, 651 N.Y.S.2d at 494 (dismissing breach of contract claim where plaintiff "failed to demonstrate that it was damaged as a result of defendant's alleged failure to use its best efforts").

### III. Conclusion

For the reasons outlined above, Defendants request permission to move to dismiss the Complaint under Rule 12(b)(1) and (6) for lack of standing and failure to state a claim. If Plaintiff intends to oppose the Motion, the Defendants respectfully requests that the Court set an appropriate briefing schedule for the Motion to be fully heard.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ David J. Lender*

David J. Lender

*Attorney for Defendants Unilever PLC and Conopco, Inc.*

cc: All Counsel of Record (Via E-filing)