

SHAHMEER HALEPOTA
DIRECT 713.600.4953
MAIN 713.655.1101
FAX 713.655.0062
shalepota@azalaw.com

December 19, 2024

<u>Via ECF</u>
The Honorable Kevin P. Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> RE: *Ben & Jerry's Homemade, Inc. v. Unilever PLC and Conopco, Inc.*,
> Case No. *24-cv-8641-PKC* (S.D.N.Y.)

Dear Judge Castel,

On behalf of Plaintiff Ben & Jerry's Homemade, Inc., we write in response to Defendants' letter under Rule 3(A) to request a pre-motion conference. Plaintiff seeks leave to amend the Complaint and believes such amendment will resolve each issue identified in Defendants' letter.

## I.     Background

Notably, none of the issues identified in Defendants' letter reach the merits of Plaintiff's Complaint. As described in detail in Plaintiff's Complaint, Defendants have repeatedly stifled the ability of both Ben & Jerry's Independent Board of Directors and Ben & Jerry's employees to further the long-standing Social Mission of Ben & Jerry's, including by threatening to dismantle the Independent Board and sue individual board members should they call for "peace" and a "ceasefire" in Gaza.  Among other breaches identified in the Complaint, Defendants' muzzling stands in contrast to their contractual obligation to "[r]espect and acknowledge the Ben & Jerry's Independent Board's primary responsibility over Ben & Jerry's Social Mission and Essential Brand Integrity" and "work in good faith with the Independent Board to ensure that both are protected and furthered." Settlement Agreement at 1. Plaintiff filed suit to redress the harm to Ben & Jerry's writ large and its Independent Board of Directors caused by Defendants' breaches of the Merger Agreement, Settlement Agreement, and Settlement Amendment.

## II.     Argument

Defendants' Letter raises two grounds for dismissal—(1) a challenge to the Independent Board of Directors' ability to bring suit on behalf of its own company,[1] and (2) a challenge to Plaintiff's allegations of damages "as written." Defendants' Letter at 2. But both purported issues do not affect Plaintiff's factual allegations in the Complaint and are readily resolved through

---

[1] The third ground raised in Defendants' letter—that the Independent Board does not have standing under the Merger Agreement—is dependent on a finding that the Independent Board of Directors does not have capacity to sue on behalf of Ben & Jerry's Homemade, Inc.

amendment. Therefore, to avoid unnecessary briefing, Plaintiff respectfully responds to Defendants' arguments and requests leave to amend the Complaint.

> A. **Unilever's Interpretation Would Render the Independent Board's Clearly Delineated Rights Illusory.**

Unilever concedes that the Independent Board may bring suit on behalf of itself under the Settlement Agreement and Settlement Amendment. Defendant's Letter at 3. Unilever nevertheless argue that the Independent Board does not have standing to bring suit on behalf of its own company under the Merger Agreement. Unilever's interpretation would render the Independent Board's clearly delineated rights under the Merger Agreement meaningless. Per Section 6.14(e) the Merger Agreement, the "Company Board shall have primary responsibility" over Ben & Jerry's Social Mission and brand integrity, including authority to veto decisions by Ben & Jerry's CEO (a Unilever appointee) over a variety of areas. Moreover, Unilever is barred from preventing the Board from "fulfilling its obligations" under the Merger Agreement. Section 6.14(i).

Nevertheless, according to Unilever's interpretation of the Merger Agreement, Ben & Jerry's must seek Unilever's pre-approval before enforcing its own rights against Unilever. This interpretation should be rejected because it would render both the Independent Board's rights (as well as Unilever's parallel obligations) illusory. d*See Coventry Enterprises LLC v. Sanomedics Int'l Holdings, Inc.*, 2015 WL 4486335, at *4 (S.D.N.Y. July 23, 2015) ("New York courts avoid an interpretation that renders a contract illusory and therefore unenforceable for lack of mutual obligation and prefer to enforce a bargain where the parties have demonstrated an intent to be contractually bound.") (internal quotations omitted).

Further, any ambiguity in the Merger Agreement should be resolved in Plaintiff's favor on a motion to dismiss. *See Serdarevic v. Centex Homes, LLC*, 760 F.Supp.2d 322, 328 (S.D.N.Y. 2010) ("On a motion to dismiss, the Court . . . must resolve all ambiguities in the contract in Plaintiff's favor"). Given the Independent Board's express rights under the Merger Agreement and Unilever's corresponding duties, Unilever's challenge to standing under the Merger Agreement should be resolved in the Independent Board's favor at this stage.

> B. **Plaintiff Seeks Leave to Join the Independent Board as an Additional Plaintiff.**

Regardless of whether the Independent Board has capacity to bring suit on behalf of its own company, Defendants concede the Independent Board itself has standing to enforce both the Settlement Agreement and Settlement Amendment. Defendants' Letter at 3. Importantly, as the Settlement Agreement states, Unilever will "respect and acknowledge the Ben & Jerry's Independent Board's primary responsibility over Ben & Jerry's Social Mission and Essential Brand Integrity and agree to work in good faith with the Independent Board to ensure that both are protected and furthered." These contractual obligations match Unilever's commitments under the Merger Agreement. Because the Independent Board's claims mirror those brought by Plaintiff

and adding the entity would largely dispose of Defendants' arguments for dismissal, Plaintiff seeks leave to amend its pleading and join Ben & Jerry's Independent Board as a Plaintiff.

### C. Plaintiffs' Factual Allegations Identify Damages.

In arguing Ben & Jerry's has not pled damages for its breach of contract claim, Defendants look solely to the Complaint's Prayer for Relief and ignore the underlying factual allegations. These allegations illustrate Plaintiff's contractual damages, including the damages caused to the Ben & Jerry's brand by Defendants "stymieing Ben & Jerry's Social Mission and Brand Integrity" and "tarnishing [Ben & Jerry's] Brand Integrity." Compl. at ¶¶ 23, 38. Specifically, Defendants' actions have damaged Ben & Jerry's brand integrity by muzzling its well-known and decades-long Social Mission. Compl. ¶¶ 9-23. *See Hangzhou Silk Imp. & Exp. Corp. v. P.C.B. Int'l Indus., Inc.*, 2002 WL 2031591 at *7 (S.D.N.Y. Sept. 5, 2002) ("Under New York law, consequential damages for a breach of contract or warranty claim can include loss of goodwill, including the loss of customers, future profits, and harm to business reputation.") (citing *Toltec Fabrics, Inc. v. August Inc.*, 29 F.3d 778, 780 (2d Cir. 1994)). Additionally, Defendants have failed to disburse the requisite $2.5 million in donation funds. Compl. at ¶¶ 24-30. These factually rich allegations are sufficient. *See Evans v. Select Portfolio Servicing, Inc.*, 2020 WL 5848619 at *15 (E.D.N.Y. Sept. 30, 2020) ("A plaintiff is not obligated to show, on a motion to dismiss, that it actually sustained damages and need only plead allegations from which damages attributable to defendant's breach might be reasonably inferred."). While Plaintiff's factual allegations of damages are sufficiently detailed in the Complaint, Plaintiff seeks leave to amend its Complaint to explicitly state these damages in its Prayer for Relief.

### D. Plaintiff Seeks Leave to Plead a Claim for Declaratory Judgment.

Given the unique, continuing nature of Defendants' obligations to disburse funds to various entities (including through Ben & Jerry's Homemade, Inc. as an intermediary) and to "respect" and "further" the Independent Board's "primary responsibility" over Ben & Jerry's Social Mission and brand integrity, Plaintiff recognizes the Court may more effectively adjudicate these portions of Plaintiff's claim through a declaratory judgment action. Therefore, Plaintiff respectfully requests leave of the Court to plead a claim under the Declaratory Judgment Act related to Plaintiff's claims under Section 2(g) of the Settlement Agreement, Section 1 of the Settlement Amendment, and for future harms to the Independent Board's responsibilities under Section 6.14 of the Merger Agreement, Section 1 of the Shareholders Agreement, and Section 2(b) of the Settlement Agreement.

### E. Plaintiff Seeks Leave to Request Trial by Jury.

Finally, as a matter of course, Plaintiff intends to demand a jury on all issues so triable in this case. FED. R. CIV. PROC. 38. Plaintiff respectfully requests leave of the Court to include its request for a jury trial in its amended pleading.

December 19, 2024
Page 4

### III. Conclusion

Defendants admit their grounds to dismiss Plaintiff's Complaint are entirely directed to the Complaint "as written." Defendants' Letter at 2. None of the alleged defects is incurable. Amendment would resolve each of the purported issues identified in Defendant's letter and would allow the Parties and the Court to focus their full attention on the merits of Plaintiff's Complaint. Therefore, Plaintiff respectfully requests leave of the Court to amend its Complaint in each specific manner described above.

Sincerely,

Shahmeer Halepota