# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

*VIA ECF*

**David J. Lender**
+1 (212) 310-8153
david.lender@weil.com

February 7, 2025

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** *Ben & Jerry's Homemade, Inc. and Class I Directors of Ben & Jerry's v. Unilever PLC and Conopco, Inc.*, Case No. 24-cv-8641-PKC (S.D.N.Y.)

Dear Judge Castel:

Pursuant to Rule 3(A) of Your Honor's Individual Practices, we write on behalf of Defendants Unilever PLC ("**Unilever**") and Conopco, Inc. ("**Conopco**") to request a pre-motion conference to discuss Defendants' anticipated motion to dismiss the First Amended Complaint ("**FAC**") [ECF No. 32] for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Per Rules 1(A)(iii) and 3(A)(vi) of Your Honor's Individual Practices, a status conference is scheduled for February 28, 2025 at 10:00 AM.

## I.    Background

This action, brought by the limited Independent Board with primary responsibility for the social mission and brand integrity of Ben & Jerry's Homemade, Inc. (the "**Class I Directors**") on behalf of itself and Ben and Jerry's Homemade, Inc. (the "**Company**") against Unilever and Conopco (the sole Shareholder of the Company), was originally filed on November 14, 2024 [ECF No. 5]. Defendants filed a pre-Motion to Dismiss letter on December 13, 2024 [ECF No. 28]. In its letter response, the Class I Directors sought leave to amend the complaint [ECF No. 29], which the Court granted on December 20, 2024 [ECF No. 30]. The FAC, however, suffers from the same infirmities as the initial complaint.

The FAC was amended to include the Class I Directors as plaintiffs along with the Company (collectively, "**Plaintiffs**"), and together they allege that the Defendants (1) breached their duty under a settlement agreement, dated December 13, 2022, between Conopco, Unilever IP Holdings B.V., Unilever, the Company, and the Class I Directors ("**Settlement Agreement**") [ECF No. 32-2] to "[r]espect and acknowledge the Ben & Jerry's Independent Board's primary responsibility over Ben & Jerry's Social Mission and Essential Brand Integrity" and "work in good faith with the Independent Board to ensure that both are protected and furthered" by allegedly refusing to approve the release of certain one-sided statements related to the highly-divisive Palestinian conflict in the Middle East and highly partisan

February 7, 2025
Page 2

remarks about the Trump Administration;[1] (2) breached their obligation under the Settlement Agreement when Defendants "unreasonably withheld" consent to make donations to two organizations selected by the Chair of the Independent Board—Jewish Voice for Peace and the Council on American-Islamic Relations—that have routinely taken controversial positions on the conflict in the Middle East; and (3) "fail[ed] to abide by the quarterly reporting requirements, fail[ed] to make payments in compliance with, and unilaterally erected extracontractual hurdles" regarding the purchase of Palestinian almonds under an amendment to the Settlement Agreement between Conopco, Unilever IP Holdings B.V., Unilever, the Company, and the Class I Directors, dated August 23, 2023 ("**Settlement Amendment**") [ECF No. 32-6]. *See* FAC ¶¶ 42-54. Plaintiffs bring three causes of action against Defendants: a claim for breach of the Settlement Agreement, a related claim for declaratory judgment that Defendants breached the same agreement, and a declaratory judgment claim that Defendants must abide by the terms of the Settlement Amendment without "extracontractual barriers." FAC ¶¶ 41-54.

## II.    Argument

     a.    <u>The claims brought in the name of the Company should be dismissed because the Class I Directors have no authority to bring claims on behalf of the Company.</u>

The Class I Directors brought this action on behalf of and in the name of the Company, but this is not a derivative action. This is a breach of contract action based on the Settlement Agreement, which does not give the Class I Directors the right to bring claims on behalf of the Company.

The Class I Directors allege that they have the right to bring claims on behalf of the Company under the Settlement Agreement and the Merger Agreement. FAC ¶ 1 (alleging that Defendants "fail[ed] to adhere to its contractual obligations vis-à-vis the parties' Merger Agreement"). But neither the Settlement Agreement nor the Merger Agreement gives the Class I Directors that right.[2]

Because the Company is a close corporation under 11A V.S.A. § 20.02, the Class I Directors do not have the typical rights and duties of a board of directors; their rights are limited to those explicitly delegated to

---

[1] While the FAC contains a number of factual inaccuracies, the new allegation regarding the Inauguration Day post are particularly egregious. Plaintiffs claim in the FAC that "Peter ter Kelve [sic] unilaterally barred Ben & Jerry's from issuing the post because it specifically mentioned 'Donald Trump.'" FAC ¶ 24. The email correspondence from Mr. Ter-Kulve referred to in the FAC will show that this is untrue.

[2] It appears that Plaintiffs may have dropped their claims for breach of the Merger Agreement. To the extent that the Class I Directors are still alleging a breach of the Merger Agreement, those claims also fail. The Class I Directors are not a party to the Merger Agreement and therefore do not have standing to sue under the Merger Agreement. *See Zhang v. Schlatter*, No. 12CIV1793ALCGWG, 2013 WL 12618757, at *7 (S.D.N.Y. Mar. 13, 2013), *aff'd* 557 F. App'x 9 (2d Cir. 2014) (dismissing claim because plaintiff was not a party to the allegedly breached agreement); *Palm Beach Strategic Income, LP v. Salzman*, 457

**Weil, Gotshal & Manges LLP**

February 7, 2025
Page 3

them under the operative agreements. *See* Merger Agreement §§ 6.14(b)-(j) (outlining the responsibilities of the Company Board and Conopco); Shareholders Agreement § 1(a) ("[T]he Company Board shall have only those powers and functions expressly granted to it under this [Shareholders] Agreement. All other powers and functions are reserved to the Shareholder."). The rights are highly limited. The Class I Directors only have "primary responsibility for preserving and enhancing the objectives of the historical social mission of the Company," "work[ing] together with the CEO to integrate Social Mission Priorities into the business of [the Company]," and "safeguarding the integrity of the essential elements of the Ben & Jerry's brand-name," Merger Agreement, §§ 6.12(f), 6.14(e)-(f); *see also* Settlement Agreement, § 2(b). The Class I Directors have no right or responsibility over operations or to commence lawsuits in the name of the Company; only the Shareholder does.

Accordingly, the Class I Directors may ***only*** sue in their own name and capacity, and, as discussed *supra* n.2, ***only*** under the Settlement Agreement to which they are party.[3] Thus, any claims brought in the name of the Company should be dismissed.

> b. The FAC fails to state a breach of contract claim.

Under "Prayer for Relief," the FAC lists four forms of relief: (1) "[a]ctual, direct, indirect, unjust enrichment, incidental, consequential, and nominal damages"; (2) "[d]eclaratory relief"; (3) "attorney's fees and costs"; and (4) "[a]ny and all other relief that this Court deems just and proper." FAC at 18.

Damages are "an essential element of a breach of contract claim." *Zam & Zam Super Mkt. v. Ignire Payments, LLC,* 736 F. App'x 274, 279 (2d Cir. 2018) (summary order); *see also Mariah Re Ltd. v. Am. Family Mut. Ins. Co.*, 52 F. Supp. 3d 601, 611 (S.D.N.Y. 2014) ("factual allegations showing damages are essential: 'In the absence of any allegations of fact showing damage, mere allegations of breach of contract are not sufficient to sustain a complaint.'" (quoting *Lexington 360 Assocs. v. First Union Nat'l Bank of N.C.*, 234 A.D. 187, 189-90 (1st Dept.1996))). Plaintiffs' list of the types of damages it seeks to recover, without more, is woefully deficient. *See Gordon v. Dino De Laurentiis Corp.*, 141 A.D.2d 435, 436 (1st Dept. 1988) (dismissing a complaint that "contain[ed] only boilerplate allegations of damage"); *J&L Am. Enters., Ltd v. DSA Direct, LLC*, 10 Misc.3d 1076(A) (Sup. Ct. N.Y. Co, Jan. 27, 2006) ("All of the elements of the cause of action [for breach of contract] must be properly pleaded with specificity in order to avoid dismissal."). Here, the Class I Directors do not have damages because Unilever purportedly didn't allow them to issue one-sided, partisan statements, and none are provided for in the Amended

---

F. App'x 40, 44 (2d Cir. 2012) (affirming dismissal for lack of standing to sue for breach of an agreement to which the plaintiff was not a party).

[3] None of the agreements—the Settlement Agreement, the Settlement Amendment, nor the Merger Agreement—grant the Class I Directors third-party beneficiary rights. Indeed, the Merger Agreement expressly disclaims third-party beneficiaries, with limited exceptions that do not apply to the Company's social mission. *See* Merger Agreement § 9.

**Weil, Gotshal & Manges LLP**

February 7, 2025
Page 4

Complaint. They also do not have damages based on Unilever's failure to make payments to certain controversial organizations selected by the Class I Directors. The Class I Directors are not the ones who are alleged to not have received the payments, the organizations are.

Plaintiffs' other alleged damages cannot save its claim. There is no right to attorneys' fees in an ordinary claim for breach of contract. *U.S. Naval Inst. v. Charter Commc'ns, Inc.*, 936 F.2d 692, 698 (2d Cir. 1991) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). None of the agreements provide for attorneys' fees and the FAC cites to no statutory authority for attorneys' fees. Accordingly, as a matter of law, attorneys' fees do not constitute viable damages and cannot serve as the basis for a breach of contract claim. As for the request for "[a]ny and all other relief," the Second Circuit has previously declined to "to read a damages claim into [a] Complaint's boilerplate prayer for 'such other relief as the Court deems just and proper.'" *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 141-42 (2d Cir. 1994); *see also Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007).

     c.   <u>Declaratory relief is duplicative of the breach of contract claim.</u>

If Plaintiffs' claim for a breach of contract survives a motion to dismiss, Plaintiffs' first claim for declaratory relief must be dismissed as duplicative.

Courts must consider "whether the [declaratory] judgment will serve a useful purpose in clarifying or settling the legal issues involved" in a case. *See Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005). Courts "frequently find that a declaratory judgment will not serve [that] useful purpose when the [declaratory judgment] claim is duplicative of another claim in the same action." *Tang Cap. Partners, LP. v. BRC Inc.*, 661 F. Supp. 3d 48, 77 (S.D.N.Y. 2023). Where, as is the case here, a declaratory judgment claim "will resolve the same issues," as the breach of contract claim, *see Jujamcyn Theaters LLC v. Fed. Ins. Co.*, 659 F. Supp. 3d 372, 382 (S.D.N.Y. 2023), or the court's resolution of the breach of contract claim will "necessarily settle the issues for which the declaratory judgment is sought," *City of Perry, Iowa v. Procter & Gamble Co.*, 188 F. Supp. 3d 276, 286 (S.D.N.Y. 2016); *see also Upfront Megatainment, Inc. v. Thiam*, 215 A.D.3d 576, 578 (1st Dept. 2023), the declaratory judgment claim should be dismissed as duplicative.

Plaintiffs' breach of contract claim and first claim for declaratory relief both seek to address the exact same issues under the exact same agreement. Therefore, the claims are duplicative of each other and the declaratory judgment claim should be dismissed if Plaintiffs are permitted to continue to press their breach of contract claim.

     d.   <u>There is no ripe controversy regarding payments to Canaan Fair Trade.</u>

Plaintiffs' second claim for declaratory judgment should be dismissed because there is no ripe controversy between the parties. Plaintiffs allege that "Unilever has failed to adhere to its contractual obligations regarding disbursements to Canaan Fair Trade and failing to send quarterly confirmation reports to the

Independent Board." FAC ¶ 52. This is simply untrue. As the Class I Directors are well aware, Defendants have made all the required payments to Canaan Fair Trade and have provided them with confirmation of such payments. Despite receiving documents confirming Defendants' 2024 payments to Canaan Fair Trade, Plaintiffs retained this claim in their Amended Complaint. Failure to attach or refer to this evidence in its Amended Complaint cannot save this claim. *See I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co., Inc.*, 936 F.2d 759, 762 (2d Cir. 1991) (on a motion to dismiss, the court "decline[d] to close [its] eyes to the contents" of a document that was not attached to or referenced in the complaint because the document was "integral" to the complaint (collecting cases)); *see also Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir. 2001); *Bank of New York Mellon Tr. Co. v. Morgan Stanley Mortg. Cap., Inc.*, No. 11CIV0505CMFM, 2011 WL 2610661, at *3 (S.D.N.Y. June 27, 2011) ("In deciding a motion to dismiss, this Court may consider the full text of . . . documents that the plaintiff either possessed or knew about and relied upon in bringing the suit."); 5 C. Wright & A. Miller, Federal Practice & Procedure § 1327, at 489 & n. 15 (when "plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading"). Indeed, the Class I Directors concede as much by not asserting a claim for breach of the Settlement Amendment.

And there is no allegation of future noncompliance by the Defendants. "The 'justiciable controversy' upon which a declaratory judgment may be rendered requires . . . that the controversy involve present, rather than hypothetical, contingent or remote, prejudice to plaintiffs." *In re Shepherd*, 103 A.D.3d 901, 903-04 (2d Dept. 2013) (citation omitted). As "there is no justiciable controversy upon which the court may properly render a declaratory judgment"—because Defendants are in full compliance with the Settlement Amendment—the "dispute is not ripe for judicial review." *Ashley Builders Corp. v. Town of Brookhaven*, 39 A.D.3d 442, 443 (2d Dept. 2007).

## III.    Conclusion

For the reasons outlined above, Defendants request permission to move to dismiss the FAC under Rule 12(b)(1) and (6). If Plaintiffs intend to oppose the Motion, the Defendants respectfully request that the Court set an appropriate briefing schedule for the Motion to be fully heard.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ David J. Lender*

David J. Lender

*Attorney for Defendants Unilever PLC and Conopco, Inc.*

cc:  All Counsel of Record (Via E-filing)