# EXHIBIT D

# SECOND AMENDED AND RESTATED BYLAWS

**of**

**BEN & JERRY'S HOMEMADE, INC.**

**Effective December 12, 2025**

## TABLE OF CONTENTS

Page

**ARTICLE 1**

**Offices**

| | | |
|---|---|---|
| Section 1.1. | **Principal Office** | 1 |
| Section 1.2. | **Other Offices** | 1 |

**ARTICLE 2**

**Shareholder**

| | | |
|---|---|---|
| Section 2.1. | **Shareholders Agreement** | 1 |

**ARTICLE 3**

**Board of Directors**

| | | |
|---|---|---|
| Section 3.1. | **Powers; Committees** | 1 |
| Section 3.2. | **Number, Qualifications and Tenure** | 1 |
| Section 3.3. | **Meetings** | 2 |
| Section 3.4. | **Notice** | 2 |
| Section 3.5. | **Quorum** | 2 |
| Section 3.6. | **Manner of Acting** | 2 |
| Section 3.7. | **Removal of Directors; Vacancies** | 2 |
| Section 3.8. | **Chairperson of the Board of Directors** | 3 |
| Section 3.9. | **Confidentiality** | 3 |

**ARTICLE 4**

**Officers**

| | | |
|---|---|---|
| Section 4.1. | **Officers** | 3 |
| Section 4.2. | **Election and Term of Office** | 4 |
| Section 4.3. | **CEO** | 4 |
| Section 4.4. | **Vice Presidents** | 4 |
| Section 4.5. | **Secretary** | 4 |
| Section 4.6. | **Treasurer** | 5 |
| Section 4.7. | **Assistant Secretaries and Assistant Treasurers** | 5 |

**ARTICLE 5**

**Contracts, Loans, Checks and Deposits**

| | | |
|---|---|---|
| Section 5.1. | **Contracts** | 5 |

Section 5.2. **Loans** .......... 5
Section 5.3. **Checks, Drafts, etc** .......... 5
Section 5.4. **Deposits** .......... 5

**ARTICLE 6**

**Indemnification of Directors, Officers, Etc.**

Section 6.1. **Definitions** .......... 5
Section 6.2. **Authority to Indemnify** .......... 6
Section 6.3. **Mandatory Indemnification** .......... 7
Section 6.4. **Advance for Expenses** .......... 7
Section 6.5. **Determination and Authorization of Indemnification** .......... 8
Section 6.6. **Indemnification of Officers, Employees and Agents** .......... 8
Section 6.7. **Non-Exclusivity** .......... 8
Section 6.8. **Insurance** .......... 9

**ARTICLE 7**

**Miscellaneous**

Section 7.1. **Fiscal Year** .......... 9
Section 7.2. **Dividends** .......... 9
Section 7.3. **Seal** .......... 9
Section 7.4. **Notice** .......... 9
Section 7.5. **Amendment of Bylaws** .......... 9

**SECOND AMENDED AND RESTATED**

**BYLAWS OF**

**BEN & JERRY'S HOMEMADE, INC.**

**ARTICLE 1**

**Offices**

Section 1.1. **Principal Office**. The corporation's principal office shall be located at 530 Community Drive, South Burlington, Vermont, or at such other place as may be designated from time to time by the sole shareholder of the corporation (the "Shareholder").

Section 1.2. **Other Offices**. The corporation may have such other offices, either within or without the State of Vermont, as the Shareholder may designate or as the business of the corporation may require from time to time.

**ARTICLE 2**

**Shareholder**

Section 2.1. **Shareholders Agreement**. Except as specifically set forth in a Shareholders Agreement entered into by and between the corporation and the Shareholder, dated as of August 3, 2000 (as amended from time to time, the "Shareholders Agreement"), all corporate powers shall be exercised by or under the authority of the Shareholder.

**ARTICLE 3**

**Board of Directors**

Section 3.1. **Powers; Committees**. The Board of Directors shall only have such corporate powers as are expressly provided to it in the Shareholders Agreement. The Board of Directors shall have such committees, with such powers and responsibilities as are set forth in the Shareholders Agreement. The membership of such committees shall also be determined in accordance with the Shareholders Agreement.

Section 3.2. **Number, Qualifications and Tenure**. The directors of the corporation shall be appointed in accordance with the terms of the Articles of Incorporation. To qualify for election as a director, and to remain eligible to continue serving as a director, a person must annually (1) certify in writing to the corporation that he or she shall abide by the then current The Magnum Ice Cream Company Code of Business Integrity, and thereafter comply with such code; (2) not have been convicted of a felony or misdemeanor involving moral turpitude, or become bankrupt or have made any composition or entered into any deed or similar arrangement with creditors; (3) not have engaged in any fraud, dishonesty, or other misconduct that (i) brings or is likely to bring such person, the corporation, the Shareholder or any of their respective affiliates into disrepute or (ii) is or is likely to be materially adverse to the interests of the corporation, the Shareholder, or any of their respective affiliates; (4) not have failed to perform such person's

duties as a director competently or otherwise have demonstrated any serious or persistent neglect in the discharge of such person's duties as a director; and (5) not have been prohibited by law from being a director. Any violations of Unilever's Code of Business Principles shall be considered and relied upon in making decisions regarding a director's eligibility. No ineligible director shall be permitted at any time to serve on the Board. Each term for a director shall be one year, and no director shall serve more than nine (9) terms on the Board. For the avoidance of doubt, any service by a director prior to the effective date of these Amended and Restated Bylaws shall be applied to such term limit.

Section 3.3. **Meetings**. Quarterly meetings of the Board of Directors shall be held at such times as may be scheduled by the Board of Directors, by resolution adopted not less than thirty days in advance of such quarterly meeting. Special or interim meetings of the Board of Directors may only be called by the CEO or two or more members of the Board of Directors, which members shall include at least one Class I director and at least one Class U director, in each case as defined in the Articles of Incorporation. Three of the four quarterly meetings (and all special or interim meetings) shall be conducted virtually and shall last no more than four (4) hours, unless the CEO and Chair of the Board mutually agree to another format and location. The in-person quarterly meeting shall occur in Vermont or at another location near a Ben & Jerry's or The Magnum Ice Cream Company office or factory and shall last no longer than one day. Training on the then current The Magnum Ice Cream Company Code of Business Integrity shall occur annually at that meeting.

Section 3.4. **Notice**. Without limiting Section 3.3, each meeting of the Board of Directors must be preceded by at least five business days' notice specifying (A) the date, time and place of such meeting and (B) the purpose of, and the business to be transacted at, such meeting in reasonable detail, including the form of any resolutions to be considered for adoption at such meeting. Such notice shall also be required for any adjournments of a meeting. The failure to provide such notice may be waived by the unanimous approval of the Board of Directors present at a meeting so long as at least one director of each Class of directors attends such meeting. Such approval shall not be withheld unreasonably.

Section 3.5. **Quorum**. A majority of the number of directors appointed in accordance with Section 3.2 of these bylaws shall constitute a quorum for the transaction of business at any meeting of the Board of Directors, provided that a quorum shall require the presence of at least one Class I director and at least one U director, or if there are no eligible Class I directors then at least one Class U director. If such a quorum is not present at a meeting, a majority of the directors present may adjourn the meeting from time to time.

Section 3.6. **Manner of Acting**. Action of the Board of Directors shall require the affirmative vote of all directors present at a meeting at which a quorum is present, except as otherwise expressly set forth in Section 1(f) of the Shareholders Agreement. Any action consented to in writing by each and every director shall be as valid as if adopted by the Board of Directors at a duly-held meeting thereof, provided that such written consents are inserted in the minute book. Actions taken by written consent are effective when the last director signs the consent, unless the consent specifies a different effective date.

Section 3.7. **Removal of Directors; Vacancies.** One or more directors can be removed in the manner set forth in the Articles of Incorporation. Vacancies shall be filled

in the manner set forth in the Shareholders Agreement or Articles of Incorporation. No ineligible director shall be permitted to serve on the Board, shall be removed immediately, and shall not be eligible for reinstatement or reelection.

Section 3.8. **Chairperson of the Board of Directors.** The Board of Directors may hereafter establish a Chairperson of the Board of Directors (the "Chairperson"). If so established, the Chairperson shall (1) be appointed annually, by action of the Board of Directors, to serve a one-year term and (2) have such administrative responsibilities as are assigned to the Chairperson by action of the Board of Directors.

Section 3.9. **Confidentiality.** Pursuant to directors' fiduciary duties, all directors are required to protect and hold confidential all non-public information obtained due to their directorship position. Accordingly,

(1) no director shall use Confidential Information for their own personal benefit or to benefit persons or entities outside the corporation; and

(2) no director shall disclose Confidential Information to anyone outside the corporation, either during or after their respective service as a director, except with express authorization from the Shareholder or as otherwise may be required by law following, to the extent legally permissible, advance notice to the Shareholder that such a disclosure is required.

"Confidential Information" is all non-public information entrusted to or obtained by a director by reason of his or her position as a director of the corporation. It includes, but is not limited to, non-public information that might be of use to competitors or harmful to the corporation or its affiliates if disclosed, such as:

- information about the corporation's or its affiliates' financial condition, prospects or plans, marketing and sales programs and research and development activities;
- information about current or former personnel, including evaluation, performance and compensation;
- information concerning possible transactions with other companies or information about the corporation's or its affiliates' customers, suppliers or joint venture partners; and
- information about discussions and deliberations relating to business issues and decisions, between and among employees, officers and directors of the corporation and its affiliates.

## ARTICLE 4

## Officers

Section 4.1. **Officers**. The officers of the corporation shall be a chief executive officer (the "CEO"), a secretary, a treasurer and such other and such vice presidents,

assistant secretaries, assistant treasurers, managers and department directors as the Shareholder may determine, each of whom shall be elected by the Shareholder. If appointed by the Shareholder, persons having the following titles also shall be officers of the corporation: Senior Director of Operations, Senior Director of Marketing and Sales, Director of Manufacturing, Director of Manufacturing Development, Director of Sales, Director of Retail Operations, Director of Marketing, Manager of Treasury Operations, Director of Quality, Director of Human Resources, and Director of Social Mission. Any two or more offices may be held by the same person, except the offices of CEO and secretary.

Section 4.2. **Election and Term of Office**. The officers of the corporation shall be elected and removed by the Shareholder, in its sole and absolute discretion.

Section 4.3. **CEO**. The CEO shall be the chief executive officer of the corporation and, subject to the control of the Shareholder, shall in general supervise and control all of the business and affairs of the corporation. The CEO shall specifically have the powers set forth in or pursuant to a delegation in accordance with the Shareholders Agreement. In order to facilitate the efficient management and operation of the corporation, the CEO will be the point of contact for the Board of Directors in all matters relating to the corporation, with the CEO coordinating with other officers and employees of the corporation as necessary or appropriate. For the avoidance of doubt, the CEO and the other officers and employees of the corporation are subject to the control of the Shareholder, and not the Board of Directors, except as expressly provided for in Section 1(f) of the Shareholders Agreement.

Section 4.4. **Vice Presidents**. If any vice president is appointed, in the absence of the CEO or in the event of his or her death, inability, or refusal to act, the vice president (or in the event there be more than one vice president, the vice presidents in the order designated at the time of their election, or in the absence of such designation, then in order of their election) shall perform the duties of the CEO, and when so acting, shall have all the powers of, and be subject to all the restrictions upon, the CEO. If there is no CEO or vice president, then under such circumstances the treasurer shall perform such duties of the CEO. Any vice president may sign, with the secretary or an assistant secretary, certificates for shares of the corporation and shall perform such other duties as from time to time may be assigned to him or her by the CEO or by the Shareholder.

Section 4.5. **Secretary**. The secretary, in addition to statutory duties, shall keep the minutes of the Board of Directors' meetings in one or more books provided for that purpose; shall see that all notices are duly given in accordance with the provisions of these bylaws or as required by law; shall be custodian of the corporate records and of the seal of the corporation and see that the seal of the corporation is affixed to all documents the execution of which on behalf of the corporation under its seal is duly authorized; shall keep a register of the post office address of each shareholder which shall be furnished to the secretary by such shareholder; shall sign with the CEO, or a vice president, certificates for shares of the corporation the issuance of which shall have been authorized by the Shareholder; shall have general charge of the stock transfer books of the corporation; and in general shall perform all duties incident to the office of secretary and such other duties as from time to time may be assigned to him or her by the CEO or by the Shareholder.

Section 4.6. **Treasurer**. The treasurer shall have charge and custody of and be responsible for all funds and securities of the corporation; shall receive and give receipts for moneys due and payable to the corporation from any source whatsoever, and deposit all such moneys in the name of the corporation in such banks, trust companies, or other depositories as shall be selected in accordance with the provisions of Article 5 of these bylaws; and in general shall perform all of the duties incident to the office of treasurer and such other duties as from time to time may be assigned to him or her by the CEO or by the Shareholder. If so required by the Shareholder, the treasurer shall give a bond for the faithful discharge of his or her duties, in such sum and with such surety or sureties as the Shareholder shall determine.

Section 4.7. **Assistant Secretaries and Assistant Treasurers**. The assistant secretaries, when authorized by the Shareholder, may sign with the CEO certificates for shares of the corporation the issuance of which shall have been authorized by a resolution the Shareholder. The assistant secretaries and assistant treasurers, in general, shall perform such duties as shall be assigned to them by the secretary or the treasurer, respectively, or by the CEO or the Shareholder. If so required by the Shareholder, the assistant treasurers shall respectively give bonds for the faithful discharge of their duties, in such sums and with such sureties as the Shareholder shall determine.

## ARTICLE 5

## Contracts, Loans, Checks and Deposits

Section 5.1. **Contracts**. The Shareholder may authorize any officer or officers, agent, or agents, to enter into any contract or execute and deliver any instrument in the name of and on behalf of the corporation, and such authority may be general or confined to specific instances.

Section 5.2. **Loans**. No loans shall be contracted on behalf of the corporation and no evidences of indebtedness shall be issued in its name unless authorized by the Shareholder. Such authority may be general or confined to specific instances.

Section 5.3. **Checks, Drafts, etc.** All checks, drafts, or other orders for the payment of money, notes, or other evidences of indebtedness issued in the name of the corporation, shall be signed by such officer or officers, agent or agents of the corporation and in such manner as shall from time to time be determined by Shareholder.

Section 5.4. **Deposits**. All funds of the corporation not otherwise employed shall be deposited from time to time to the credit of the corporation in such banks, trust companies, or other depositories as the Shareholder may select.

## ARTICLE 6

## Indemnification of Directors, Officers, Etc.

Section 6.1. **Definitions**. For purposes of this Article 6, the following definitions shall apply:

(1) "Director" means an individual who is or was a director of the

corporation or an individual who, while a director of the corporation, is or was serving at the corporation's request as a director, officer, partner, trustee, employee, or agent of another foreign or domestic corporation, partnership, joint venture, trust, employee benefit plan or other enterprise. A director is considered to be serving an employee benefit plan at the corporation's request if the director's duties to the corporation also impose duties on, or otherwise involve services by, the director to the plan or to participants in or beneficiaries of the plan. Director includes, unless the context requires otherwise, the estate or personal representative of a director.

(2) "Expenses" mean the reasonable costs incurred in connection with a Proceeding (as defined below), including reasonable attorneys' fees.

(3) "Liability" means the obligation to pay a judgment, settlement, penalty, fine (including an excise tax assessed with respect to an employee benefit plan), or reasonable expenses incurred with respect to a Proceeding.

(4) "Official Capacity" means:

(a) when used with respect to a Director, the office of director in a corporation; and

(b) when used with respect to an individual other than a Director, as contemplated in Section 6.6, the office in the corporation held by the officer or the employment or agency relationship undertaken by the employee or agent on behalf of the corporation. Official Capacity does not include service for any other foreign or domestic corporation or any partnership, joint venture, trust employee benefit plan, or other enterprise.

(5) "Party" includes an individual who was, is, or is threatened to be made a named defendant or respondent in a Proceeding.

(6) "Proceeding" means any threatened, pending, or completed action, suit or proceeding, whether civil, criminal, administrative, or investigative and whether formal or informal.

(7) "Special Legal Counsel" means counsel that has never been an employee of the corporation and who has not, and whose firm has not, performed legal services for the corporation pertaining to the matter for which indemnification is sought for a period of at least two years before retention as special counsel.

Section 6.2. **Authority to Indemnify**. (A) Except as provided in Subsection (D) of this Section 6.2, the corporation shall have power to indemnify an individual made a Party to a Proceeding because the individual is or was a Director against Liability incurred in the Proceeding if:

(1) the Director conducted himself or herself in good faith; and
(2) the Director reasonably believed:

(a) in the case of conduct in the Director's Official Capacity with the corporation, that the Director's conduct was in the Shareholder's or corporation's

best interests, and consistent with the then current The Magnum Ice Cream Company Code of Business Integrity; and

(b) in all other cases, that the Director's conduct was at least not opposed to the Shareholder's or corporation's best interests or the then current ; and

(3) in the case of any Proceeding brought by a governmental entity, the Director had no reasonable cause to believe his or her conduct was unlawful, and the Director is not finally found to have engaged in a reckless or intentional unlawful act.

(B) A Director's conduct with respect to an employee benefit plan for a purpose the Director reasonably believed to be in the interests of the participants in and beneficiaries of the plan is conduct that satisfies the requirement of Subsection (A)(2)(b) of this Section 6.2.

(C) The termination of a Proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent is not, of itself, determinative that the Director did not meet the standard of conduct described in Subsection (A) of this Section 6.2.

(D) The corporation may not indemnify a Director under this Section 6.2:

(1) in connection with a Proceeding by or in the right of the corporation in which the Director was adjudged liable to the corporation;

(2) in connection with any other Proceeding charging improper personal benefit to the Director, whether or not involving action in the Director's Official Capacity in which the Director was adjudged liable on the basis that personal benefit was improperly received by the Director; or

(3) if the director is not compliant with, or qualified as a director under these bylaws.

(E) Indemnification permitted under this Section 6.2 in connection with a Proceeding by or in the right of the corporation is limited to reasonable expenses incurred in connection with the Proceeding.

Section 6.3. **Mandatory Indemnification**. The corporation shall indemnify a Director who was wholly successful, on the merits or otherwise, in the defense of any Proceeding to which the director was a Party because the Director is or was a Director of the corporation against reasonable expenses incurred by the director in connection with the Proceeding.

Section 6.4. **Advance for Expenses**. (A) The corporation shall have power to pay for or reimburse the reasonable expenses incurred by a Director who is a Party to a Proceeding in advance of final disposition of the Proceeding if:

(1) the Director furnishes the corporation a written affirmation of his or her good faith belief that the Director has met the standard of conduct described in Section 6.2;

(2) the Director furnishes the corporation a written undertaking, executed personally or on the Director's behalf, to repay the advance if it is ultimately determined that the Director did not meet the standard of conduct; and

(3) a determination is made that the facts then known to those making the determination would not preclude indemnification under this Article 6.

(B) The undertaking required by Subsection (A)(2) of this Section 6.4 must be an unlimited general obligation of the Director, but need not be secured and may be accepted by the corporation without reference to financial ability to make repayment.

(C) Determinations and authorizations of payments under this Section 6.4 shall be made in the manner specified in Section 6.5.

Section 6.5. **Determination and Authorization of Indemnification**. (A) Except as provided in Section 6.4, the corporation may not indemnify a Director under this Article 6 prior to the final resolution of a Proceeding, whether by judgment, order, settlement, conviction, plea or otherwise, and unless authorized in the specific case after a determination has been made that indemnification of the Director is permissible in the circumstances because the Director has met the standard of conduct set forth in Section 6.2.

(B) The determination required by Subsection (A) of this Section 6.5, in accordance with the terms of Section 6.2, shall be made (1) by written opinion of Special Legal Counsel selected by the Shareholder; or (2) by the Shareholder.

(C) Authorization of indemnification and evaluation as to reasonableness of expenses shall be made in the same manner as the determination that indemnification is permissible, except that if the determination is made by Special Legal Counsel, authorization of indemnification and evaluation as to reasonableness of expenses shall be made by those entitled under Subsection (B)(2) of this Section 6.5 to select counsel.

Section 6.6. **Indemnification of Officers, Employees and Agents**. (A) An officer of the corporation who is not a Director, and including as officers those persons described in Section 4.1, is entitled to mandatory indemnification under Section 6.3, is entitled to indemnification to the maximum extent permitted under Section 6.2 and is entitled to apply for court-ordered indemnification under the Vermont Business Corporation Act, in each case as if such officer were a Director;

(B) The corporation shall indemnify and advance expenses under this Article 6 to an officer of the corporation who is not a Director to the maximum extent permitted under this Article 6 for a Director and may indemnify and advance expenses under this Article 6 to an employee or agent of the corporation who is not a Director or an officer (as provided in Subsection (A) of this Section 6.6) to the maximum extent permitted under this Article 6 for a Director.

Section 6.7. **Non-Exclusivity**. The indemnification provided by this Article 6 shall not be deemed exclusive of any other rights to which those seeking indemnification may be entitled under any agreement, vote of shareholders or disinterested directors or otherwise, both as to action in his Official Capacity and as to action in another capacity

while holding such office, and shall continue as to a person who has ceased to be a Director, officer, employee or agent and shall inure to the benefit of the heirs, executors and administrators of such person.

Section 6.8. **Insurance**. The corporation shall have power to purchase and maintain insurance on behalf of any person who is or was a Director, officer, employee or agent of the corporation, or who, while a Director, officer or employee of the corporation, is or was serving at the request of the corporation as director, officer, partner, trustee, employee or agent of another foreign or domestic corporation, partnership, joint venture, trust, employee benefit plan or other enterprise, against liability asserted against or incurred by him or her in that capacity or arising out of his or her status as such director, officer, employee or agent, whether or not the corporation would have power to indemnify him or her against such liability under the provisions of Sections 6.2 and 6.3 or otherwise under the provisions of the Vermont Business Corporation Act.

## ARTICLE 7

## Miscellaneous

Section 7.1. **Fiscal Year**. The fiscal year of the corporation shall be as determined by the Shareholder.

Section 7.2. **Dividends**. The Shareholder may from time to time declare, and the corporation may pay, dividends on its outstanding shares or otherwise make distributions in the manner and upon the terms and conditions provided by law and its Articles of Incorporation.

Section 7.3. **Seal**. The Shareholder shall provide a corporate seal which shall be circular in form and shall have inscribed thereon the name of the corporation, the state of incorporation and the words “Corporate Seal.”

Section 7.4. **Notice**. Any notice required by these bylaws must be in writing.

Section 7.5. **Amendment of Bylaws**. These bylaws may be altered, amended, or repealed and new bylaws may be only adopted by the Shareholder.