UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BEN & JERRY'S HOMEMADE, INC. and
CLASS I DIRECTORS OF BEN & JERRY'S
INDEPENDENT BOARD,

                    Plaintiffs,

                                              24-cv-8641 (PKC)

          -against-                          ORDER

CONOPCO, INC. and UNILEVER PLC,

                    Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

      Plaintiffs move for leave to file a Third Amended Complaint to add allegations about recent events that culminated in defendants' allegedly pretextual removal of all "Class I" directors of the Independent Board charged with maintaining the "brand integrity" and social mission of plaintiff Ben & Jerry's Homemade, Inc.  The amended pleading would also include new allegations about defendants' refusal to fund the operations of proposed intervenor Ben & Jerry's Foundation, Inc. (the "Foundation"), which plaintiffs assert constitutes a breach of defendants' contractual obligations.  The amendment would name as new defendants The Magnum Ice Cream Company N.V. ("Magnum") and Ben & Jerry's HoldCo, LLC ("HoldCo"),[1] and add as plaintiffs the Foundation and two additional independent directors.  The motion will be granted.

---

[1] The Proposed Third Amended Complaint (the "PTAC") (ECF 72-2) states that on December 6, 2025, Magnum "demerged" from Unilever.  (PTAC ¶ 109.)  As result of the demerger, HoldCo now "stands in Conopco's shoes with respect to the Merger Agreement."  (PTAC ¶ 13.)

The briefs submitted by both sides apply the permissive amendment standard of Rule 15, Fed. R. Civ. P.  But an Order entered on February 19, 2025 limited plaintiffs' time to amend the operative complaint to 21 days from the filing of defendants' anticipated motion to dismiss, citing Rule 16(b)(3)(A), Fed. R. Civ. P.  (ECF 36 at 2.)  Defendants filed that motion on April 25, 2025.  (ECF 56.)  The motion to amend must therefore satisfy Rule 16(b)(4), which states that "[a] schedule may be modified only for good cause and with the judge's consent."  The "good cause" requirement overrides the amendment standard of Rule 15.  See Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000) ("We now join these courts in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."); Sacerdote v. New York University, 9 F.4th 95, 115 (2d Cir. 2021) ("The period of 'liberal' amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted.").

The Court concludes that plaintiffs have met the stricter "good cause" standard of Rule 16(b)(4).  "[A] finding of 'good cause' depends on the diligence of the moving party." Parker, 204 F.3d at 340.  Diligence is not the only consideration and prejudice to the opposing party is also a relevant consideration.  Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007).  Kassner emphasized a district court's "broad discretion concerning the pleadings . . . ." Id. at 245.

On December 17, 2025, plaintiffs filed a letter-motion seeking leave to file a motion to amend, reporting that on December 15, 2025, defendants effected the "unilateral, unauthorized removal of multiple independent directors . . . ."  (ECF 64.)  The PTAC alleges that this removal followed a mid-litigation "pretextual audit" of the Foundation and defendants'

abrupt adoption of new corporate-governance policies that improperly halted funding to the Foundation.  (PTAC ¶¶ 66-124.)  The PTAC adds claims asserting that defendants breached a merger agreement entered into by Ben & Jerry's and Unilever in 2000 and expands upon existing claims asserting that defendants breached the parties' settlement agreement of December 2022.  (PTAC ¶¶ 125-86.)  It would add new claims of unjust enrichment and the breach of covenant of good faith and fair dealing, which are pleaded in the alternative.  (PTAC ¶¶ 187-97.)

The Court concludes that plaintiffs have satisfied the good cause standard of Rule 16(b)(4).  Plaintiffs acted diligently in seeking leave to move to amend two days after the independent directors were allegedly wrongfully removed.  Their new allegations have a close factual nexus to the operative pleading and relate to defendants' alleged breaches of defendants' contractual obligations governing Ben & Jerry's independence and philanthropy.  To the extent that defendants principally rely on the futility prong considered on a Rule 15 motion and challenge the ultimate merits of plaintiffs' claims, those arguments are better decided in a Rule 12(b)(6) motion or at some later juncture.[2]  The motion to amend will therefore be granted.

The Foundation seeks to intervene as of right or, alternatively, as a matter of permissive intervention.  Rules 24(a)(2), 24(b)(1)(B), Fed. R. Civ. P.  The Court concludes that the Foundation has made out the showing required to grant permissive intervention because it seeks to bring a claim "that shares with the main action a common question of fact."  Rule 24(b)(1)(B).  No party contends that permitting intervention would "unduly delay or prejudice" adjudication of its rights.  Rule 24(b)(3).  The Foundation has an interest in the outcome of this

---

[2] For example, defendants argue that recent developments stem from the "demerger" of Magnum and HoldCo from Unilever and Conopco, and a resulting need to comply with corporate governance codes of the Netherlands and United Kingdom; that plaintiffs have not satisfied Magnum's concerns about the Foundation's proposed annual payments to a Palestinian almond collective; and that Magnum has "broad discretion" to halt the Foundation's funding.  (Opp. Mem. at 2-3, 9.)  Defendants also argue that amendment should be denied because the Foundation regularly makes grants to organizations in which its trustees also hold senior positions.  (Id. at 7.)

action, and while its interests would likely be represented by the other parties to the case, the

Foundation's participation seems likely to contribute to the full development of the underlying

factual issues and the just and equitable adjudication of the legal questions presented.  See

Extenet Sys., LLC. v. Village of Kings Point, 2023 WL 4044076, at *1 (2d Cir. June 16, 2023)

(summary order); see also Hum. Servs. Council of New York v. City of New York, 2022 WL

4585815, at *4 (S.D.N.Y. Sept. 29, 2022) (whether intervenor's interests are adequately

represented by an existing party "is clearly a minor factor at most.") (Gardephe, J.).

      The amended pleading will be required to properly allege the citizenship of

defendant Ben & Jerry's HoldCo LLC, whose membership is not alleged in the PTAC.  The

PTAC describes HoldCo as a limited liability company formed under Delaware law with a

registered office in Delaware and alleges upon information and belief that HoldCo is a wholly

owned subsidiary of Magnum.  (PTAC ¶ 8.)  Subject matter jurisdiction is premised on diversity

of citizenship.[3]  (PTAC ¶ 15.)  Where a complaint premised upon diversity of citizenship names

a limited liability company as a party, it must allege the citizenship of natural persons who are

members of the limited liability company as well as the place of incorporation and principal

place of business of any corporate entities that are members of the limited liability company.

See Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613,

615 (2d Cir. 2019).  Plaintiffs shall be permitted to serve a single interrogatory on HoldCo as to

the citizenship of all natural persons who are its members, and if any corporation is a member,

the jurisdiction under whose laws it is incorporated and the principal place of business.

---

[3] Plaintiffs in the PTAC are citizens of Vermont, California, New Hampshire, Nevada and Georgia.  (PTAC ¶¶ 3-5.)
The non-HoldCo defendants are citizens of New York, New Jersey, the United Kingdom and the Netherlands.
(PTAC ¶¶ 6-7, 9.)

In light of the amendment, defendants' pending Rule 12(b)(6) motion will be terminated as moot.  (ECF 56.)  The Court is mindful that this action was brought in November 2024 and that defendants' Rule 12(b)(6) motion has been <u>sub judice</u> for an extended period of time.  The Court anticipates ruling expeditiously on any motion to dismiss the Third Amended Complaint once it is fully submitted.

CONCLUSION.

Plaintiffs' motion to amend is GRANTED.  The Clerk is respectfully directed to terminate the gaveled motions at ECF 56 and 71.

The Court further orders that:

1. No later than March 27, 2026, plaintiffs shall serve a single interrogatory on Ben & Jerry's HoldCo LLC as to the citizenship of all natural persons who are its members, and if any corporation is a member, the jurisdiction under whose laws it is incorporated and its principal place of business.

2. Ben & Jerry's HoldCo LLC shall respond no later than April 3, 2026.

3. Plaintiffs shall file a Third Amended Complaint no later than April 10, 2026. No further amendment or joinder shall be permitted.  Rule 16(b)(3)(A).

4. The pre-motion requirement is waived.  Defendants may file a motion to dismiss no later than May 11, 2026, plaintiffs may respond no later than June 8, 2026, and defendants may reply no later than June 22, 2026.

- 6 -

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
March 19, 2026