*The Court is familiar with the positions of the parties (ECF 107 & 114) as well as the prior proceedings. The Court adheres with its decision to have discovery proceed in accordance with the April 14, 2026 (ECF 100) scheduling order. Application for a stay of discovery is DENIED.*

*SO ORDERED.*
*[signature] Castel, USDJ*
*5-12-26*

**Weil, Gotshal & Manges LLP**

*VIA ECF*

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

May 5, 2026

**David J. Lender**
+1 (212) 310-8153
david.lender@weil.com

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Ben & Jerry's Homemade, Inc. et al. v. Unilever PLC et al.*, Case No. 24-cv-8641-PKC
(S.D.N.Y.)

Dear Judge Castel:

Defendants Unilever PLC ("**Unilever**"), Conopco, Inc. ("**Conopco**"), The Magnum Ice Cream Company N.V. ("**TMICC**"), and Ben & Jerry's HoldCo, LLC ("**HoldCo**") (collectively, "**Defendants**") respectfully request an immediate stay of discovery pending resolution of the threshold issue concerning the standing of the former Class I directors ("**Class I Directors**") to bring claims on behalf of Ben & Jerry's Homemade, Inc. ("**Ben & Jerry's**" or, the "**Company**") and, consequently, the representation of the Company in this litigation. Defendants have consistently asserted in prior motion to dismiss briefing that the former Class I Directors have no such authority, but Plaintiffs' repeated amendments of their pleadings have resulted in the Court not yet reaching this threshold issue. With the exchange of Initial Disclosures on April 28, 2026, that issue has now come to an untenable head. Pursuant to Local Rule 37.2 and the Court's Individual Practices, Defendants respectfully request a conference with the Court to address this critical issue. Defendants' forthcoming Motion to Dismiss the Fourth Amended Complaint will again present this issue for consideration, and Defendants respectfully submit that discovery must be stayed pending the Court's decision on this threshold issue. The parties met and conferred on May 1 and 4, 2026, and Plaintiffs stated that they oppose Defendants' request for a stay of discovery. The next conference with the Court is currently scheduled for October 15, 2026.

Plaintiffs do not dispute that Ben & Jerry's is a wholly-owned subsidiary of TMICC and HoldCo. It is also undisputed that the affairs and management of the Company are delegated to the Company's sole shareholder and its CEO to manage, including the right to commence litigation on behalf of the Company. As a result, and as will be further explained in Defendants' forthcoming Motion to Dismiss the Fourth Amended Complaint, the former Class I Directors lack standing to bring claims on behalf of the Company. In the parties' recent exchange of Initial Disclosures, however, counsel for the former Class I Directors has stated not only that he has the right to bring claims in the name of Ben & Jerry's (which as noted is incorrect), but that he also represents Ben & Jerry's and its representatives, notwithstanding the fact that he has never been retained by the Company and has no authority to represent the Company. Further still, Plaintiffs' counsel stated that Ben & Jerry's and its representatives can only be contacted through him.

**Weil, Gotshal & Manges LLP**

May 5, 2026
Page 2

Accordingly, the import of the standing issue addressed in each of Defendants' prior motions to dismiss has taken on new urgency. The issue now squarely implicates discovery, including the assertion of privilege over the Company's documents and witnesses in discovery.

Defendants respectfully request that the Court schedule a conference to take up this issue for immediate consideration.

## I.     BACKGROUND

Defendants' motion to dismiss briefing has consistently opened with the same refrain: the former Class I Directors lack authority to bring suit on behalf of Ben & Jerry's given the plain language of the merger agreement. *See* ECF No. 40 at 15–17; ECF No. 57 at 17–19; ECF No. 63 at 2–6.[1] However, the Court has not yet had the opportunity to address this threshold issue, as each of Defendants' motions to dismiss has been mooted by a successive amendment to the operative pleadings. *See* ECF No. 49 (finding as moot Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint); ECF No. 77 (terminating Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint). Defendants' forthcoming Motion to Dismiss the Fourth Amended Complaint will again press this foundational defect.

The Court recently lifted the stay of discovery. ECF No. 100 § 5. In line with the Court's Scheduling Order and Federal Rule of Civil Procedure 26(a)(1), the parties exchanged Initial Disclosures on April 28, 2026. *Id.* at § 4. That exchange brought the current issue in this litigation to a head.

Defendants' Initial Disclosures explain that relevant Ben & Jerry's "business records and communications" are in "Defendants' possession, custody, or control." This, of course, makes sense because TMICC owns Ben & Jerry's and its sole shareholder, Holdco. Defendants' Initial Disclosures likewise list various "employees, board members, and former board members" of Ben & Jerry's who "may be contacted only through the undersigned counsel" for Defendants.

The former Class I Directors' counsel, however, claims in their Initial Disclosures that he somehow represents Ben & Jerry's, even though TMICC (and before that, Unilever) has never retained him for anything. In particular, he lists himself as counsel for "Ben & Jerry's Homemade, Inc. and its representatives." In short, the former Class I Directors now not only claim that they have the authority to

---

[1] The same is true for numerous letters to the Court. *See, e.g.,* ECF No. 33 at 2–3 (explaining that "the [former] Class I Directors [do not have] the right to bring claims on behalf of the Company"); ECF No. 67 at 4 (similar).

**Weil, Gotshal & Manges LLP**

May 5, 2026
Page 3

bring suit *on behalf of* Ben & Jerry's—which they do not—but that their counsel *represents* Ben & Jerry's employees and representatives.[2]  That obviously cannot be the case.

## II.    ARGUMENT

For good cause shown, the Court has "considerable discretion to stay discovery." *See O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at \*3 (S.D.N.Y. Apr. 26, 2018) (citing Fed. R. Civ. P. 26(c)). "[A] court determining whether to grant a stay of discovery pending a motion [to dismiss] must look to the particular circumstances and posture of each case." *Alford v. City of N.Y.*, 2012 WL 947498, at \*1 (E.D.N.Y. Mar. 20, 2012).  In particular, the Court must consider (1) "the strength of the motion," (2) "the breadth of discovery sought," and (3) "any prejudice that would result." *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020).  Each of those factors strongly militates in favor of a stay of discovery here.

### A.  The Former Class I Directors Have No Standing to Bring Claims on Behalf of Ben & Jerry's

To justify a stay of discovery at this juncture, the Court need "not predict the outcome of [the] motion [to dismiss]." *Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at \*5 (S.D.N.Y. Jan. 28, 2016).  Rather, the Court must only take an "initial review" to assess whether the motion "appears to be not unfounded in the law." *Id.* (quotation marks omitted).  Here, not only will a decision on whether the former Class I Directors may bring suit on behalf of the Company "clarify the scope of the issues"—including the representation of the Company in this litigation and the assertion of privilege, which squarely impacts discovery—but Defendants' arguments are plainly supported by the operative agreements that govern the relationship between Ben & Jerry's and its parent entities. *See Thomas v. New York City Dep't of Educ.*, 2010 WL 3709923, at \*3 (E.D.N.Y. Sept. 14, 2010).

Ben & Jerry's is a close corporation under Vermont law with a single shareholder: HoldCo.  *See* ECF No. 91-2 ("Shareholder's Agreement") at 1 (explaining that "Conopco," HoldCo's predecessor-in-interest, "is the sole shareholder of the Company"); *see also* 11A V.S.A. § 20.02 (defining "close corporation").  As the sole shareholder of Ben & Jerry's, HoldCo is vested with the *exclusive* authority to "regulate the corporate powers and the management of the [Ben & Jerry's] business." *See* Shareholder's Agreement at 1; *see also* 11A V.S.A. § 20.09(a) ("the shareholders of a close corporation may agree in writing to regulate the exercise of the corporate powers and the management of the business and affairs of the corporation").

Conversely, the former Class I Directors, as former board members to a close corporation under Vermont law, had a narrowly defined role.  *See* 11A V.S.A. § 20.09(a)–(b) (noting the wide latitude of "shareholders

---

[2] Likewise, the Foundation's Initial Disclosures state that Mike Graning, Ben & Jerry's CFO, can be contacted through counsel for the Foundation, but the Foundation does not represent Mr. Graning or the Company either.

May 5, 2026
Page 4

of a close corporation" to either "eliminate a board of directors" or "restrict the discretion or powers of the board"). Pursuant to the Shareholder's and Merger Agreements, the former Class I Directors were vested only with the "primary responsibility for safeguarding the integrity of the essential elements of the Ben & Jerry's brand-name" and for acting as "custodians" of the same. *See* Shareholder's Agreement §§ 1(e)–(f); *see also* ECF No. 78-7 ("Merger Agreement") §§ 6.14(e)–(f) (similar). But those responsibilities were not open-ended and did not give the former Class I Directors authority to bring suit on behalf of the Company.[3] Rather, the Shareholder's Agreement explains that the "Board shall have *only those powers and functions expressly granted* to it in this [Shareholder's] Agreement," while "all other powers and functions are reserved to the Shareholder," including the power to commence litigation on behalf of the Company. *Id.* § 1(a) (emphasis added).

As Defendants' forthcoming motion to dismiss will again detail, the initiation of litigation on Ben & Jerry's behalf is not a function "expressly granted" to the former Class I Directors. *Id.* The Merger Agreement expressly disclaims all third-party beneficiary rights and provides only a limited exception for former Class I Directors to sue in their capacity as Directors (not B&J) to prevent their removal in violation of "the provisions of Section 6.14(a)" of the Merger Agreement. *See* Merger Agreement § 9.07. Courts applying New York contract law have consistently held that the inclusion of a limited exception, coupled with the exclusion of broader rights, reflects an "intent that the omission was intentional." *KLS Diversified Master Fund, L.P. v. McDevitt*, 507 F. Supp. 3d 508, 542 (S.D.N.Y. 2020), *aff'd*, 2022 WL 2759055 (2d Cir. July 13, 2022). In short, "the expression of one thing"—here, a limited right to bring suit to guard against removal of the Class I Directors—"implies the exclusion of the other." *See In re N.Y.C. Asbestos Litig.*, 838 N.Y.S.2d 76, 80 (1st Dep't 2007).

Accordingly, the Merger and Shareholder's Agreements make clear that the former Class I Directors have no standing to commence litigation at all, much less on behalf of the Company, and the strength of Defendants' forthcoming Motion to Dismiss on this issue weighs strongly in favor of a stay of discovery.

### B. The Breadth of Discovery Implicated By This Dispute Strongly Favors a Stay

There is no question that the breadth of discovery in this case will encompass Ben & Jerry's representatives, custodians, and documents and undoubtedly implicate the attorney-client privilege. The former Class I Directors served ninety-one (91) document requests and identified forty-four (44) individuals as likely to have discoverable information, including Ben & Jerry's employees. In their discovery requests, the former Class I Directors explicitly seek privileged information, including "all documents and communications" between in-house counsel for Ben & Jerry's and Ben & Jerry's personnel. The Foundation identified twenty-four (24) individuals, including Ben & Jerry's employees. And the Initial Disclosures filed by both Plaintiffs and Defendants reference current and former Ben & Jerry's employees as having discoverable information on a wide range of topics that are relevant to the

---

[3] For these reasons, among others, this litigation is not akin to a shareholder derivative lawsuit.

May 5, 2026
Page 5

resolution of this action—including the audit of the Foundation, the investigation of Chair Mittal, Defendants' compliance with various agreements, internal governance disputes, the demerger of Unilever's ice cream business, Ben & Jerry's social media posts, and so on.

As the sole shareholder and ultimate parent of Ben & Jerry's, TMICC and HoldCo have the right to represent the Company's interest—including its employees and representatives—in this litigation. *See GSI Com. Sols., Inc. v. BabyCenter, L.L.C.*, 644 F. Supp. 2d 333, 337 (S.D.N.Y. 2009), *aff'd in part*, 618 F.3d 204 (2d Cir. 2010) (where a "relationship between [the] parent and subsidiary [is] extremely close and interdependent," wholly owned subsidiary *must* be considered a client of the parent company's outside counsel). But without guidance on the threshold issue of whether the former Class I Directors can bring claims on behalf of Ben & Jerry's and, more importantly for the instant discovery issue, the representation of Ben & Jerry's, the parties cannot meaningfully engage in discovery. For example, any ambiguity as to the scope of the attorney-client privilege squarely impedes Defendants' ability to interview Ben & Jerry's custodians and potential witnesses, and to produce Ben & Jerry's custodial documents. And should the parties proceed absent further guidance, that ambiguity carries the immense risk of inadvertently waiving privilege protections. The former Class I Directors' continued and erroneous assertion that they have authority to commence litigation on Ben & Jerry's behalf, coupled with the assertions made in their Initial Disclosures that their counsel actually represents the Company, will mire discovery in a cloud of privilege disputes.

Moving forward with discovery with this central threshold issue unresolved creates significant and undue burdens for the parties and the Court, and could "result in a substantial diversion of public resources which may not be ultimately necessary." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006). Courts in this District recognize that the relevant consideration is whether *future* discovery costs "will impose a significant burden." *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 84 (S.D.N.Y. 2020). The privilege and discovery disputes foreshadowed by the former Class I Directors' Initial Disclosures are inextricably intertwined with the central issue of whether the former Class I Directors may bring claims on behalf of the Company. Both the Court and the parties will be best served by resolving this threshold issue before discovery commences.

### C. Any Prejudice From a Temporary Stay of Discovery Would be Minimal

In the nearly eighteen months since this action was commenced, Plaintiffs have amended their pleadings numerous times. Until the stay was lifted on April 14, ECF No. 100, discovery had been stayed since February 19, 2025. ECF No. 36. Now, Defendants seek only a modest stay of discovery pending resolution of the narrow issues of whether the former Class I Directors may bring claims on behalf of Ben & Jerry's and whether the former Class I Directors' counsel represents a client (Ben & Jerry's) that has never retained him. To proceed with discovery without these issues first being resolved creates an impossible situation in which parties on opposite sides of this litigation maintain that they represent the same client, a scenario that, among other things, triggers a host of ethical and professional conduct questions regarding the asserted representation of a client who has not been retained. Absent further

May 5, 2026
Page 6

clarity, discovery cannot meaningfully proceed. *Chesney*, 236 F.R.D. at 116 ("By waiting until a decision is reached on the pending motion, the areas of discovery may well be substantially reduced, if not eliminated . . ."). At bottom, "passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018).

## III.    CONCLUSION

Further to Defendants' request for an immediate stay of discovery pending resolution of the representation question and the threshold standing issue presented in Defendants' forthcoming Motion to Dismiss the Fourth Amended Complaint, Defendants respectfully request a conference with the Court at the Court's earliest convenience.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ David J. Lender*
David J. Lender

*Attorney for Defendants Unilever PLC and Conopco, Inc.*
*and non-parties The Magnum Ice Cream Company N.V.*
*and Ben & Jerry's HoldCo, LLC*

cc:    All Counsel of Record (Via E-filing)

May 5, 2026
Page 7

## **RULE 37 CERTIFICATION**

Counsel certifies, pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure, that we have met and conferred in a good-faith effort to resolve the parties' dispute, but have been unable to resolve this issue. In particular the parties met and conferred by video conference on May 1, 2026 and by email exchange on May 4, 2026.

*/s/ David J. Lender*
David J. Lender