

The Court makes no ruling on the permissible scope of discovery in this action except to state that no expert will be permitted to testify on any principle of law, including any scope of fiduciary duties. The parties may proceed with expert discovery which shall include a No October 30, 2026. The October 15 conference remains as scheduled. SO ORDERED. /s/ [signature] USDJ 7-1-26

**Stris**

Nikolas P. Kerest
PARTNER

STRIS & MAHER LLP
15 East State Street, Ste 2
Montpelier, VT 05602
www.stris.com

nkerest@stris.com
802.858.4473

July 1, 2026

Via Electronic Filing

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    **Case 1:24-cv-08641-PKC,** *Ben & Jerry's Homemade, Inc., Class I Directors of Ben & Jerry's Independent Board, and The Ben & Jerry's Foundation, Inc. v. Unilever PLC, Conopco, Inc., Ben & Jerry's Holdco, LLC, and The Magnum Ice Cream Company N.V.*

Dear Judge Castel:

I write on behalf of Plaintiff The Ben & Jerry's Foundation, Inc. (the Foundation). In accordance with Your Honor's Individual Practice Rule 1.A., the Foundation submits this letter to apply for "expert discovery" as described in Paragraph 14 of Your Honor's April 14, 2026 Civil Case Management Plan and Scheduling Order. Doc. 100. Pursuant to Rule 1(A)(iii) of Your Honor's Individual Practices in Civil Cases, the next Case Management Conference is scheduled for October 15, 2026. Paragraph 15, Doc. 100.

## I.    The Foundation's Claims in the Fourth Amended Complaint

In the Fourth Amended Complaint in this action filed on May 7, 2026, the Foundation asserts claims for Breach of Contract: Merger Agreement Section 6.14(h) (Count II), Declaratory Judgment: Merger Agreement Section 61.4(h) (Count IV), and Unjust Enrichment (Count X) against the Defendants. Doc. 110. These claims all center on Section 6.14(h) of the Merger Agreement and all may require expert testimony as requested below.

## II.    Background for the Foundation's Proposed Expert Testimony

In general, the Merger Agreement created the Independent Board to oversee Ben & Jerry's social mission and brand integrity and to continue the pre-merger Board's commitment to the Foundation.

In particular, Section 6.14(h) of the Merger Agreement (filed at Doc. 50-7) continues Ben & Jerry's commitment to providing substantial charitable contributions pursuant to a formula based on the volume of ice cream sales. It gives the Independent Board the "responsibility for allocating annual contributions" to the Foundation as long as certain criteria are met, including the Foundation not "significantly" changing its charitable purpose, the trustees not disparaging Ben & Jerry's, and new trustees being "reasonably satisfactory" to Unilever/Conopco. After an initial ten-

The Honorable P. Kevin Castel
July 1, 2026
Page 2

year period, contributions to the Foundation approved by the Independent Board "shall continue" unless the "activities and performance" of the Foundation "cease to be reasonably acceptable to Unilever," with the Independent Board retaining responsibility for determining distributions.

These contributions described in Section 6.14(h) of the Merger Agreement continued unabated to the Foundation until 2025 when Unilever demanded an unprecedented audit of the Foundation. Following this Ernst & Young audit of the Foundation, which Defendants refused to disclose to the Foundation, the Foundation's funding ceased.

Applying the language of Section 6.14(h) of the Merger Agreement, the Foundation expects Defendants to rely on the undisclosed Ernst & Young audit to argue that the Foundation trustees are not "reasonably satisfactory" to Defendants and that the "activities and performance" of the Foundation are no longer "reasonably acceptable" to Defendants. The Foundation's position is that the audit was pretextual and neither justified by Section 6.14(h) nor undertaken in good faith. The Foundation also disputes that any Foundation practices warranted termination of funding under the terms of Section 6.14(h). (Moreover, the Foundation reserves the right to argue that Defendants cannot justify the termination of Foundation funding based on the purported results of the audit while at the same time withholding audit-related documents on privilege grounds.)

Expert testimony will assist the Foundation in responding to Defendants' arguments connecting the results of the Ernst & Young audit to the language of Section 6.14(h) of the Merger Agreement, and to meet its affirmative burdens of proof for Counts II, IV, and X. In addition, assuming the Foundation is correct about Defendants' arguments, expert testimony will likely be necessary to respond to any experts disclosed by Defendants in support of Defendants' arguments.

### III.    The Foundation's Proposed Expert Testimony

As described above, this case presents factual questions spanning corporate governance, corporate audit and investigation standards, non-profit governance, and brand equity, subjects that fall outside a lay juror's common understanding and where expert testimony may materially assist the trier of fact. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); Fed. R. Evid. 702. This Court has broad discretion to admit such testimony, *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1042 (2d Cir. 1995).

Therefore, the Foundation requests that it be permitted to have the option to disclose an expert witness(es) to opine on the following:

- the reasonableness of the Foundation's practices as a nonprofit organization, including issues addressed in the audit, with references to standards and practices in philanthropy, nonprofit organizations, and foundations that adhere to the principles of Trust Based Philanthropy;

- the reasonableness of the audit, including but not limited to the substance and procedures during and after the audit, from the perspective of a professional familiar with audits of nonprofit organizations similar to the Foundation.

The Honorable P. Kevin Castel
July 1, 2026
Page 3


Finally, the Foundation understands that Plaintiffs Ben & Jerry's Homemade, Inc. and the Class I Directors of the Ben & Jerry's Independent Board intend to seek permission to disclose an expert to opine on "audits and investigations." To the extent there is overlap between the topics covered by the Plaintiffs' proposed expert on "audits and investigations" and the Foundation's topics for expert testimony described above, Plaintiffs Ben & Jerry's Homemade, Inc. and the Class I Directors of the Ben & Jerry's Independent Board and the Foundation intend to designate the same expert for the overlapping topics.


Respectfully submitted,

*/s/ Nikolas Kerest*

Bridget Asay
Nikolas Kerest (admitted *pro hac vice*)
Stris & Maher LLP
15 East State St., Suite 2
Montpelier, VT 05602
(802) 858-4285
(802) 858-4473
basay@stris.com
nkerest@stris.com

Counsel for Proposed Plaintiff-Intervenor
The Ben & Jerry's Foundation, Inc.