

**Bridget Asay**
PARTNER

**STRIS & MAHER LLP**
15 East State Street, Ste 2
Montpelier, VT 05602
www.stris.com

basay@stris.com
802.858.4285

July 28, 2026

VIA ECF

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     All Parties' Joint Submission Regarding Protective Order

Dear Judge Castel:

The parties jointly request that the Court resolve the parties' remaining disputes regarding a protective order to be entered in this case. The next conference before the Court is set for October 15, 2026. Together with this joint letter, Plaintiffs and Intervenor-Plaintiff submit their proposed order (Exhibit 1) and Defendants submit their proposed order (Exhibit 2). Also, for the Court's convenience, the parties include a redline (Exhibit 3) comparing Defendants' proposed Protective Order against the Plaintiffs' proposed protective order. After extensive conferrals, including meeting by videoconference, the parties are unable to reach agreement on the following issues:

(1) Defendants believe a producing party should be able to designate discovery materials as "Outside Counsel/Expert Eyes' Only." Defendants' proposed standard for Outside Counsel/Expert Eyes' Only material is in paragraph 3 of their proposed protective order (Exhibit 2). Other provisions governing their proposed "Outside Counsel/Expert Eyes' Only" designation are in Paragraphs 1, 4-9, 11, 15, 17, 18, 21, 22, 25-26 and the attached non-disclosure agreement. Plaintiffs oppose use of an Outside Counsel/Expert Eyes' Only designation in this case and thus omit those provisions in their proposed order (Exhibit 1).

(2) Defendants propose that no discovery materials may be used outside this litigation and Plaintiffs propose that only material designated as Confidential (or Outside Counsel/Expert Eyes' Only if the Court permits that designation) may not be used outside the litigation. This is reflected in paragraph 15 in Defendants' version of the order (Exhibit 2), which corresponds to Plaintiffs' paragraph 12 (Exhibit 1).

(3) Defendants believe that a non-producing party should be able to designate documents and information produced by other parties as either Confidential or Outside Counsel/Expert Eyes' Only, in the event the producing party did not so designate the documents or information. This proposal is contained in Paragraphs 3 and 5 of Defendants' proposed protective order (Exhibit 2). Plaintiffs' position is that confidentiality designations of this sort may only be made by producing

The Honorable P. Kevin Castel
July 28, 2026
Page 2

parties; Plaintiffs' proposed order (Exhibit 1) has no provision for designation by a non-producing (receiving) party.

All parties agreed to jointly submit these disputes to the Court for resolution. Each side's position follows.

**<u>Plaintiffs' and Intervenor-Plaintiff's Position</u>**

1.      **Allowing Defendants to designate *Plaintiffs'* documents or information as Confidential is contrary to Rule 26(c) and would deprive Plaintiffs of the right to control their own documents and information.** Defendants insist on non-standard provisions that would allow Defendants to designate information or documents produced by *Plaintiffs* as Confidential. In other words, Defendants want to control how other parties disclose and use documents *already in Plaintiffs' possession* both in this litigation and for all purposes other than this litigation. The Court should not allow this: Rule 26(c) does not authorize it, and Defendants' proposal would impermissibly restrict Plaintiffs' rights to use and disclose their own documents and information, which they possessed before this litigation began.

As Rule 26(c) makes clear, protective orders apply to producing parties. Fed. R. Civ. P. 26(c) ("A party or any person from whom discovery is sought may move for a protective order . . . ."). Rule 26(c) "unequivocally indicates that the *producing* party or person has the right to protect the disclosure of the information it is producing . . . [n]othing in Rule 26 or the Advisory Committee Notes thereto allows or even suggests the propriety of allowing non-producing parties or persons to designate as confidential information *already produced* by *other* parties." *United States v. Real Prop. Located in Los Angeles, CA*, 345 F.R.D. 189, 192 (C.D. Cal. 2023). Standard protective orders do not allow parties to restrict *other* parties' use of their own information.[1] That standard practice reflects the plain language and intent of Rule 26(c).

Defendants' proposal is extraordinary. The protective order strictly limits use and disclosure of designated documents and requires deletion following the litigation. Adopting Defendants' proposal and allowing them to designate Plaintiffs' documents would thus (1) bar Plaintiffs from disclosing information and documents that they already possess—restraining speech; (2) prevent Plaintiffs from using information and documents that they already possess for other litigation or business purposes—restricting the right to petition, interfering with their operations, and restricting access to their own documents; (3) force Plaintiffs to seek sealing of their own documents without cause; and (4) require Plaintiffs to *destroy* their own documents and information after the litigation ends. None of this makes any sense or has any basis in Rule 26.

Defendants assert that some Plaintiffs may have possession of information that Defendants consider confidential but have not identified any specific examples or types of documents, despite Plaintiffs' repeated requests for that information. Plaintiffs do not have access to any contemporaneous business records given Defendants' efforts to oust them nearly eight months ago, and it is unclear how outdated correspondence would implicate Defendants' concerns; instead,

---

[1] *See, e.g.*, https://cand.uscourts.gov/sites/default/files/documents/CAND_StandardProtOrd.Feb2022_0.pdf.

The Honorable P. Kevin Castel
July 28, 2026
Page 3

Plaintiffs fear the provision will be misused to shield embarrassing correspondence from Defendants' executives. To the extent Defendants believe that other parties have contractual/legal confidentiality obligations, they can assert that and advise the producing party of any such obligation, which may extend to an obligation for the producing party to designate information as Confidential. The Court should adhere to standard practice and the plain language of Rule 26.

2.      **Restricting non-Confidential materials is unwarranted**. Defendants also propose non-standard language that places limits on the use of *any* discovery material in this case, even materials that are **not** designated Confidential. Put another way, Defendants want every document and piece of information produced, including public announcements and news articles, to be treated as though they are designated Confidential. That proposed language obviates the protective order. The Court should enter Plaintiffs' proposed language, which restricts use of discovery material only when it is designated Confidential.

3.      **Defendants have not made the required particularized showing of "good cause" for an "outside-counsel only" (OEO) designation that excludes** *all* **client access for Plaintiffs**. *See Multi-State P'ship for Prevention, LLC v. Kennedy*, No. 24-CV-00013 (JMW), 2024 WL 5146067, at *4-5 (E.D.N.Y. Dec. 17, 2024). This case does not involve trade secrets and is not a dispute among competitors or market participants. Plaintiffs are individuals and a small nonprofit. Defendants have not explained how Plaintiffs' mere exposure to information—which they cannot use or disclose—could cause competitive harm to Defendants.

        Based on Defendants' representation that the designation would be used sparingly, Plaintiffs offered a compromise that Defendants rejected: (1) Defendants promptly provide a written justification for any OEO designation; and (2) one client representative (for Intervenor-Plaintiff, the Foundation's Board President, and for Plaintiffs, a Class I Director) has access to OEO material. This reasonable request reflects the nature of the litigation and the parties. Intervenor-Plaintiff has no in-house counsel, and Plaintiffs Class I Directors are individuals. If no client could view OEO-designated material, Plaintiffs' counsel could not get *any* client input into how such material affects case strategy or briefing. That puts counsel in an "untenable position," *see Multi-State P'ship*, 2024 WL 5146067, at *4 (cleaned up), and compromises the clients' ability to protect their interests. Defendants provided no substantive objection to allowing a single client representative to have access to this material subject to agreeing to the terms of the protective order. Intervenor-Plaintiff's representative, for example, is a retiree who does not work in any field that competes or has a commercial interaction with Defendants or Ben & Jerry's Homemade, Inc.

        Given Defendants' rejection of this reasonable compromise, the Court should not approve the OEO designation. At a minimum, the Court should order that Intervenor-Plaintiff and Plaintiffs Class I Directors are each permitted to designate one client representative as a person who may access the designated material and that the designation be used sparingly.

The Honorable P. Kevin Castel
July 28, 2026
Page 4


**Defendants' Position**

  **Outside Counsel/Expert Eyes' Only ("OCEE") Designation (¶¶ 1, 3-9, 11, 13, 15, 17, 18, 21, 22, 25, 26)**: Plaintiffs have served over a hundred document requests targeted at the operations, governance, and financials of two publicly traded companies, The Magnum Ice Cream Company ("TMICC") and Unilever, PLC, as well as TMICC's wholly-owned subsidiary Ben & Jerry's Homemade, Inc. ("B&J"). Plaintiffs have also sought the depositions of several senior executives, including the CEO of B&J, the CEOs of Unilever and TMICC, and the CFO of TMICC. Discovery will thus involve highly sensitive, non-public information regarding Defendants' business practices, including financial projections and trade secret information that Plaintiffs would not otherwise be entitled to. These documents have minimal relevance to this case but pose enormous competitive risk to Defendants in the wrong hands.

  This risk is heightened by an ongoing, coordinated campaign led by Ben Cohen, the former founder of Ben & Jerry's, expressly demanding TMICC to "free Ben & Jerry's" and encouraging consumers to "Boycott Magnum" and "Sink the [Magnum] Stock." This campaign has one clear objective: harm B&J and force TMICC to sell B&J to investors approved by Cohen and Plaintiffs. Indeed, Cohen has openly declared his intent to buy B&J himself. That is, at the same time Cohen is publicly disparaging Defendants, he seeks to acquire B&J from Defendants and is taking steps to that effect. Cohen is a potential witness in this case, has submitted a sworn affidavit in support of Plaintiffs, and is working directly with Plaintiffs to challenge Defendants' actions that are at issue in this case. Thus, the risk that sensitive business information would land in the hands of individuals who are actively trying to "sink" TMICC's stock and manipulate a purchase of B&J is high. Accordingly, it is imperative that an OCEE designation be allowed in this case to safeguard Defendants' business.

  **Receiving Party Designations (¶¶ 3-5):** As former board members, the former Class I Directors received years of B&J's most sensitive confidential information, including financial data, product launch plans, and trade secrets, including products that were considered but never launched. That access carried with it a fiduciary obligation to keep this information confidential. Yet the former Class I Directors now seek to have this very information publicly disclosed, asserting—unilaterally—that the information is not confidential at all. Plaintiffs have no authority to make that determination on their own; whether Defendants' confidential business information warrants protection is a decision that belongs to Defendants who own this information, not to the party who received it while under an obligation to maintain its confidences. This is compounded by Plaintiffs' assertion that they represent B&J, and not its sole shareholder. To the extent Plaintiffs have a good faith basis to challenge Defendants' confidentiality designations, the protective order provides a mechanism for Plaintiffs to do so. Instead, Plaintiffs want to unilaterally decide which of Defendants' documents are confidential or not, turning years of New York practice on its head, and their proposal will leave Defendants with no recourse if Plaintiffs fail to properly designate sensitive material as confidential. Foreclosing Defendants' ability to designate its own information confidential that it shared with Plaintiffs in confidence risks real competitive harm to Defendants. Moreover, if the parties produce similar (or duplicative) versions of documents with inconsistent confidentiality designations, it will inevitably create confusion regarding the proper handling of

The Honorable P. Kevin Castel
July 28, 2026
Page 5

such information. Accordingly, Defendants request that information produced in discovery by one party may be designated by another as "Confidential," and that the Confidential designation will govern unless further challenged by a party.

**Use of "Discovery Material" (¶ 1, 15)**: Defendants request that no discovery material exchanged in this case be used outside this litigation. This is a typical clause included in protective orders and is proposed here to address what is not a hypothetical concern. Plaintiffs have already announced their intent to use non-confidential information exchanged in this litigation for whatever purpose they want, and have, in fact already shared initial disclosures—exchanged only with counsel—with the author of a public Substack, who then published an article attacking the witnesses on Defendants' witness list. The author of the public Substack has also written critically about potential future Class I Directors to frustrate the process and in direct support of Ben Cohen's campaign. Information that would not ordinarily be designated Confidential under the Protective Order, but that is nevertheless exchanged in the ordinary course of discovery, should not be made public to harass or intimidate Defendants' witnesses or business partners simply because it was exchanged in this case. Plaintiffs' rejection of Defendants' proposal that a receiving party can designate discovery material as "Confidential" and therefore restrict its public disclosure only underscores the necessity of this provision. Otherwise, a party may share confidential information in discovery but the producing party's failure to mark it confidential means it can be published publicly. This would create a perverse result where Plaintiffs, by virtue of having filed a lawsuit against Defendants, may then use Defendants' own confidential information for improper purposes outside this litigation.

**"Client Representative" (¶ 7)**: Defendants propose that up to four in-house counsel for a party may attend any hearing, regardless of the designation of the material discussed. Plaintiffs propose that only one party representative for each party may attend, without restriction to counsel. Because all attorneys have ethical obligations and are officers of the court and therefore obligated to respect the proceedings and to only use information for its appropriate purpose, such access should only be limited to attorney representatives. The overt attempts by the Rolling Cone, Cohen, and others to use this litigation to harm Defendants' business make Plaintiffs' request concerning.

The Honorable P. Kevin Castel
July 28, 2026
Page 6

Respectfully submitted,

STRIS & MAHER LLP

/s/ Bridget Asay
Bridget Asay
Nikolas Kerest (*pro hac vice*)
Stris & Maher LLP
15 East State St., Suite 2
Montpelier, VT 05602
Telephone: (802) 858-4285
Telephone: (802) 858-4473
basay@stris.com
nkerest@stris.com

*Attorneys for Plaintiff Ben & Jerry's Foundation*

AHMAD, ZAVITSANOS & MENSING, P.C.

/s/ Shahmeer Halepota
Shahmeer Halepota
Joseph Y. Ahmad
John Zavitsanos (admitted pro hac vice)
Daryl Moore (admitted pro hac vice)
Kelsi White (admitted pro hac vice)
Weining Bai (admitted pro hac vice)
Thomas Frashier (admitted pro hac vice)
Sean Healey (admitted pro hac vice)
Sara Fatima Dhanji (admitted pro hac vice)
Ethan Carlyle (admitted pro hac vice)
1221 McKinney, Suite 2500
Houston, TX 77010
Telephone: (713) 655-1101

*Attorneys for Plaintiffs Ben & Jerry's Homemade, Inc. and the Class I Directors of Ben & Jerry's Independent Board*

WEIL, GOTSHAL & MANGES LLP

/s/ Luna N. Barrington
David J. Lender
Luna N. Barrington
Joseph R. Rausch
Alexandra Rose
Nicholas Reade
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
david.lender@weil.com
luna.barrington@weil.com
joseph.rausch@weil.com
alexandra.rose@weil.com
nick.reade@weil.com

*Attorneys for Defendants Unilever PLC, Conopco, Inc., Ben & Jerry's HoldCo, LLC, and The Magnum Ice Cream Company N.V.*

cc:      All counsel of record.