# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BEN & JERRY'S HOMEMADE, INC.,
CLASS I DIRECTORS OF BEN & JERRY'S
INDEPENDENT BOARD, and THE BEN &
JERRY'S FOUNDATION, INC.

      Plaintiffs,

    v.

UNILEVER PLC, CONOPCO, INC., THE
MAGNUM ICE CREAM COMPANY N.V.,
and BEN & JERRY'S HOLDCO, LLC

      Defendants.

Case No. 1:24-cv-08641-PKC

**[PROPOSED] CONSENT PROTECTIVE ORDER**

WHEREAS, the parties to this action, Ben & Jerry's Homemade, Inc., the Class I Directors of Ben & Jerry's Independent Board, the Ben & Jerry's Foundation, Inc., Unilever Plc., Conopco, Inc., the Magnum Ice Cream Company N.V., and Ben & Jerry's HoldCo, LLC., (collectively, the "**Parties**," and individually, a "**Party**") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order ("Protective Order")—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all non-parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Any person ~~subject to this Protective Order~~ who receives from any other person subject to this Protective Order any "**Discovery Material**" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in the above-captioned action) ~~that is~~ is subject to this Protective Order. Any such person who receives information designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "**Confidential Discovery Material**") or "Outside Counsel/Expert Eyes Only" (hereinafter "**Outside Counsel/Expert Eyes Only Material**") shall not disclose such Discovery Material designated Confidential or Outside Counsel/Expert Eyes Only to anyone else except as expressly permitted hereunder.

2.      The person producing any given Discovery Material or that person's counsel may designate such material, including but not limited to documents or witness testimony, as

Confidential, in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client over information that is proprietary or otherwise sensitive

and non-public financial or business information; that is of a personal or intimate nature, including PII, regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a non-party.

3.    The person producing any given Discovery Material or that person's counsel may designate such material as "Outside Counsel/Expert Eyes Only" if counsel determines reasonably and in good faith that such information, if disclosed, would result in competitive detriment to the producing Party including, but not limited to, technical information, sensitive business information, trade secrets, and competitive technical and business information. A Party that did not produce or generate the material may designate Discovery Material by providing written notice to all Receiving Parties that such material is "Confidential" or "Outside Counsel/Expert Eyes Only" in accordance with paragraph 5.

4.    3. With respect to any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or as "Outside Counsel/Expert Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Outside Counsel/Expert Eyes Only" the document (whether in paper or electronic form), or in some format as to make clear the designation of each individual document in a manner that will not interfere with legibility or audibility. A producing Party or producing non-party may apply a single designation to the entirety of a document using the highest designation required to address the most sensitive information, even if the entire document does not warrant that designation.

5.    A Party shall have thirty (30) days after receipt of any Discovery Material to notify any other Parties of its designation of such material as "Confidential Material" or "Outside Counsel/Expert Eyes Only Material," notwithstanding the provisions in paragraph 12. For Parties to this case only, material produced by another Party may only be designated "Confidential" or "Outside Counsel/Expert Eyes Only" if such material was created or sent by the Party that seeks to designate it. If a Party plans to utilize produced information in a manner inconsistent with a Confidential or an Outside Counsel/Expert Eyes Only designation within thirty days of production, that Party shall notify the other Parties of their intent, as well as any non-parties with a reasonable interest in such material, and provide reasonable time for other Parties and non-parties to provide written notice that such material is Confidential Material or Outside Counsel/Expert Eyes Only Material.

6.    4. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as Confidential or Outside Counsel/Expert Eyes Only Material either by (a) indicating on the record during the deposition that a question calls for such information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after the deposition transcript is delivered, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the transcript being delivered to any Party, non-party, or the witness (such that each Party, non-party, or witness is given 30 days from his or her receipt of the transcript), the entire deposition transcript will be treated as if it had been designated ConfidentialOutside Counsel/Expert Eyes Only Material. Thereafter, only those portions identified shall be protected by the terms of this Order. A Party or non-party shall have the right to exclude from attendance at any deposition, during such time as Confidential Material or Outside Counsel/Expert Eyes Only Material is to be disclosed, any person other than the deponent, Counsel for the deponent and for the Parties (including their associates

and staff), the court reporter, and any person permitted to review Confidential Material or Outside Counsel/Expert Eyes Only Material.

7.      5. A Party shall request information disclosed at a hearing be designated as Confidential Material or Outside Counsel/Expert Eyes Only Material by requesting that the Court, at the time the information is proffered or adduced, receive the information only in the presence of those persons qualified to receive such information, including Court personnel, and to designate the transcript appropriately. At the hearing, onefour (14) client representativeIn-house Counsel may remain present throughout the hearing, regardless of the designation of the material.

8.      Counsel who intends to question a deponent concerning previously designated Outside Counsel/Expert Eyes Only Material or on matters which require reference to previously designated Outside Counsel/Expert Eyes Only Material shall, prior to beginning such questioning, notify those present of his or her intention to discuss previously designated Outside Counsel/Expert Eyes Only Material and shall give the producing Party the opportunity to first exclude from the room any person who is not a Qualified Person (defined below) entitled to receive Outside Counsel/Expert Eyes Only Material.

9.      6. If at any time, a producing person realizes that some portion(s) of Discovery Material that it previously had produced should be designated as Confidential or as Outside Counsel/Expert Eyes Only, such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such Discovery Material will be deemed to be and treated as Confidential or as Outside Counsel/Expert Eyes Only under the terms of this Protective Order. The receiving Parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

10.     7. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to the individuals listed below ("**Qualified Persons**"):

      (a)      the Parties to this action, their insurers, and counsel to their insurers;

      (b)      Outside Counsel that have appeared for a Party in the case ("**Outside Counsel**")

and regular and temporary employees of such Outside Counsel assisting in the prosecution or defense of the cases, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)    In-house counsel (together with Outside Counsel, "**Counsel**"), upon signature of the Non-Disclosure Agreement (Attachment A);

(d)    Outside experts or consultants retained by the Parties to assist in the litigation of the case, including consulting or testifying experts, upon signature of the Non-Disclosure Agreement (Attachment A);

(e)    Employees of any Party that Counsel, in good faith, deems necessary to participate in the conduct of the case, upon signature of the Non-Disclosure Agreement (Attachment A);

(f)    Outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that Outside Counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(g)    any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, upon signature of the Non-Disclosure Agreement (Attachment A);

(h)    as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy or otherwise involved in the creation of the document, even if the individual is not identified as an actual author or recipient on the face of the document or thing at issue, or who is a current employee or agent of the producing Party and their legal counsel, during the course of depositions taken in the case

(i)    stenographers engaged to transcribe depositions conducted in this action; and

(j)    this Court, and any of their respective staff, administrative personnel, and court reporters, and any essential personnel retained by the Court in connection with the above-captioned matter including any appellate court.

(k)    Any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement (Attachment A).

11.    8. Any Party who objects to any designation of confidentiality must do so in good faith, and may at any time, but no later than two (2) weeks prior to the trial of this action, serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection, identify the specific document(s) and/or material(s) whose confidentiality is challenged, and must give the designating Party or non-party an opportunity to review the designated document(s), and to reconsider the designation. The party challenging the designation must then confer directly with Outside Counsel for the designating party. The designating person will have 10 (ten) business days to respond to the objection or withdraw the designation. The objecting Party may then address their dispute, if any remains, to this Court in accordance with Judge Castel's Individual Practices in Civil Cases. Until the Court rules on the challenge, all Parties shall continue to treat the document(s) at issue as Confidential Material or Outside Counsel/Expert Eyes Only Material under the terms of this Order. The Parties may modify or extend the deadline set forth in this section by agreement depending on the volume and nature of production and challenges to the designation of produced materials.

12.    9. Pursuant to Rule 502(d) of the Federal Rules of Evidence, inadvertent or Court-mandated production of Discovery Material subject to work-product or attorney-client privilege, including the joint defense or common interest doctrine, shall not constitute a waiver of the privilege or protection of such Discovery

Material, and does not waive privilege in any other federal or state proceeding. Within 5 (five) business days of discovery of an inadvertent production, a producing Party or non-party must notify in writing any person in receipt of that Discovery Material, provides the basis for the claim of privilege or protection and the information required by Fed. R. Civ. P. 26(b)(5)(A)(ii), and requests the return or destruction of the specified Discovery Material. Once such Parties receive a notification that privileged or protected material was produced, they must immediately sequester the information and cease any contemplated use of the material inconsistent with its designation as privileged or protected. The contents of such material cannot be used for any purpose, including in connection with any effort seeking to compel production of the produced material. A Party in receipt of the specified Discovery Material, within 7 (seven) business days of receiving such a notification, may elect to dispute the claim of privilege or protection, for reasons other than its production or information about the contents of the material that was gained due to its production. This Order shall not prevent any Party from challenging the designation of such material as privileged or protected, or moving to compel production of allegedly privileged or protected documents. If the Party does dispute the claim of privilege or protection, it must sequester the specified Discovery Material as well as any notes and summaries of the same pending resolution of the dispute via a good-faith conferral or, if needed, by the Court. The Party shall not further disclose the specified Discovery Material to any person, pending resolution of the dispute. Absent any dispute, the persons notified shall return or destroy the specified Discovery Material, including all copies, notes, and summaries thereof in any work product within 7 (seven) business days of receiving the notification. Any Party in receipt of this information must take reasonable steps to retrieve the produced material if the information was disclosed or disseminated before being notified.

13.    10. If a Party becomes aware during the review of any produced material that is likely to be privileged or subject to other protection, the Party shall within seven (7) days notify the Party or non-party who produced the material and sequester the material until the Party or non-party has had a reasonable opportunity to respond. If the producing Party confirms that the material is protected by privilege or subject to other protection, any Party in receipt of such information shall understand this confirmation to be notification under this paragraph that they are in receipt of privileged or protected information, and shall take action to effect the return or destruction of the produced material in accordance with the previous paragraph. To the extent a Party or non-party seeks to compel the production of allegedly privileged material or challenge the designation of such material as privileged or protected, that Party or non-party must still sequester the at-issue material immediately after receipt of notice that the material constituted privileged or protected material. Any Party or non-party that wishes to compel production of the materials must do so within seven (7) days of the producing party's confirmation that the material is protected by privilege or subject to other protection, unless the Parties, and any producing non-party if applicable, agree otherwise. The Party or non-party challenging the designation must then meet and confer in good faith with the Party or non-party whose designation it challenges (the "Designating Party") to attempt to resolve the dispute. If the challenging Party or non-party and the designating Party or non-party are unable to resolve the dispute after meeting and conferring in good faith, the dispute may be submitted to the Court within seven (7) days after reaching an impasse. All such material shall be limited to review by Outside Counsel until the dispute is resolved.

14.    11. Within ten (10) days of the notification that such inadvertently produced privileged or protected material has been returned, destroyed, or deleted, the applicable Party or non-party shall produce a log with respect to such privileged or protected material. Return or destruction of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned or destroyed document or thing is, in fact, properly subject to a claim of attorney-client

privilege or attorney work product, nor shall it foreclose any Party or non-party from moving the Court for an order that such document or thing has been improperly designated or should be produced.

15. ~~12.~~ Recipients of Discovery Material ~~designated Confidential~~ under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Discovery Material ~~designated Confidential~~ for any business, commercial or competitive purpose. ~~Such information~~Confidential Discovery Material will be disclosed only to Qualified Persons and Outside Counsel/Expert Eyes Only Material will only be disclosed to the specific Qualified Persons enumerated in this Paragraph 15, unless specifically authorized by order of the Court or written consent of the producing Party or non-party. For the avoidance of doubt, ~~Confidential~~Discovery Material may not be used in any other current or future litigation or arbitration. Documents and information designated as "Outside Counsel/Expert Eyes Only" will be disclosed only to Qualified Persons described in paragraphs 10(b), (c), (d), (f), (g), (h), (i), and (j) unless specifically authorized by order of the Court or written consent of the producing Party or non-party. Nothing in this paragraph is intended, and should not be construed, to permit Counsel to show Outside Counsel/Expert Eyes Only Material to a deponent who is not an employee or who is not otherwise aligned with the producing Party. For the avoidance of doubt, Outside Counsel/Expert Eyes Only Material may not be used in any other current or future litigation or arbitration.

16. ~~13.~~ Nothing in this Protective Order will prevent any person subject to it from producing any Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 (ten) days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

17. ~~14.~~ Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Confidential or Outside Counsel/Expert Eyes Only Discovery Material itself, and not text that in no material way reveals the Confidential or Outside Counsel/Expert Eyes Only Discovery Material.

18. ~~15.~~ Each person who has access to Discovery Material that has been designated as Confidential or Outside Counsel/Expert Eyes Only Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. Before disclosing any Confidential Material or Outside Counsel/Expert Eyes Only Material to a Qualified Person, Counsel and all persons bound by this Order shall advise each receiving person of the terms of this Order and shall provide the receiving person with a copy of this Order.

19. ~~16.~~ Nothing in this Order prevents any Party from objecting to the production of Discovery Materials or discovery requests, on any ground, including that the request is objectionable because it seeks the following: privileged information; attorney work product protected information; information that is not relevant; information not within the scope of discovery; or information that constitutes proprietary trade secrets and commercially valuable information.

20. ~~17.~~ Any Personally Identifying Information ("PII") (*e.g.*, social security numbers,

financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

21.    18. Nothing in this Order shall be construed to affect the use of any document at any trial, hearing or other proceeding in this case. A Party or non-party that intends to present or that anticipates

that another Party or non-party may present Confidential Material or Outside Counsel/Expert Eyes Only Material at a hearing, trial or other proceeding in this case shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Material or Outside Counsel/Expert Eyes Only Material. The Court may thereafter make such orders as are necessary to govern the use of such documents at any such hearing, trial, or other proceeding in this case.

22.    19. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Parties or non-parties in receipt of Discovery Material designated as "Confidential" or "Outside Counsel/Expert Eyes Only" shall:

(a)    (i) Return or destroy any and all originals, reproductions, summaries or extracts of Confidential Material or Outside Counsel/Expert Eyes Only Material to the Counsel for the producing Party or to the non-party and provide written certification to the producing Party of such return;

(b)    (ii) As an exception to the above requirements, unless otherwise ordered by the Court, Outside Counsel may retain the client file even if such items contain Confidential Material or Outside Counsel/Expert Eyes Only Material. Such items may include: (a) copies of pleadings or other papers that have been filed with the Court and that are Confidential Material or Outside Counsel/Expert Eyes Only Material, or that reflect, reference, or contain Confidential Material or Outside Counsel/Expert Eyes Only Material; (b) their work product, including expert reports; (c) transcripts and exhibits thereto; and (d) trial, deposition, and hearing transcripts, correspondence (including email), deposition and trial exhibits. The terms and provisions of this Protective Order shall continue to apply to any such materials retained by Outside Counsel.

23.    20. Parties and Qualified Persons to whom ConfidentialDiscovery Material is disclosed shall be subject to the jurisdiction of this Court for purposes of enforcing this Order. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

24.    21. If any provision of this Order is violated by the Parties or by other persons subject to this Order, remedies may be sought from this Court.

25.    22. Nothing herein shall prevent any Party from later seeking to modify this Order or from later challenging another Party's or non-party's designation of any material as Confidential Material or Outside Counsel/Expert Eyes Only Material.

26.    23. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's or non-party's Confidential or Outside Counsel/Expert Eyes Only

Discovery Material shall so advise the opposing party or non-party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed.

R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

27.   24. The sealed material shall not be opened or released from the custody of the Clerk of Court except by order of the Court. Outside Counsel for the Party filing papers under seal shall be responsible for immediately serving copies of the filing on all counsel of record entitled to access the disclosure via email. For the avoidance of doubt, all Parties consent to service by email for sealed documents. This Order is without prejudice to the right of any Party or non-party to move upon notice to the applicable Party or non-party to unseal any papers, or parts thereof, if following a meet and confer with the designating Party or non-party, there is no agreement regarding access and confidentiality.

SO STIPULATED AND AGREED:

_____                    _____
Dated:                                              Dated:

11

SO ORDERED:

_____

P. Kevin Castel
United States District Judge

-Dated:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEN & JERRY'S HOMEMADE, INC., CLASS I DIRECTORS OF BEN & JERRY'S INDEPENDENT BOARD, and THE BEN & JERRY'S FOUNDATION, INC.<br><br>   Plaintiffs,<br><br>   v.<br><br>UNILEVER PLC, CONOPCO, INC., THE MAGNUM ICE CREAM COMPANY N.V., and BEN & JERRY'S HOLDCO, LLC<br><br>   Defendants. | Case No. 1:24-cv-08641-PKC<br><br>NON-DISCLOSURE AGREEMENT |

I,_____, acknowledge that I have read and understand the Stipulation and Protective Order (the "Protective Order") in this action governing the non-disclosure of those portions of Confidential or Outside Counsel/Expert Eyes Only Discovery Material. I agree that I will not disclose such Confidential or Outside Counsel/Expert Eyes Only Discovery Material to any other person; that I will not use ~~such Confidential~~Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all ~~d~~Discovery ~~information~~Material to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____ _____

| Summary report:<br>Litera Compare for Word 11.7.0.54 Document comparison done on<br>7/25/2026 11:58:43 AM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Plaintiffs Intv Proposed Final PO for Exchange.docx | |
| **Modified filename:** BJ - Proposed Protective Order.docx | |
| **Changes:** | |
| Add | 108 |
| Delete | 55 |
| Move From | 1 |
| Move To | 1 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 165 |