**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BEN & JERRY'S HOMEMADE, INC., CLASS I DIRECTORS OF BEN & JERRY'S INDEPENDENT BOARD, and THE BEN & JERRY'S FOUNDATION, INC.<br><br>Plaintiffs,<br><br>v.<br><br>UNILEVER PLC, CONOPCO, INC., THE MAGNUM ICE CREAM COMPANY N.V., and BEN & JERRY'S HOLDCO, LLC<br><br>Defendants. | Case No. 1:24-cv-08641-PKC-GS<br><br>**[PROPOSED] STIPULATION ORDER REGARDING THE FORMAT OF ELECTRONICALLY STORED INFORMATION AND DOCUMENT PRODUCTION** |

**[PROPOSED] STIPULATION ORDER REGARDING THE FORMAT OF ELECTRONICALLY STORED INFORMATION AND DOCUMENT PRODUCTION**

This Stipulation and Order ("Stipulation") shall govern the format and procedure for the production of electronically stored information ("ESI") and related document production in the above-captioned action ("Action"). ESI Shall include email messages, word-processing files, webpages, and databases, that are created and stored on electronic devices, computers, external hard drives, flash drives, disks, or cloud-based servers.

## I. GENERAL PROVISIONS

To the extent not unduly burdensome, the parties and non-parties shall produce documents and ESI in this Action in accordance with the agreed-upon specifications set forth below. To the extent any party or non-party has an objection to the scope of discovery, such an objection shall be raised with the party requesting such discovery ("Requesting Party"). This Stipulation applies

to documents produced or disclosed in this Action, regardless of whether they were produced by a party or a non-party, or whether they were produced pursuant to any Federal Rule of Civil Procedure ("Federal Rules"). This includes any documents disclosed pursuant to Federal Rule 26(a)(1) or in response to formal or informal discovery requests under Federal Rules 16, 33, 34, or 45.

## II. PRODUCTION OF ESI

A. <u>Format.</u> All documents or ESI shall be produced in .TIFF or .PDF format with OCR images, except for documents or ESI whose native format is MS Excel, MS Powerpoint, MS Access, QuickBooks, other database formats, multi-media files (audio or video), or any other file type that cannot be converted to .TIFF or .PDF, for which the original native files shall be produced along with a single-page .TIFF or .PDF placeholder. All documents shall be produced with standard metadata fields, which for email messages includes sender, recipients, subject, date sent, date received, custodian, date last modified, and whether the document contains redactions, to the extent such information is reasonably available. All other documents shall include the file name, date created, and whether the document contains redactions, to the extent such information is reasonably available. For the avoidance of doubt, documents that do not contain metadata as listed above need not contain such metadata during the production and any metadata need not be altered.

B. <u>Native Files.</u> For documents able to be produced in .TIFF or .PDF format, the parties or non-parties shall not be required to produce in the first instance an original native file of such document, in addition to the TIFF or PDF version produced, if a claim of attorney-client privilege, attorney work product protection and/or any other privilege, protection or immunity from disclosure necessitates the application of redactions to

such document. Upon written request from the party requesting the document, and for good cause shown, the parties or non-parties shall produce such documents in native format with any applicable redactions applied natively. For the avoidance of doubt, if a document that may only be produced in native format requires redactions, the parties must produce such documents in the first instance along with any applicable redactions. For any native document type that does not feasibly afford redactions, the parties will meet and confer as to production procedure.

C. <u>Color.</u> The parties and non-parties may produce TIFFs and PDFs in black-and-white format. If any party deems the quality of the documents produced in black-and-white format to be insufficient, including because color is necessary to understanding the document, the parties will meet and confer in good faith to determine whether the producing party must produce the documents in an alternative format. The parties shall not make categorical or wholesale requests for color images, absent a showing in a meet and confer that any such request is reasonably necessary and proportionate to the needs of the Action.

D. <u>Document Families.</u> Parent-child relationships (the association between an attachment and its parent document) should be preserved and appropriately reflected in the metadata to the extent possible. Production numbering of a parent document and any attachments shall be sequential such that a parent document has the lowest value production number when compared to its attachment(s), and the children documents come numerically immediately after the parent. If any document in a document family is responsive to a document request (e.g., an attachment to an email), the cover email in the family shall be produced without regard to whether it is independently responsive, subject to the redaction

provisions described herein, but non-responsive attachments in the family need not be produced. Slipsheets shall be produced to identify non-responsive attachments in a family.

E. Bates Numbering. Each page of a document produced in .TIFF or .PDF format shall have a legible, unique identifier ("Bates number") assigned and electronically "burned" onto the image. The identifier shall include an alpha prefix along with a fixed number (e.g., ABC000001). This format must remain consistent and be placed in the lower right corner of all images so as not to unreasonably obscure any information. No other legend or stamp will be placed on a document image besides confidentiality legends (where applicable) or redactions.

F. Redactions. No redactions will be made to responsive documents or to their respective metadata fields, if applicable, except to redact privileged information or personal information that may be protected by applicable privacy regulations. If any party or non-party makes any redaction on the ground of the attorney-client privilege, the attorney work product doctrine, or any other claim of privilege, protection or immunity from disclosure, such redaction will be marked by a box that covers the protected text, includes the term "Redacted", and notes whether the redaction is based on privilege (with the term "Privilege", e.g. "Redacted-Privilege")) or personal information (with the term "PII", e.g. "Redacted-PII")).  Redacted documents may be produced in .TIFF or .PDF format, with OCR images of the as-redacted document. If any party or non-party withholds any documents on the grounds of the attorney-client privilege, the attorney work product doctrine, or any other claim of privilege, protection or immunity from disclosure, these withholdings will be listed on a Privilege Log.

4

G.  <u>Deduplication.</u> To the extent that exact duplicate documents reside within a party's or non-party's ESI data set, the party may produce only a single copy of a responsive document. Exact duplicate shall mean documents containing identical content. De-duplication shall be done at the document family level, such that where any exact duplicate documents have attachments, those documents must be identical regarding both the document-plus-attachment(s) (including associated metadata) as well as for each attachment (including associated metadata) standing alone. Identical ESI may be de-duplicated vertically *(i.e.,* by custodian) and horizontally *(i.e.,* globally across custodians). Parties can de-duplicate exact copies on a family level (e.g., an email and all attachments) based on hash values (e.g., MD5, SHA1, etc.). Documents may be de-duplicated using MD5 or SHA1 hash values, or an agreed upon de-duplication method that accounts for all potentially relevant metadata fields, including BCC. Where multiple email messages are part of a single "thread," a party is only required to produce the most inclusive message for which no claim of privilege is made ("Last In Time Email"), and need not produce earlier, less inclusive email messages or "thread members" that are fully contained, including attachments and including identical senders and recipients, within the Last In Time Email. For the avoidance of doubt, only email messages for which the parent Document and all attachments are contained in the more inclusive email message will be considered less inclusive email messages that need not be produced; if the later message contains different text (such as where the later message adds in-line comments to the body of the earlier message), or does not include an attachment that was part of the earlier message, the earlier message must be produced. The parties reserve the right to make reasonable requests for the production

of an individual email(s) within a Last In Time Email, which request may not be unreasonably refused.

### III.    CUSTODIANS AND SEARCH TERMS

A. <u>Custodians.</u> The parties and any non-parties must cooperate in good faith to identify the proper custodians, search terms, and time frame. Each producing party shall be not be required to collect and search from more than ten (10) custodians. The Court may require production from additional custodians upon a showing of good cause after the Requesting Party reviews the initial production.

B. <u>Search Terms.</u> The search terms must be narrowly tailored to particular issues relevant to the Action. Indiscriminately broad terms are inappropriate unless combined with narrowing search criteria that sufficiently reduce overproduction and burden. A conjunctive combination of multiple words or phrases (for instance, *computer and system*) narrows the search and counts as a single search term. A disjunctive combination of multiple words or phrases (for instance, *computer or system*) broadens the search and counts each word or phrase as a separate search term, unless they are variants of the same word. Where appropriate, the parties must use narrowing search criteria (for instance, *and*, *but not*, or *w/x*) to limit production and burden.

### IV.    PROCESSING OF THIRD-PARTY DOCUMENTS

A. A party that issues a non-party subpoena after the date this Stipulation is entered by the Court ("Issuing Party") shall include a copy of this Stipulation with the subpoena and request that the non-party produce documents in accordance with the specifications set forth herein. If a party issued a non-party subpoena prior to the execution of this Stipulation, that party shall promptly forward a copy of this Stipulation to the non-

party and request that the non-party produce documents in accordance with the specifications set forth herein.

B. The Issuing Party is responsible for producing to all other parties to the Action any documents obtained pursuant to a subpoena within five business days in the format received from the non-party. If a non-party fails to produce documents in accordance with the specifications set forth herein, the Issuing Party shall undertake reasonable efforts to work with the non-party to obtain a production file that is compliant with the specifications set forth herein. Nothing in this Stipulation is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the parties or third-parties to object to a subpoena.

C. With regard to the privilege logs, the parties agree to comply with Federal Rule 26(b)(5) and Local Civil Rule 26.2.

## V.    MISCELLANEOUS PROVISIONS

A. This Stipulation is intended solely to address the format of document productions. Nothing in this Stipulation is intended to affect the rights of any party to object to any requests or demand for production. Nothing in this Stipulation shall constitute, or operate as, a waiver of any rights of any party to object to, or to avoid, discovery or disclosure, in whole or in part, under the laws of the United States, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, this Court's Individual Rules and Practices, or any other applicable law, rule, or order.

B. Personally identifiable information ("PII") shall be redacted. PII shall include any personal addresses, telephone numbers, social security numbers, or personal medical

7

or financial information, including any individual salary or compensation information.

C. Nothing in this Stipulation shall preclude either party from employing analytics, including predictive coding, during the course of its review and production, provided, however, if a party intends to use predictive coding to remove or produce documents hitting on search terms in lieu of attorney review of those documents, the party shall first disclose such intent to the other side, and meet and confer regarding the process intended to be used.

D. Nothing in this Stipulation establishes any agreement as to either the temporal or subject matter scope of discovery in the Action or as to the relevance or admissibility of any document. Nothing in this Stipulation shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection or immunity from disclosure. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of hard-copy documents or ESI.

E. The parties shall make good faith efforts to comply with and resolve any differences concerning compliance with this Stipulation. If a producing party, notwithstanding their good faith efforts, cannot comply with any material aspect of this Stipulation or if compliance with such material aspect would be unreasonable, such party shall inform the receiving party in writing as to why compliance with the Stipulation is impossible or unreasonable as soon as reasonably practicable. No party may seek relief from the Court concerning compliance with the Stipulation unless it has first

complied with any and all discovery dispute provisions under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, and this Court's Individual Rules and Practices.

F.  Nothing in this Stipulation shall affect, in any way, a producing party's right to seek reimbursement for costs associated with collection, review, and/or production of documents or ESI. That the Court has ordered this Stipulation shall not be construed to indicate that the Court has made any finding regarding whether there is any basis for shifting of costs.

G.  Nothing herein is intended to, nor shall be construed to, diminish or otherwise affect any party's discovery obligations.

H.  Any application to the Court regarding this Stipulation shall be made pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, and this Court's Individual Rules and Practices.

Dated: July 31, 2026

AHMAD, ZAVITSANOS & MENSING PLLC
*/s/ Shahmeer Halepota*
Shahmeer Halepota
Joseph Y. Ahmad
John Zavitsanos (admitted pro hac vice)
Daryl Moore (admitted pro hac vice)
Kelsi White (admitted pro hac vice)
Weining Bai (admitted pro hac vice)
Thomas Frashier (admitted pro hac vice)
Sean Healey (admitted pro hac vice)
Sara Fatima Dhanji (admitted pro hac vice)
1221 McKinney, Suite 2500
Houston, Texas 77010
Phone: (713) 655-1101

*Attorneys for Plaintiffs Ben & Jerry's*
*Homemade, Inc. and the Class I Directors of*
*the Ben & Jerry's Board*

STRIS & MAHER LLP
*/s/ Bridget Asay*
Bridget Asay
15 East State Street, Suite 2
Montpelier, VT 05602
(802) 858-4285
basay@stris.com

*Attorneys for Plaintiff-Intervenor*
*The Ben & Jerry's Foundation, Inc.*

WEIL, GOTSHAL & MANGES LLP
*/s/ David J. Lender*
David J. Lender
Luna N. Barrington
Joseph R. Rausch
Alexandra Rose
Nicholas Reade
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
david.lender@weil.com
luna.barrington@weil.com
joseph.rausch@weil.com
alexandra.rose@weil.com
nick.reade@weil.com

*Attorneys for Defendants Unilever PLC, Conopco, Inc.,*
*The Magnum Ice Cream Company N.V., and Ben &*
*Jerry's HoldCo, LLC*

SO ORDERED:

_____
The Honorable Gary Stein
United States Magistrate Judge

Dated: