

July 31, 2026

**Via ECF**
The Honorable Gary Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Ben & Jerry's Homemade, Inc. et al. v. Unilever PLC et al.*, No. 1:24-cv-08641-PKC —
Request for Pre-Motion Discovery Conference

Dear Judge Stein:

The Class I Directors ("Plaintiffs") and non-party Ben Cohen jointly respond to Defendants' July 27, 2026 letter to Judge Castel requesting a discovery conference. ECF No. 141.[1] Defendants' letter presents three purported disputes. Two are moot. The third is premature and, in any event, lacks merit. Defendants filed their letter not because there is an impasse, but because Defendants want to divert attention away from their discovery noncompliance at our upcoming conference. That desire hardly justifies the relief they seek. *See* Fed. R. Civ. P. 37(a)(1); Judge Castel Individual Practices § 3.B; Judge Stein Individual Practices § II.C.

## I.    The purported RFP dispute is moot.

Defendants argue the Court should compel Plaintiffs to drop the "sufficient to show" limitation from twenty-three RFPs. ECF No. 141 at 2–4. But Plaintiffs already did that (and well before Defendants filed their letter). *Compare* Ex. 1 at 2 (Plaintiffs' counsel emailing Defendants' counsel at 12:01 EDT confirming: "We will not utilize 'sufficient to show' to bar production of relevant documents following a reasonably diligent search."), *with* ECF No. 141 at 2 ("The [] Class I Directors Must Produce Documents Beyond Those 'Sufficient to Show'") (filed 22:23 EDT). Despite having Plaintiffs' written agreement in hand, Defendants have sought to compel exactly what Plaintiffs had already agreed to do. No dispute remains.

## II.    The purported interrogatory dispute is moot.

Defendants argue the Court should compel a different answer to Interrogatory No. 4, which seeks the identity of persons who "manage, write, edit, financially support, or otherwise contribute" to the Rolling Cone Substack newsletter. ECF No. 141 at 4–5. The Class I Directors supplemented their response with that information on July 31, 2026. There is nothing more to compel.

---

[1] Defendants moved Judge Castel for discovery relief. Afterwards, he referred discovery disputes to Your Honor. ECF No. 145.

AHMAD ZAVITSANOS MENSING  |  1221 McKinney, Ste. 2500  |  Houston, TX 77010  |  azalaw.com

July 31, 2026
Page 2

### III.   The purported subpoena dispute is not properly before the Court and lacks merit.

#### A.  Defendants did not complete the meet-and-confer process.

Defendants' letter asks the Court to compel non-party Mr. Cohen to produce documents in response to seventeen subpoena requests. ECF No. 141 at 5–7. This dispute is not properly before the Court. Before filing, Defendants were required to certify there was a "good faith confer[ence] or attempt[] to confer." *See* Judge Castel Individual Practices § 3.B (citing Fed. R. Civ. P. 37(a)); *see also* Judge Stein Individual Practices § II.C (same). Here, after exchanging letters, the disputants scheduled a conference on July 27, 2026. On July 26, 2026, counsel for Mr. Cohen expressed a need to move the meeting to Tuesday (7/28). Ex. 2. Defendants disregarded this, which demonstrates their lack of good faith to attempt to confer.

#### B.  On the merits, many of the subpoena requests are overbroad, duplicative, or disproportionate to the needs of the case.

Procedural impropriety aside, there are substantive problems with the subject subpoena. Rule 45 requires the Court to quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Indeed, Rule 45 "affords additional protection for non-parties" like Mr. Cohen. *Wultz v. Bank of China Ltd.*, 32 F. Supp. 3d 486, 492 (S.D.N.Y. 2014). Such protection is warranted here.

Several of Defendants' requests to Mr. Cohen seek documents that the parties themselves are already producing. *Compare* ECF No. 141-9 at 12 (communications between Mr. Cohen and the Class I Directors concerning social mission), *with* ECF No 141-4 at 6–7 (communications of Class I Directors concerning the same). A non-party should not be burdened with producing documents that are duplicative of what the litigants already possess. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

That said, Mr. Cohen recognizes that certain subpoena requests may seek material unique to Mr. Cohen that the parties may not otherwise have. As already indicated, Mr. Cohen is willing to confer with Defendants. Had Defendants completed the meet-and-confer process, they would have known Mr. Cohen is willing to respond to a reasonable, targeted set of requests and search terms, consistent with Rule 45's protections for non-parties. Demanding blanket compliance with all seventeen requests based on generalized assertions of relevance while bypassing the conferral process, however, is beyond the pale.

The purported issues raised in Defendants' July 27, 2026 letter do not deserve 209 pages of attention. *See* ECF No. 141. They barely deserve more than 2. The Court's (and others') time should not be spent spinning wheels of disputes that have been resolved, or that do not yet exist. The letter motion should be denied.

July 31, 2026
Page 3

Respectfully submitted,

Ahmad, Zavitsanos & Mensing, P.C.

By:

Shahmeer Halepota

cc:    All counsel of record.