**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

BEN & JERRY'S HOMEMADE, INC.,
CLASS I DIRECTORS OF BEN & JERRY'S
INDEPENDENT BOARD, and
THE BEN & JERRY'S FOUNDATION, INC.,

Plaintiffs,

-against-

UNILEVER PLC., CONOPCO, INC.,
BEN & JERRY'S HOLDCO, LLC, and
THE MAGNUM ICE CREAM
COMPANY N.V.,

Defendants.

---------------------------------------------------------------------X

**24 Civ. 8641 (PKC) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

The Court held a discovery conference on August 20, 2026 regarding various disputes raised in the letter-motions submitted under Dkt. Nos. 138, 141, and 143. This Order memorializes the oral rulings and conclusions made by the Court that day.[1] For the reasons discussed more fully on the record at the conference:

1. **Plaintiffs' Letter-Motion at Dkt. No. 138**

    a. Plaintiffs' claims that Defendants have improperly asserted attorney-client privilege and work product protection over materials related to the Business Integrity Investigation are denied as unripe. Plaintiffs may renew these claims after Defendants have produced documents relating to

[1] The conference was held prior to Judge Castel's August 21, 2026 Opinion and Order, which (1) granted Defendants' motion to dismiss Plaintiffs' claims with the exception of certain breach of contract claims asserted by the Class I Directors and (2) granted Defendants' motion to substitute Magnum and HoldCo for Unilever and Conopco. (*See* Dkt. No. 159 at 27). This Order does not attempt to account for the impact, if any, of Judge Castel's Opinion and Order on the matters discussed and rulings made at the August 20 discovery conference.

the investigation, Defendants have provided a privilege log as to the documents it is withholding, and the parties have met and conferred over any remaining disputes. *See In re Namenda Direct Purchaser Antitrust Litig.*, No. 15 Civ. 7488 (CM) (JCF), 2017 WL 3314233, at *1 (S.D.N.Y. Aug. 2, 2017).

b. Plaintiffs' requests related to RFP Nos. 36, 86, and 91 are denied as moot following agreement between the parties on these issues.

c. Plaintiffs' request to depose Nelson Peltz is denied at this time. The parties shall meet and confer regarding Plaintiffs' requests to depose Jeffrey Eglash and Vanessa Vilar based on the discussion at the conference.

**2. Defendants' Letter-Motion at Dkt. No. 141**

a. As noted in Plaintiffs' response at Dkt. No. 150, Defendants' first two requests are moot. The Court defers a ruling with respect to the non-party subpoena served on Ben Cohen as noted in Dkt. No. 155.

**3. Plaintiffs' Letter-Motion at Dkt. No. 143**

a. Based on the colloquy at the conference, Defendants agreed to produce documents relating to the forensic audit for which Ernst & Young and Forensic Risk Alliance were retained and provide a privilege log as to the documents they are withholding. The parties have agreed to meet and confer regarding any remaining disputes.

The Clerk of Court is respectfully directed to close the letter-motions under Dkt. Nos. 138 and 143.

**SO ORDERED.**

DATED: August 25, 2026
New York, New York

Gary Stein

The Honorable Gary Stein
United States Magistrate Judge