**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CLASS I DIRECTORS OF BEN & JERRY'S INDEPENDENT BOARD

Plaintiffs,

v.

THE MAGNUM ICE CREAM COMPANY N.V. and BEN & JERRY'S HOLDCO, LLC

Defendants.

Case No. 1:24-cv-08641-PKC-GS

[PROPOSED] AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

This Amended Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3), and amends the Civil Case Management Plan entered into on April 14, 2026 (ECF No. 100):

1. All parties (consent) (do not consent) to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). [*Circle one.]* The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed*.] **TBD**

2. This case (is) (is not) to be tried to a jury. [*Circle one*.] **TBD**

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of the April 14, 2026 Order. [Absent exceptional circumstances, thirty (30) days.] Defendants must file an Answer and any Counterclaims by September 4, 2026.

4. Initial disclosures, pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be served not later than 14 days from the date of the April 14, 2026 Order. [*Absent exceptional circumstances, fourteen (14) days*.]

5. All fact discovery shall be completed no later than October 16, 2026. [*A period not to exceed 120 days (use an exact date), unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. ~~The following interim deadlines (use exact dates) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:~~

a. Initial requests for production of documents to be served by _______________.
b. Interrogatories to be served by ______________________________________.
c. Depositions to be completed by ______________________________________.
d. Requests to Admit, no more than 25 per side without leave from Court, to be served no later than _______________________________________________.

7. a. All expert discovery shall be completed no later than January 8, 2027. [*Absent exceptional circumstances, a date forty-five (45) days (use an exact date) from the date in paragraph 5, i.e. the completion of all fact discovery.]*

b. No later than thirty (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

i. The parties have met and conferred and agree to the following schedule regarding expert disclosures:
a. November 6, 2026: Opening expert reports due
b. December 7, 2026: Rebuttal expert reports due
c. January 8, 2027: Close of expert discovery

8. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements, except that motions in limine may be made without a premotion conference on the schedule set forth in paragraph 11. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a Pre-Motion Letter relating thereto is filed no later than fourteen (14) days after the date set by the Court for the close of fact discovery.

9. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days after the close of fact discovery.

10. a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

______________________________________________________________
______________________________________________________________
______________________________________________________________

b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

______________________________________________________________

c. Counsel for the parties recommend that the alternate dispute resolution mechanism

designated in paragraph b, be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery)

______________________________________________

______________________________________________

d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is thirty (30) days after the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine shall be filed after the close of discovery but sufficiently before the Final Pretrial Submission Date to allow all briefing by all parties by the Final Pretrial Submission date; the Pre-Motion Letter requirement is waived for any such motion in limine. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If the action is to be tried to the Court, all "Final Pretrial Submissions (Non-Jury)" described in the Judge's Individual Practices (at ¶6.D) shall be filed by the Final Submission Date with the schedule for each party's submission to be agreed upon by the parties.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: **TBD**.

13. The Parties agree to the following pre-trial schedule, for which such issues have been assigned to Magistrate Judge Stein:

a. September 4, 2026 – defendants to file Answer and Counterclaims

b. September 11, 2026 – all parties to substantially complete document production[1]

c. September 15, 2026 – all parties to exchange privilege logs

d. October 16, 2026 – close of fact discovery

e. October 23, 2026 – deadline to raise any remaining fact discovery disputes with the express commitment that all outstanding discovery disputes at the close of fact discovery shall be conferred upon expeditiously and prior to October 19 so that they may be

[1] For any depositions occurring prior to September 11, the taking party will produce the documents they plan on using at least 5 days before the deposition and the defending party would similarly produce any responsive documents related to said deposition during that timeframe. Plaintiffs note that during the many conferrals across several weeks that the parties have been discussing scheduling and document exchange for depositions, no discussion of a counterclaim was raised. Plaintiffs seek to depose Defendants' witnesses regarding said counterclaims and sought to confer on any scheduling issues related to the same, including depositions dates. Defendants refused to provide any details regarding its counterclaims to streamline the conferral process. Defendants note that they advised Plaintiffs that, following Judge Castel's ruling on the Motion to Dismiss, Defendants would answer and assert counterclaims consistent with Fed. R. Civ. P. 12(a)(4)(A) and advised Plaintiffs of the nature of the counterclaims.

appropriately raised to this Court

f. October 30, 2026 – pre-motion summary judgment letters due

g. November 6, 2026 – opening expert reports due

h. December 7, 2026 – rebuttal reports due

i. January 8, 2027 – close of expert discovery

j. At the Court's convenience but later than January 13, 2027 – status conference with the Court

---

***TO BE COMPLETED BY THE COURT*:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14. [Other provisions included by Court.]

15. The next Case Management Conference is scheduled for ________________ at ____________.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1(C) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

__________________________________________

Hon. G. Stein
United States Magistrate Judge

Dated: New York, New York

______________________