AZA

**SHAHMEER HALEPOTA**
DIRECT 713.600.4953
MAIN 713.655.1101
FAX 713.655.0062
SHALEPOTA@AZALAW.COM

August 28, 2026

**Via ECF**
The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Ben & Jerry's Homemade, Inc. et al. v. Unilever PLC et al.*, No. 1:24-cv-08641-PKC — Pre-Motion Letter Regarding Motion for Partial Summary Judgment

Dear Judge Castel:

On December 14, 2025, the Plaintiff Class I Directors served as directors on Ben & Jerry's Independent Board. On December 15, 2025, Defendants issued a press release in four languages through PR Newswire—a paid publicity service—stating that Defendants had unilaterally erected two "eligibility requirements" for directors: a nine-year term limit and a requirement to sign Magnum's code of conduct. Fourth Am. Compl. ¶¶ 117–118, ECF No. 110; Mem. of Law in Supp. of Defs.' Mot. to Dismiss Plas.' Fourth Am. Compl. at 12–14, 16–17, ECF No. 118; Mem. of Law in Supp. of Defs.' Mot. to Substitute at 3, ECF No. 120. Magnum then used those "requirements" as a basis to remove each of the independent directors. *Id.* For months, Magnum has reiterated to this Court that the Class I Directors were removed due to these new "eligibility requirements." *Id.* The Class I Directors respectfully request the opportunity to move for partial summary judgment on the grounds that Magnum's removal efforts via their unilateral "eligibility requirements" breach the plain language of the Merger Agreement. The next conference before the Court is scheduled for October 15, 2026 at 11:00 a.m.

The summary judgment ruling requested by the Class I Directors would be based on five legal points this Court already elucidated in ruling on Defendants' Motion to Dismiss. First, "the Merger Agreement permits individuals seated on the Board immediately prior to an alleged breach of section 6.14(a) related to removal to sue under that provision." Op. and Order at 17, Dkt. No. 159. Second, "HoldCo continues to be bound by the Merger Agreement and cannot escape the restrictions on amendments to the Merger Agreement by simply amending the bylaws in a manner that conflicts with the Merger Agreement." *Id.* at 18. Third, "[t]he Merger Agreement defines 'Ineligible Director' in section 9.03" and "[n]owhere in the enumerated grounds for ineligibility is the concept of a term limit or requirement of adherence to a code of conduct." *Id.* at 18–19. Fourth, the Merger Agreement's "silence on the issue of a term limit in both section 6.14(a) and the section 9.03 definition of 'Ineligible Director' indicates that the creation of a term limit in the bylaws is

incompatible with the Merger Agreement." *Id.* at 19. Fifth, "[b]y acceding to the Merger Agreement, Unilever and Conopco, and by extension Magnum and HoldCo, bargained away the ability to impose such a limit. And as section 6.14(a) makes plain, removing a director requires a written request by a majority of the other directors in his or her class." *Id.* It is undisputed that Defendants did not obtain the required written request before purporting to remove the Class I Directors. No amount of discovery can alter the plain terms of the Merger Agreement and summary judgment is appropriate. *See Omni Quartz, Ltd. v. CVS Corp.*, 287 F.3d 61, 64 (2d Cir.2002) ("The proper interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may properly be resolved by summary judgment.").

The Class I Directors therefore request the opportunity to move for partial summary judgment that any removal based on Magnum's "eligibility requirements" breached the Merger Agreement. As this issue is straightforward, the Class I Directors propose filing their motion on September 7, 2026, with Defendants' response due September 21, and any reply due September 28.

Respectfully submitted,

Ahmad, Zavitsanos & Mensing, P.C.

By: [signature]

Shahmeer Halepota

cc: All counsel of record.