**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

*VIA ECF*

**David J. Lender**
+1 (212) 310-8153
david.lender@weil.com

September 3, 2026

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *Class I Directors of Ben & Jerry's Homemade, Inc. v. The Magnum Ice Cream Company N.V. et al.*, Case No. 24-cv-8641-PKC-GS (S.D.N.Y.)**

Dear Judge Castel:

Pursuant to Your Honor's Individual Practices, Defendants The Magnum Ice Cream Company N.V. ("**TMICC**") and Ben & Jerry's HoldCo, LLC ("**HoldCo**") (collectively, "**Defendants**") write in response to the former Class I Directors of Ben & Jerry's Homemade, Inc.'s ("**Plaintiffs**") pre-motion letter (the **"Letter"**) seeking to file a Motion for Partial Summary Judgment. ECF No. 164. For the reasons set forth herein, Plaintiffs' Partial Summary Judgment Motion is premature and the Court should set a summary judgment schedule after discovery closes, which is in a matter of weeks. The next conference before the Court is scheduled for October 15, 2026 at 11:00 a.m., the day before fact discovery concludes, and pre-motion summary judgement letters are due on October 30, 2026.

On August 21, 2026, the Court issued a decision on Defendants' Motion to Dismiss and Motion to Substitute—which eliminated two co-plaintiffs (Ben & Jerry's Homemade, Inc. and the Ben & Jerry's Foundation), two co-defendants (Unilever PLC and Conopco, Inc.), and seven of the ten claims asserted in the Fourth Amended Complaint. Just seven days later—and before Defendants even filed their Answer to the Fourth Amended Complaint—Plaintiffs sought leave to move for Partial Summary Judgment on the theory that "any removal based on Magnum's 'eligibility requirements' breached the Merger Agreement" because "Defendants did not obtain the required written request before purporting to remove the Class I directors." ECF No. 164 at 2.

Plaintiffs thus seek summary judgment on a portion of one of their three remaining claims while discovery remains ongoing and before the pleadings are even closed. That request is particularly premature because Defendants have advised Plaintiffs that they intend to assert breach of fiduciary counterclaims challenging, among other things, Plaintiffs' eligibility to serve on the Board.[1] Plaintiffs' proposed motion

---

[1] For the avoidance of doubt, Defendants also dispute the contentions raised in Plaintiffs' Letter and assert that any summary judgment motion by Plaintiffs would fail.

would therefore ask the Court to adjudicate a disputed issue on an incomplete record, before Defendants have had the opportunity to plead their counterclaims and before discovery concerning the parties' competing claims and defenses has concluded. The Court should reject Plaintiffs' attempt to obtain piecemeal summary judgment before the factual and legal issues bearing on the dispute have been fully developed. Further, given the current schedule with fact discovery and expert discovery proceeding on an expedited basis, it will be more efficient to brief all summary judgment issues together as opposed to doing them piecemeal.

As a preliminary matter, Defendants have yet to file their Answer and Counterclaims to the Fourth Amended Complaint following the Court's Order on Defendants' Motion to Dismiss. *See* Fed. R. Civ. P. 12(a)(4)(A) (allowing 14 days following a ruling on a Motion to Dismiss to file a responsive pleading pursuant to Rule 12). Plaintiffs' claim that the issues are "undisputed" and "straightforward" and ripe for early summary judgment is wrong. *See Toussie v. Allstate Ins. Co.*, 213 F. Supp. 3d 444, 446 (E.D.N.Y. 2016) ("It would be manifestly unjust and a waste of judicial resources if all relevant claims could not be adjudicated in this litigation because plaintiff had sought summary judgment prior to answer."). Moreover, Defendants' forthcoming counterclaims and affirmative defenses, which will directly challenge Plaintiffs' eligibility to serve on the Board, "'are inextricably interwoven with and inseparable from the issues raised in the [P]laintiff's [C]omplaint,'" *Crystalline H2O, Inc. v. Orminski*, 105 F. Supp. 2d 3, 9 (N.D.N.Y. 2000) (quoting *Boston Concessions Group, Inc. v. Criterion Ctr. Corp.,* 606 N.Y.S.2d 696, 697 (1st Dep't 1994)), and the relief they seek, namely the equitable remedy of reinstatement to the Board. Considering a partial summary judgment motion on a subpart of a claim before discovery is completed, including on Defendants' counterclaims and defenses, would be premature and "unfair and imprudent." *Id.*

Moreover, and contrary to Plaintiffs' request, discovery remains relevant to Plaintiffs' claim under Section 6.14(a) of the Merger Agreement. While the Court has found that Plaintiffs have *stated a claim* for breach under the Rule 12(b) standard, the eligibility of these individuals to serve on the Board—including whether they breached the Merger Agreement, the TMICC Code, or their fiduciary duties to Ben & Jerry's—clearly remains in dispute. For example, paragraph 131 of the Fourth Amended Complaint asserts "[t]he Class I Directors … have fulfilled their obligations under the Merger Agreement, including all conditions precedent, if any, and but for Defendants' breaches, the Class I Directors … and Defendants are each able to continue performing their obligations under the agreement." Defendants dispute this assertion, which is a necessary element of the breach claim. *See Spencer-Smith v. Ehrlich*, 347 F.R.D. 606, 620 (S.D.N.Y. 2024) ("if the condition precedent has not been satisfied, the defendant would have had no obligation to perform and thus the failure to perform cannot constitute a breach" (collecting cases)). Further, the parties previously represented to the Court that they each intend to submit expert testimony from a corporate governance expert. *See* ECF Nos. 135, 136. Defendants expect the expert testimony to relate directly to the issues on which Plaintiffs seek summary judgment and the questions presented by the Court in its decision on Defendants' motion to dismiss. Accordingly, judicial interests will be best served if the fact and expert discovery continue and all such testimony is available to determine motions for summary judgment.

Plaintiffs cannot cut off Defendants' rights to further discovery. "[C]ourts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete." *Toussie,* 213 F. Supp. 3d at 445 (collecting cases); *Elliott Assocs., L.P. v. Republic of Peru*, 961 F. Supp. 83, 86 (S.D.N.Y. 1997) ("It is the duty of this court under Rule 56[(d)] to ensure that the parties have been given a reasonable opportunity to make their record complete before ruling on a motion for summary judgment." (internal quotation marks omitted)); *see also Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery."). Under the current schedule, fact discovery is set to conclude on October 16, 2026, and expert discovery concludes on January 8, 2027 (with pre-summary judgment letters to be filed by October 30, 2026). *See* ECF No. 165.

Plaintiffs cannot repurpose the Court's decision on the Motion to Dismiss into a premature and partial summary judgment motion. Defendants have not had an opportunity to raise their defenses and counterclaims, to say nothing of obtaining adequate discovery from Plaintiffs. Summary judgment motions should be briefed together once discovery is completed. Defendants respectfully request that the Court deny Plaintiffs' request to move for early Partial Summary Judgment so that both parties may complete discovery and, thereafter, move for summary judgment on all issues simultaneously.[2]

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ David J. Lender*
David J. Lender

*Attorney for Defendants The Magnum Ice Cream Company N.V.*
*and Ben & Jerry's HoldCo, LLC*

cc: All Counsel of Record (Via E-filing)

[2] To the extent the Court is inclined to grant Plaintiffs' request to move for Partial Summary Judgment, Defendants propose the following modifications to Plaintiffs' proposed schedule: Plaintiffs' motion to be filed on September 8, 2026 (instead of September 7); Defendants' opposition due October 1, 2026 (instead of September 21); and Plaintiffs' reply due October 16, 2026 (instead of September 28).