AZA

**Shahmeer Halepota**
Direct 713.600.4953
Main 713.655.1101
Fax 713.655.0062
shalepota@azalaw.com

September 25, 2026

**Via ECF**
The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Class I Directors of Ben & Jerry's Homemade, Inc. v. The Magnum Ice Cream Company N.V. et al.*, Case No. 24-cv-8641-PKC-GS (S.D.N.Y.) — Pre-Motion Letter Regarding Motion to Dismiss

Dear Judge Castel:

Pursuant to Rule 3(A) of Your Honor's Individual Practices in Civil Cases, Plaintiffs Class I Directors of Ben & Jerry's Homemade, Inc. respectfully request the opportunity to move to dismiss the three counterclaims filed on September 4, 2026. The next conference before the Court is scheduled for November 19, 2026 at 12:00 p.m.

On August 21, 2026, this Court dismissed every declaratory judgment count in this case. The Court dismissed Counts Three, Six, and Eight because the requested declarations "largely replicate[d] the determinations necessary to resolve the breach of contract claims," and because the rights implicated "will be resolved through Count One." Op. & Order at 23–24, ECF No. 159. The Court then dismissed Count Four for lack of contractual standing. *Id.* at 24. Two weeks later, Defendants The Magnum Ice Cream Company N.V. ("Magnum") and Ben & Jerry's HoldCo, LLC ("HoldCo"), joined by former co-plaintiff Ben & Jerry's Homemade, Inc. ("B&J"), filed three counterclaims seeking declaratory relief that poses the identical Section 6.14(a) eligibility question this Court must already decide on Count One. Countercls. ¶¶ 271–308, ECF No. 169. The Class I Directors will move to dismiss the Counterclaims on six grounds.

*First*, Count I and the complicity theory underlying Count II rest on conduct falling outside the limitations period. The pleaded breach against Mittal is her direction of charitable funds "to organizations from which she received compensation[.]" Countercls. ¶ 280, ECF No. 169. Counterclaimants allege that "[b]etween 2011 and 2023" the Ben & Jerry's Foundation donated "hundreds of thousands of dollars to the Oakland Institute," including "at least $345,600 . . . through grants issued at the personal discretion of its trustees, including Mittal," *id.* ¶¶ 178–79, and that Mittal has served as a Foundation trustee "[s]ince 2012," *id.* ¶ 82. Count II incorporates those same dates, alleging that the remaining directors failed "to curtail Mittal's misconduct"

"[t]hroughout her tenure" and that their "complicity" constitutes "independent violations of their fiduciary duties." *Id.* ¶¶ 19–20, 83. Putting aside that Unilever had previously described these same allegations as "extreme personal slander," conduct predating September 4, 2020, falls outside the applicable six-year period under either New York or Vermont law. *See* N.Y. C.P.L.R. 213(7); 12 V.S.A. § 511.

*Second*, the counterclaims ask this Court to decide the same question twice, because eligibility is an element of Count One of the complaint and Counterclaimants have made it their defense to Count One. The Merger Agreement provides that "[n]o Ineligible Director shall be permitted at any time to be elected to the [] Board." Countercls. ¶ 51 (quoting Merger Agreement § 6.14(a)). This Court previously concluded that the Class I Directors' surviving claim asks whether Plaintiffs "were wrongfully deemed ineligible and thus removed, or not appointed, in violation of section 6.14(a)." Op. & Order at 20, ECF No. 159. The counterclaims point to the same facts as a source of affirmative relief. The Court must therefore address the validity of the code-certification and term-limit grounds to resolve Count One of Plaintiffs' complaint. Such duplicative mirror-image claims are "routinely" dismissed by courts in this Circuit. *See* Op. & Order at 23, ECF No. 159 (quoting *StandardAero Aviation Holdings, Inc. v. Signature Aviation Ltd.*, 22-cv-7515, 2024 WL 125574, at *5 (S.D.N.Y. Jan. 11, 2024)).

*Third*, Section 9.03 of the Merger Agreement bars Magnum's allegations regarding Chair Mittal's criticisms of Defendants as "derogatory." Section 9.03 defines an Ineligible Director as "[a]ny member of the Company Board at the date hereof" who commits one or more of four enumerated acts, a definition this Court has described as "limited." Op. & Order at 18–19, ECF No. 159 (quoting Merger Agreement § 9.03). The phrase "date hereof" refers to the 2000 Merger Agreement. *See* Merger Agreement at 1, ECF No. 169-1 at 2. Counterclaimants' reference to § 9.03 elides the temporal limitation*, see* Countercls. ¶ 51, ECF No. 169, and their allegations explain why. Mittal "served as a Class I Director on the Board from 2007," *id.* ¶ 29, Najib's, Dodson's Samuels' and Sok's Board service began in 2024, 2012, 2021, and 2021 respectively, *id.* ¶¶ 30–31, 33–34, and Miller is "the former Social Mission Director of B&J" and allegedly never a director at all, *id.* ¶¶ 22, 35.

*Fourth*, Count II rests entirely on a bylaw provision that cannot create eligibility requirements the Merger Agreement does not contain. Count II rests on Section 3.2 of the Amended Bylaws, under which eligibility allegedly requires written certification of code compliance and the absence of "fraudulent or dishonest conduct," and it seeks a reelection bar "pursuant to Section 3.2" and nothing else. *Id.* ¶¶ 294, 299. But as this Court has concluded, the shareholder "continues to be bound by the Merger Agreement and cannot escape the restrictions on amendments to the Merger Agreement by simply amending the bylaws in a manner that conflicts with the Merger Agreement." Op. & Order at 18, ECF No. 159. Count II asks for precisely the relief this Court's ruling forecloses, a declaration that these directors "are not eligible for reelection" based on

failures "to certify compliance with the Unilever and [Magnum] codes of conduct." Countercl. ¶ 299, ECF No. 169.

*Fifth*, B&J cannot assert a counterclaim against its former coparty, and the filing is months past the deadline to add claims. Federal Rules of Civil Procedure 13(a) and (b) allow counterclaims only against an "opposing party." An opposing party exists only when a plaintiff asserts a claim against the party as a defendant, or when a party asserts a crossclaim against a coparty. *See Luyster v. Textron, Inc.*, 266 F.R.D. 54, 62 (S.D.N.Y. 2010); *Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 701 F. Supp. 2d 568, 590 (S.D.N.Y. 2010). B&J was aligned with the Class I Directors as a coparty, and this Court dismissed the claims brought by B&J. Op. & Order at 17, 27, ECF No. 159. No Class I Director has asserted a crossclaim against B&J nor was B&J ever adverse to the Class I Directors on any claim. After having its claims dismissed, B&J did not seek leave to intervene and instead merely attempted to file a "counterclaim." The filing is also untimely under the Amended Case Management Plan, which bars amended pleadings absent leave and required any motion to amend or join within thirty days of the April 14, 2026 Order. *See* ECF No. 161-1 ¶ 3.

*Sixth*, Vermont law provides the more appropriate procedural vehicle for the declaratory relief Counterclaimants seek. Counts I and II rest on 11A V.S.A. § 8.30(a)(1)–(3), and on Vermont authorities defining the duties of loyalty and good faith. Countercls. ¶¶ 273, 288, ECF No. 169. Yet the relief Counterclaimants actually want is a judicial bar on reelection. *Id.* ¶¶ 285, 299. The Vermont Business Corporation Act provides that such a proceeding "shall" be brought in Vermont Superior Court. 11A V.S.A. § 8.09(a)(2). B&J is a Vermont corporation with its principal place of business in Burlington. Countercls. ¶ 26, ECF No. 169. The existence of a more effective remedy is a recognized ground for declining declaratory relief. *See Dow Jones & Co., Inc. v. Harrods Ltd.*, 346 F.3d 357, 360 (2d Cir. 2003) (citations omitted).

The Class I Directors therefore respectfully request the opportunity to move to dismiss the counterclaims. The Class I Directors propose filing their motion within 14 days of the Court's permission to do so, with Defendants' response due 21 days thereafter, and any reply due within 14 days of the filing of the response.

Respectfully submitted,

Ahmad, Zavitsanos & Mensing, P.C.

By: 

Shahmeer Halepota

cc: All counsel of record.