SHAHMEER HALEPOTA
DIRECT 713.600.4953
MAIN 713.655.1101
FAX 713.655.0062
SHALEPOTA@AZALAW.COM

September 27, 2026

**Via ECF**
The Honorable Gary Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Ben & Jerry's Homemade, Inc. et al. v. Unilever PLC et al.*, No. 1:24-cv-08641-PKC — Request to Amend Complaint

Dear Judge Stein:

The Class I Directors of the Ben & Jerry's Independent Board ("Plaintiffs") respectfully seek leave to file the Fifth Amended Complaint (the "Proposed Amendment"), a redline of which is attached as Exhibit 1 and a clean copy of which is attached as Exhibit 2. Leave is warranted because of new factual developments that postdate the deadline to amend as of rights. ECF No. 159.

**1. Legal standard.**

Under Rule 15(a)(2), leave to amend "should [be] freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be denied "only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603–04 (2d Cir. 2005) (quoting *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir. 1987)). Where, as here, amendment is sought after a scheduling deadline, the movant must also demonstrate "good cause" under Rule 16(b). *See Massachusetts Bay Ins. Co. v. Seneca Ins. Co.*, 697 F. Supp. 3d 196, 201 (S.D.N.Y. 2023). Good cause exists when the movant could not reasonably have met the deadline despite diligence and becomes particularly clear when amendment is based on developments that occurred after the deadline. *See id.* at 201–02.

**2. New factual developments warrant amendment.**

On August 26, 2026—well after the deadline to amend as of right—Defendants purported to nominate three new Class I Directors: Nora Benavidez, Michael McAfee, and Eva Schulte. *See* Look, A. (Aug. 26, 2026), *Ben & Jerry's to Name New Board Members After Long Process, Rejection*, The Wall Street Journal, https://www.wsj.com/business/ben-jerrys-to-name-new-board-members-after-long-process-rejection-be1b4ced. These nominations were made without

obtaining the consent of a majority of the Class I Directors as required by Section 6.14(a) of the Merger Agreement. A majority of the Plaintiff Class I Directors did not designate these three individuals for election to the Company Board. And given the invalidity of the purported removals of the Plaintiff Class I Directors, the Plaintiff Class I Directors constitute the Class I Directors from whom Defendants were required to obtain majority consent.

These facts could not have been known or pleaded before August 26, 2026. While the August 26, 2026 purported appointments are implicitly addressed by relief sought in the Fourth Amended Complaint, the Plaintiff Class I Directors seek to eliminate any argument that the new appointments fall outside the scope of the existing case. Plaintiffs acted diligently by incorporating this new conduct into the Proposed Amendment promptly after it occurred. This is precisely the type of post-deadline development that satisfies the good-cause standard. *See Massachusetts Bay*, 697 F. Supp. 3d at 202 (finding good cause where circumstances changed after the amendment deadline).

**3. No good basis exists to deny leave.**

The Proposed Amendment is not futile. It pleads claims that are plausible on their face. There is no undue delay, as the amendment is prompted by events that occurred last month. The amendment will not prejudice Defendants, who have been on notice of the related series of events that undergird the newly pleaded details since the start of this lawsuit. And there is no bad faith. The Proposed Amendment is a good-faith response to changed circumstances.

Plaintiffs do not seek an extension of the discovery deadline based on these appointments. Although Plaintiffs acknowledge there have been multiple amendments, each prior amendment was due to Defendants mid-litigation actions, including attempting to remove each of the independent directors.

**4. The Proposed Amendment also conforms the pleadings to Judge Castel's ruling.**

The edits in the Proposed Amendment otherwise conform to Judge Castel's August 21, 2026 Opinion and Order on the motion to dismiss, ECF No. 159. The Proposed Amendment narrows the pleadings consistent with the Court's ruling, including adjustments to the parties, claims, and allegations. When amending for an independent reason, it is proper to omit the content that had previously been dismissed without leave to amend. *See, e.g.*, *P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 96 (2d Cir. 2004) ("We will not require a party, in an amended complaint, to replead a dismissed claim in order to preserve the right to appeal the dismissal when the court has not granted leave to amend.[] Such a formalistic requirement serves no valid purpose.").

**5. Meet and confer.**

Plaintiffs attempted to confer with Defendants before filing this letter. Plaintiffs provided Defendants with a draft of the Proposed Amendment and met and spoke with them about it. Defendants indicated they oppose the relief sought. *See* Fed. R. Civ. P. 15(a)(2).

Plaintiffs therefore respectfully request that the Court grant leave to file the Fifth Amended Complaint.

Respectfully submitted,

Ahmad, Zavitsanos & Mensing, P.C.

By:

Shahmeer Halepota

cc: All counsel of record.