**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

*VIA ECF*

**David J. Lender**
+1 (212) 310-8153
david.lender@weil.com

October 1, 2026
The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** ***Class I Directors of Ben & Jerry's Independent Board v. The Magnum Ice Cream Company N.V., et al.*, Case No. 24-cv-8641-PKC-GS (S.D.N.Y.)**

Dear Judge Castel:

Pursuant to Rule 3(A) of Your Honor's Individual Practices, The Magnum Ice Cream Company N.V. ("**TMICC**"), Ben & Jerry's HoldCo, LLC ("**HoldCo**"), and Ben & Jerry's Homemade, Inc. ("**B&J**") (collectively, "**Counterclaim-Plaintiffs**") write in response to the pre-motion letter filed by the former Class I Directors of Ben & Jerry's Independent Board (the "**Former Class I Directors**" or "**Counterclaim-Defendants**") requesting permission to move to dismiss the counterclaims filed on September 4, 2026. *See* ECF No. 176; *see also* ECF No. 169 (the "**Counterclaims**"). For the reasons set forth herein, the Court should deny the Former Class I Directors' request because each of their arguments is legally deficient, and none warrants dismissal of the well-pled Counterclaims. Further, the parties have undertaken nearly all fact discovery and a schedule for summary judgment motions has been set. Counterclaim-Plaintiffs do not intend at this time to amend their Counterclaims, which are well-pled and which, for the reasons below, are not subject to dismissal based on the arguments put forth by the Former Class I Directors. If, however, Your Honor grants the Former Class I Directors' request to file a motion and then dismisses the Counterclaims, Counterclaim-Plaintiffs would seek leave to file amended counterclaims. The next conference before Your Honor is scheduled for November 19, 2026, at 12:00 p.m.

## I. Background

The Former Class I Directors filed their first complaint in the above-captioned litigation on November 14, 2024, purporting to assert a single claim on behalf of B&J against B&J's ultimate parent company, Unilever PLC ("**Unilever**"), and sole shareholder, Conopco, Inc. ("**Conopco**") for breach of contract. *See* ECF No. 5. From their very first submission in this case, Unilever and Conopco argued that the Former Class I Directors lack authority to sue in B&J's name. *See* ECF No. 28 at 2-3. The Former Class I Directors subsequently amended their complaint four times to, among other things, add themselves as named plaintiffs; allege various breaches of the Agreement and Plan of Merger, Amended and Restated as of July 5, 2000, entered into between B&J, Conopco, and Vermont All Natural Expansion Company, ECF No. 50-7 (the "**Merger Agreement**"); add The Ben & Jerry's Foundation, Inc. as a plaintiff; and add TMICC and

HoldCo as defendants. *See* ECF Nos. 32, 50, 78, 110. At each amendment, the Former Class I Directors continued to purport to assert claims on behalf of B&J. At each turn, Defendants disputed the Former Class I Directors' ability to do so.

On May 18, 2026, Defendants moved to dismiss the operative Fourth Amended Complaint (ECF No. 110), *see* ECF Nos. 117–18. On August 21, 2026, the Court issued an Opinion and Order, in which it, among other things, dismissed seven of the ten claims asserted in the Fourth Amended Complaint, dismissed The Ben & Jerry's Foundation, Inc. as a plaintiff, and held that, under the plain text of the Merger Agreement, the Former Class I Directors lack authority to sue on B&J's behalf. *See* ECF No. 159 ("**MTD Order**") at 13–17, 22–26.[1] As such, no claims remain that were previously brought—improperly—in B&J's name.

Following the Court's decision, three claims asserted by the Former Class I Directors remain: (i) Count One, for alleged breach of Section 6.14(a) of the Merger Agreement; (ii) Count Five, for alleged breach of Sections 2(b), (g), and (j) of the Settlement Agreement; and (iii) Count Seven, for alleged breach of the amendment to the Settlement Agreement. *See id.* at 17–22.

On September 4, 2026, remaining Defendants TMICC and HoldCo filed their answer to the Fourth Amended Complaint and asserted counterclaims against the Former Class I Directors. *See* ECF No. 169. B&J also joined as a Counterclaim-Plaintiff to assert counterclaims against the Former Class I Directors. *See id.* Together, the Counterclaim-Plaintiffs assert a total of three counterclaims for (i) a declaratory judgment that Former Class I Director Anuradha Mittal breached her fiduciary duties to B&J, TMICC, and HoldCo and is ineligible to serve on or be elected to the Board, including under the Merger Agreement, B&J's bylaws, and B&J's articles of incorporation; (ii) a declaratory judgment that Former Class I Directors Jennifer Henderson, Daryn Dodson, Detavio Samuels, Chivy Sok, and Aseel Najib breached their fiduciary duties to B&J, TMICC, and HoldCo and are ineligible to serve on or be elected to the Board, including under B&J's bylaws; and (iii) a declaratory judgment that Chris Miller—whom the Former Class I Directors purported to elect to the Board in December 2025—is ineligible to serve on or be elected to the Board, including under the Merger Agreement, B&J's bylaws, and B&J's articles of incorporation. *See id.* ¶¶ 271–308.

## II. <u>Argument</u>

### A. The Counterclaims Are Timely and Within the Six-Year Statute of Limitations

Plaintiffs argue that *certain of the* conduct pled in the Counterclaims falls outside of Vermont's six-year statute of limitations for fiduciary duty claims because some of the alleged misconduct occurred as early as 2011. *See* Letter at 1–2. The Counterclaims describe multiple instances of misconduct that occurred through at least 2025 and are well within the statute of limitations period, with only a handful of examples

[1] In the same Opinion and Order, the Court granted a motion to substitute Unilever and Conopco out of the case, leaving TMICC and HoldCo as the only remaining defendants. *See* ECF No. 159 at 26–27.

that occurred prior to September 4, 2020. *See, e.g.*, ECF No. 169 ¶¶ 142–69, 188–225. The Counterclaims also allege that Mittal's misconduct was a continuing practice and pattern that continued "throughout her tenure," which concluded in December 2025. ECF No. 169 ¶¶ 3, 29. Plaintiffs also do not contest that the misconduct of the other Former Class I Directors occurred after September 4, 2020. *See* Letter at 1-2 (citing ECF No. 169 ¶¶ 19–20, 83).

More important, however, is that the statute of limitations only accrues upon the injured party's discovery of its injuries, which is a factual issue inappropriate for determination at the motion to dismiss stage. *McLaren v. Gabel*, 229 A.3d 422, 436 (Vt. 2020). Indeed, because "the expiration of the statute of limitations [i]s an affirmative defense, a pre-answer motion to dismiss on this ground may be granted only if it is clear on the face of the complaint that the statute of limitations has run," meaning that, here, dismissal could only be granted if the Counterclaims show clearly that six years had passed since Counterclaim-Plaintiffs discovered the Former Class I Directors' misconduct. *Fargas v. Cincinnati Mach., LLC*, 986 F. Supp. 2d 420, 427 (S.D.N.Y. 2013). The Counterclaims show no such thing. To the contrary, Counterclaim-Plaintiffs learned of Anuradha Mittal's misconduct in late 2025, after which they promptly informed the other Former Class I Directors about such findings. ECF No. 169 ¶ 220. The factual discovery conducted to date supports this finding. Accordingly, there is no basis at this stage to dismiss any claims based on the expiration of the statute of limitations.

**B. The Fiduciary Duty Claims are Not Duplicative of Breach of Contract Claims in the Fourth Amended Complaint**

The Former Class I Directors contend that the three Counterclaims must be dismissed as "duplicative" because they "point to the same facts" in the Fourth Amended Complaint and the Court must resolve the same legal issues regarding director eligibility that are at the heart of Count One of their Fourth Amended Complaint. *See* Letter at 2. But that argument improperly seeks to confine the Counterclaims to alleged breaches of the Merger Agreement. The Counterclaims neither rest upon nor assert alleged breaches of the Merger Agreement; rather, they allege breaches of fiduciary duty that provide an independent basis for finding the Former Class I Directors are ineligible to serve on the Board.

The Former Class I Directors cannot confine this litigation to the four corners of the Merger Agreement when their actions implicate other causes of action that do not depend on a breach of contract analysis. The legal analysis and adjudication the Court must undertake to resolve the Counterclaims is distinct from—not duplicative of—the breach of Section 6.14(a) of the Merger Agreement that the Former Class I Directors asserted in Count One of their Fourth Amended Complaint. The only case the Former Class I Directors cite on this point demonstrates that these analyses are not duplicative of each other. In *StandardAero Aviation Holdings, Inc. v. Signature Aviation Ltd.*, the court held only that declaratory judgment requests may be dismissed "when the parties' rights will be adjudicated through *a breach of contract claim* in the same action." 2024 WL 125574, at *5 (S.D.N.Y. Jan. 11, 2024) (emphasis added) (internal quotations omitted). But here, Counterclaim-Plaintiffs seek declarations that Counterclaim-Defendants (i) breached their fiduciary duties and (ii) are ineligible to serve on or be elected to the Board.

Because these claims depend on different elements than the Former Class I Directors' breach of contract claim, the adjudication of Count One of the Fourth Amended Complaint will not resolve whether the Former Class I Directors breached their fiduciary duties under Vermont law. *Compare J.A. Morrissey, Inc. v. Smejkal*, 6 A.3d 701, 706 (Vt. 2010) (showing fiduciary breach requires showing a director owed a company a fiduciary duty that required him to act in good faith and with loyalty), *with Edwards v. Sequoia Fund, Inc.*, 938 F.3d 8, 12 (2d Cir. 2019) (elements of a breach of contract claim under New York law are "(i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages."). Nor does it resolve whether the Former Class I Directors have engaged in misconduct that renders them ineligible, including under distinct provisions of the Merger Agreement and under B&J's bylaws and articles of incorporation. Accordingly, because the Counterclaims "involve distinct legal issues and pursue[] distinct relief," they are "not duplicative of [the] breach of contract claim" asserted in Count One of the Fourth Amended Complaint. *Plata Cap. Ltd. v. Fin. Tech. Partners L.P.*, 2026 WL 710402, at *6 (S.D.N.Y. Mar. 13, 2026).

The Former Class I Directors similarly argue that the Court's analysis of the Fourth Amended Complaint in its MTD Order explicitly forecloses Count II of the Counterclaims, *see* Letter at 2–3, which seeks declarations that (i) former Class I Directors Daryn Dodson, Jennifer Henderson, Detavio Samuels, Chivy Sok, and Aseel Najib breached their fiduciary duties and (ii) these five individuals are ineligible to serve on the Board, "including pursuant to Section 3.2" of B&J's 2022 bylaws, due to such fiduciary duty breaches and other misconduct, *see* ECF No. 169 ¶¶ 298–99. Not so. In its MTD Order, the Court held only that the Fourth Amended Complaint plausibly alleged that HoldCo's imposition of term limits on Class I Directors and requirements that B&J directors comply with a code of conduct constituted *removal* in breach of Section 6.14(a) of the Merger Agreement, and did *not* present an "*eligibility* question." ECF No. 159 at 19 (emphasis added). By contrast, the Counterclaims explicitly present such an "eligibility question" unaddressed by the Court's opinion and seek determinations of whether the Former Class I Directors breached their fiduciary duties and whether such breaches render these directors ineligible for Board service—determinations which, as described above, are distinct from the analysis of the breach of contract claim pled in the Fourth Amended Complaint.

Likewise, the text of Section 9.03 of the Merger Agreement provides no basis for dismissal. The Former Class I Directors contend that the definition of "Ineligible Director" in Section 9.03 bars allegations regarding Mittal's derogatory comments. *See* Letter at 2. Not true. An "Ineligible Director" is one who "makes any public statement disparaging either Parent [or] Conopco." *See* Merger Agreement § 9.03. Even so, this is another instance in which the Former Class I Directors seek to confine the Counterclaims to the Merger Agreement. The definition of Ineligible Director does not determine whether the Former Class I Directors breached their fiduciary duties to Counterclaim-Plaintiffs, which is the primary basis for which Counterclaim-Plaintiffs seek a declaration of ineligibility. *See* ECF No. 169 ¶¶ 285, 299. Ms. Mittal and the other Former Class I Directors owed common law fiduciary duties to B&J; whether they breached those duties (including by making derogatory comments harmful to B&J) requires an independent analysis of the elements of a fiduciary duty claim under Vermont law. *See supra*.

Finally, contrary to the Former Class I Directors' assertion, the identity of the facts at issue in the Counterclaims and in the Fourth Amended Complaint *requires* the assertion of the Counterclaims—not their dismissal. Where, as here, the "essential facts" of counterclaims are so "logically connected" to those at issue in the claims asserted against a defendant, the defendant must, under Rule 13(a), assert compulsory counterclaims within the same litigation arising from those same facts. *See Mosdos Chofetz Chaim, Inc. v. Vill. Of Wesley Hills*, 701 F. Supp. 2d 568, 588 (S.D.N.Y. 2010) (internal quotations omitted). Indeed, the Former Class I Directors dedicate much of their Letter to the proposition that the Counterclaims point to the same facts and issues as the claims asserted in the Fourth Amended Complaint. *See* Letter at 2. Their arguments provide the very reasons why the Counterclaims should not be dismissed. The similarity of facts and legal issues asserted in the Counterclaims is a necessity under the Federal Rules of Civil Procedure, not a basis for dismissal.

**C. This Court is the Proper Forum to Adjudicate the Counterclaims**

The Former Class I Directors argue that the Vermont Business Corporation Act ("**VBCA**") is a better "procedural vehicle" for the relief requested in the Counterclaims and that Counterclaim-Plaintiffs must therefore bring their claims in a different proceeding in Vermont Superior Court. *See* Letter at 3. But the statute they cite governs the removal of directors. Here, by contrast, Counterclaim-Plaintiffs do not seek injunctive relief to *remove* the Former Class I Directors under the VBCA because none of the Plaintiffs currently sit on the Board. Because Counterclaim-Plaintiffs request only declarations that the Former Class I Directors breached their fiduciary duties and are ineligible for future service on the Board, they seek "distinct relief" than that provided by the VBCA, which distinction is sufficient to deny dismissal of the requested declaratory judgments. *Myers Indus., Inc. v. Schoeller Arca Sys., Inc.*, 171 F. Supp. 3d 107, 123 (S.D.N.Y. 2016). In any event, removal under the VBCA does not provide a more effective remedy than the requested declarations because it requires a distinct legal analysis and determination than the Counterclaims. *Compare* 11A V.S.A. § 8.09(a) (permitting removal for engaging in fraudulent or dishonest conduct or gross abuse of authority or discretion), *with J.A. Morrissey, Inc.*, 6 A.3d at 706 (fiduciary breach requires showing a director owed a company a fiduciary duty that required him to act in good faith and with loyalty). Even if the statute did provide an alternative remedy (which it does not), Counterclaim-Plaintiffs' "election to use one available procedural device instead of another" does not necessitate dismissal. *Myers Indus., Inc.*, 171 F. Supp. 3d at 124. And, as described above, Rule 13(a) *requires* Counterclaim-Plaintiffs to assert their Counterclaims regarding the Former Class I Directors in *this* action—not in a separate action in Vermont Superior Court—because they arise from the same facts underpinning the Former Class I Directors' Fourth Amended Complaint. *See Mosdos Chofetz Chaim, Inc.*, 701 F. Supp. 2d at 588. Finally, for the reasons described in more detail below, requiring Counterclaim-Plaintiffs to pursue their claims in Vermont Superior Court would be an inefficient waste of resources after the parties have already invested substantial time and effort into litigating this action involving substantially similar factual issues as those asserted in the Counterclaims and exchanging voluminous discovery regarding these precise factual issues.

**D. B&J's Counterclaims Are Not Barred Due to Former Class I Directors' Wrongful Assertion of Claims on its Behalf**

The Former Class I Directors argue that B&J may not assert counterclaims because it was not previously an opposing party to this litigation but a coparty of the Former Class I Directors. *See* Letter at 3. But B&J was never actually "aligned with the [Former] Class I Directors as a coparty" and the Court did not "dismiss[] [B&J's] claims." *See id.* Rather, the Court found that the Former Class I Directors never even had authority in the first place to "sue . . . in [B&J's] name." ECF No. 159 at 17. The Former Class I Directors thus cannot prevent B&J from asserting a counterclaim simply because they had falsely and improperly purported to assert claims on B&J's behalf.

In any event, "the term 'opposing party' [] encompass[es] entities that are one and the same for the purposes of . . . litigation," *Nielsen Co. (U.S.), LLC v. Success Sys., Inc.*, 112 F. Supp. 3d 83, 118 (S.D.N.Y. 2015), which includes, for the purpose of asserting a counterclaim, a wholly owned subsidiary that "represent[s] the same interests" as its parent in the litigation, *see In re Peaktop Techs. (USA), Inc. S'holder Derivative Litig.*, 2007 WL 700826, at *2–3 (S.D.N.Y. Mar. 6, 2007). Because B&J represents the same interests as its shareholder—HoldCo—and its parent company—TMICC—in having directors on the B&J Board who fulfill their fiduciary obligations, it is an "opposing party" that must file compulsory counterclaims under Rule 13(a). *See Nielsen Co. (U.S.), LLC*, 112 F. Supp. 3d at 118; *In re Peaktop Techs. (USA), Inc. S'holder Derivative Litig.*, 2007 WL 700826, at *2–3.

Moreover, as discussed *supra*, B&J must be permitted to assert its counterclaims now. A counterclaim is compulsory if "a logical relationship exists between the [original] claim and the counterclaim and if the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Mosdos Chofetz Chaim, Inc.*, 701 F. Supp. 2d at 588. Because of the identity of factual issues between the Fourth Amended Complaint and B&J's counterclaims, B&J must now assert its counterclaims under Rule 13(a) to vindicate its rights.

**E. Judicial Economy Cuts Against Permitting a Motion to Dismiss**

Finally, judicial economy militates against permitting the Former Class I Directors to file a motion to dismiss. At the hearing before the Court on April 14, 2026, Your Honor ordered the parties to conduct expedited discovery while they concurrently briefed Defendants' motion to dismiss the Fourth Amended Complaint. *See* ECF 100. For over five months, the parties have conducted extensive discovery, much of it occurring before the Court issued its MTD Order, the issuance of which allowed Counterclaim-Plaintiffs to file a responsive pleading. The deadline for substantial completion of document production has passed, with Counterclaim-Plaintiffs producing over 60,000 documents already, and the depositions of many of the most consequential witnesses—including 30(b)(6) depositions for TMICC and Unilever—have already taken place. Because, as the Former Class I Directors point out in their Letter, the relevant factual allegations in the Counterclaims overlap substantially with those alleged in the Fourth Amended Complaint, the subject of the parties' extensive document discovery and depositions relates largely to the

very misconduct alleged in the Counterclaims. Accordingly, the parties have already invested substantial resources to gather and obtain the evidence underpinning the Counterclaims. Permitting briefing on a motion to dismiss at this stage would thus unnecessarily delay resolution of the Counterclaims, given that the Former Class I Directors have already obtained discovery on the most relevant allegations and the parties are nearing expert discovery and summary judgment.

## III. Conclusion

For the reasons outlined above, Counterclaim-Plaintiffs respectfully request that the Court deny the Former Class I Directors' request to move to dismiss the Counterclaims.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ David J. Lender*

David J. Lender

*Attorney for Defendants-Counterclaim-Plaintiffs*
*The Magnum Ice Cream Company N.V.*
*and Ben & Jerry's HoldCo, LLC and for*
*Counterclaim-Plaintiff Ben & Jerry's Homemade, Inc.*