**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

*VIA ECF*

October 1, 2026

**David J. Lender**
+1 (212) 310-8153
david.lender@weil.com

The Honorable Gary Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *Class I Directors of Ben & Jerry's Independent Board v. The Magnum Ice Cream Company N.V., et al.*, Case No. 24-cv-8641-PKC-GS (S.D.N.Y.)**

Dear Judge Stein:

Pursuant to paragraph 14 of the Case Management Order, dated September 1, 2026 [ECF No. 165], Defendants The Magnum Ice Cream Company N.V. ("**TMICC**") and Ben & Jerry's HoldCo, LLC ("**HoldCo**") (collectively, "**Defendants**") and Counterclaim-Plaintiffs TMICC, HoldCo, and Ben & Jerry's Homemade, Inc. ("**B&J**") (collectively, "**Counterclaim-Plaintiffs**") hereby submit a status update on the parties' discovery efforts.

The conference with Judge Castel previously scheduled for October 15, 2026, has been adjourned to November 19, 2026 [ECF No. 175]. In accordance with the Case Management Order, fact discovery is scheduled to close on October 16, 2026, and expert discovery will close on January 8, 2027.

Following Judge Castel's ruling on Defendants' Motion to Dismiss and Motion to Substitute [ECF No. 159], on September 4, 2026, Defendants filed an Answer and Counterclaims against former Class I Directors Anuradha Mittal, Aseel Najib, Daryn Dodson, Jennifer Henderson, Detavio Samuels, and Chivy Sok, as well as Chris Miller (together, "**Plaintiffs**" or "**Counterclaim-Defendants**"), seeking a declaratory judgment for breach of fiduciary duties. On September 25, 2026, Counterclaim-Defendants filed a pre-motion letter seeking leave to file a motion to dismiss the Counterclaims [ECF No. 176], and on September 27, 2026, Plaintiffs filed a pre-motion letter for leave to amend and file a Fifth Amended Complaint [ECF No. 177]. Defendants and Counterclaim-Plaintiffs oppose both requests and filed their responsive letters on October 1, 2026.

Since the August 20, 2026, discovery conference before the Court, the parties have substantially completed document production, exchanged privilege logs, and deposed certain party and non-party

witnesses.[1] Defendants and Counterclaim-Plaintiffs have advised Plaintiffs by letter of numerous discovery deficiencies, including (i) potential spoliation of documents by Anuradha Mittal as evidenced by identifiable gaps in Plaintiffs' document production and Ms. Mittal's admission that she lost many emails; (ii) Plaintiffs' failure to log privileged correspondence between counsel and Plaintiffs and to properly describe the privilege assertions on the underinclusive log they have provided; (iii) the refusal by Anuradha Mittal and Chivy Sok to answer questions at their depositions that did not call for privileged information; and (iv) Plaintiffs' failure since June 8, 2026, to respond to certain interrogatories. Defendants and Counterclaim-Plaintiffs will continue to engage with Plaintiffs in the meet-and-confer process and will raise outstanding disputes with the Court at the appropriate time.

With respect to the issues that were addressed during the August 20 conference with the Court, Defendants provide the following status update:

- Following conferral, Defendants and Counterclaim-Plaintiffs have reached an agreement with counsel for Mr. Ben Cohen regarding the production of documents [*see* ECF No. 155]. Notwithstanding Defendants' service of the document subpoena upon Mr. Cohen on May 26, 2026, due to the prolonged nature of the ensuing negotiations and to ensure that Mr. Cohen's documents are produced prior to Mr. Cohen's deposition, Defendants and Mr. Cohen have agreed to re-notice his deposition for October 20, 2026. Defendants and Counterclaim-Plaintiffs have sought consent from Plaintiffs to take Mr. Cohen's deposition outside the current discovery schedule.

- With respect to documents related to the business integrity investigation into Ms. Mittal, Defendants offered the following to resolve the parties' dispute consistent with their representation to the Court: (i) Defendants would provide a list of witnesses interviewed as part of the business integrity investigation on an "attorneys'-eyes-only" basis with one name anonymized because that witness will not be called to testify at trial and only agreed to be interviewed on the basis that their identity would remain confidential; and (ii) Defendants would produce the presentation with findings from the business integrity investigation that was scheduled to be presented to the B&J Board, if Plaintiffs agreed that providing such materials did not constitute a waiver. Defendants declined to produce privileged and attorney work product documents, including the interview memos. Plaintiffs rejected Defendants' offer.

Defendants and Counterclaim-Plaintiffs thank the Court for its attention to this matter.

---

[1] Due to scheduling constraints and the parties' continued negotiations, certain party and non-party depositions will take place following the close of fact discovery.

Respectfully submitted,

*/s/ David J. Lender*

David J. Lender

*Attorney for Defendants-Counterclaim-Plaintiffs*
*The Magnum Ice Cream Company N.V.*
*and Ben & Jerry's HoldCo, LLC and for*
*Counterclaim-Plaintiff Ben & Jerry's Homemade, Inc.*

cc: All Counsel of Record (Via E-filing)