AZA

**SHAHMEER HALEPOTA**
DIRECT 713.600.4953
MAIN 713.655.1101
FAX 713.655.0062
SHALEPOTA@AZALAW.COM

October 1, 2026

**Via ECF**
The Honorable Gary Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Ben & Jerry's Homemade, Inc. et al. v. Unilever PLC et al.*, No. 1:24-cv-08641-PKC — Request for Discovery Conference

Dear Judge Stein:

Pursuant to paragraph 14 of the Case Management Order, dated September 1, 2026 (ECF No. 165), The Class I Directors ("Plaintiffs") submit this status update on the parties' discovery efforts.

To date, the parties have exchanged productions and privilege logs and taken seven depositions: Anuradha Mittal (Class I Director); Chivy Sok (Class I Director); Liz Bankowski (Ben & Jerry's Foundation); Peter ter Kulve (Magnum); Abhijit Bhattacharya (Magnum); Jochanan Senf (Ben & Jerry's); and, Magnum's Corporate Representative. The parties have exchanged dates for 13 remaining depositions, with a dispute regarding whether Mr. Geraldo Rozanski (Magnum's Corporate Representative), will be presented in his personal capacity.

Plaintiffs have concerns regarding several discovery deficiencies, including: (1) potential spoliation regarding 10,000 of Defendants' documents which are inaccessible; (2) Defendants' witnesses refusal to answer various questions as well as their corporate representative's lack of preparation including admission that he had not reviewed documents he had been designated to testify upon and his twenty-five minute reading of the Merger Agreement mid-deposition in silence; (3) logging of over 1,600 documents as privileged despite such documents including media consultants or being forwarded to non-employee family members; (4) designation of dozens of documents as "confidential" despite such documents only including embarrassing internal correspondence showcasing a premeditated removal scheme; (5) mass privilege designations including a category of over 1,000 documents where neither the client, third party, or the relationship between entities is identified; (6) refusal to produce business integrity complaints regarding Mr. ter Kulve; and (7) refusal to designate a corporate representative on the topic of whether Magnum threatened Chair Mittal at her October 10, 2025 meeting with Unilever's General Counsel via an improper ultimatum as alleged in Paragraph 100 of the Fourth Amended Complaint ("[I]f Chair Mittal resigned and the Independent Board capitulated in the litigation, Unilever would provide Chair Mittal with a prominent position in a multi-million dollar, Unilever-funded nonprofit. If she and the Independent Board refused Unilever would be making public allegations

against her in its forthcoming prospectus."). The deficiencies above are exemplars and Plaintiffs will continue to confer with Defendants in an effort to resolve them amicably.

With regards to the issues raised during the August 20 conference with the Court:

1. **Audit Documents**: Defendants continue to raise privilege objections regarding their communications with third party auditors, Forensic Risk Alliance and Ernst & Young. Forensic Risk Alliance has advised that Defendants drafted their privilege log, and they are not raising any privilege objections of their own. EY has advised that Defendants have yet to conclude their privilege review of EY's proposed production.

2. **Business Integrity Documents**: At the August 20 hearing, Defendants stated they were "not relying on the BI investigation" and would withhold only "the actual report" and "the interview memos." Aug. 20 Tr. at 16, 19. The Court suggested producing factual materials, including witness interviews and notes, without waiving counsel's privileged communications or mental impressions, and Defendants represented that they had discussed that option with Plaintiffs, who refused. In reality, that offer had not been previously extended and when Plaintiffs sought that resolution post-hearing, Defendants changed their position. On September 21, Defendants offered only (i) an AEO list of witnesses interviewed in the BI Investigation, with one witness anonymized, and (ii) a presentation of BI findings that would have been presented to the Ben & Jerry's Board had the meeting continued, conditioned on Plaintiffs' agreement that production would not waive privilege. Defendants would produce nothing else and their privilege log asserts privilege or work product over 744 documents concerning the investigation—635 fully withheld and 109 redacted. Defendants have taken this position despite their Counterclaims alleging that the other Class I Directors breached their fiduciary duties (and therefore should not be reinstated to the Independent Board) by failing to remove Ms. Mittal after being advised of the Business Integrity findings and the allegation that their December 3 response to the BI findings was not a good-faith, independent assessment and that they allegedly failed to remediate her alleged misconduct. (ECF No. 169 at 77–79). Plaintiffs have repeatedly conferred with Defendants on this issue.

Following the August 20 hearing, on September 4, 2026, Defendants filed an Answer and Counterclaims against the Class I Directors and on September 25, 2026, the Class I Directors filed a pre-letter motion seeking leave to file a motion to dismiss the Counterclaims on various grounds, including statute of limitations and improper forum (ECF No. 176). On September 27, 2026, Plaintiffs filed a pre-motion letter seeking leave to file a Fifth Amended Complaint based on Defendants' efforts to appoint "new" Class I Directors (ECF No. 177). Defendants opposed both requests on October 1, 2026.

Currently, fact discovery is scheduled to close on October 16, 2026, and expert discovery will close on January 8, 2027. The conference with Judge Castel previously scheduled for October 15, 2026, has been adjourned to November 19, 2026.

Respectfully submitted,

Ahmad, Zavitsanos & Mensing, P.C.

By:

Shahmeer Halepota

cc: All counsel of record.