AZA

**Shahmeer Halepota**
Direct 713.600.4953
Main 713.655.1101
Fax 713.655.0062
shalepota@azalaw.com

October 21, 2026

**<u>Via ECF</u>**
The Honorable Gary Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Ben & Jerry's Homemade, Inc. et al. v. Unilever PLC et al.*, No. 1:24-cv-08641-PKC — Request for Discovery Conference.

Dear Judge Stein:

The Class I Directors respectfully request a conference under Local Civil Rule 37.2 to compel Defendants to produce documents responsive to RFP Nos. 98–110, 112–115, and 117–119. Each request and Defendants' response is set out in full in the attached Schedule A, in accordance with Local Civil Rule 37.1. The parties conferred on August 7, August 19, and September 17, and October 19, 2026, and are at an impasse.

**A. RFP Nos. 98–110: Investor and purchaser documents go to the heart of Defendants' counterclaims.**

Defendants' counterclaims allege that the Class I Directors' statements "caused significant reputational harm," ECF No. 169, Counterclaims at ¶ 16, and were made "with the aim of lowering the equity value of TMICC, Unilever, and/or B&J to below fair market value so that Cohen, Greenfield, and their consortium of investors could make a bid to acquire B&J," *id.* ¶ 260. Defendants claim the companies "will continue to suffer" damage and seek a declaration of ineligibility on that basis. *Id.* ¶¶ 262.

Post-demerger communications with investors and prospective purchasers are direct evidence of whether measurable harm occurred and who caused it. *See Juice Creative Grp., LLC v. UncommonGood, Inc.*, 2025 WL 2083210, at *3–4 (D. Conn. July 24, 2025) (investor and valuation discovery relevant where party alleged opponent hindered fundraising). The requests seek documents concerning any actual or prospective acquisition of, or significant investment in, Magnum, HoldCo, or Ben & Jerry's after the December 6, 2025 demerger (RFP Nos. 98–101, 103, 105–106); post-demerger communications with actual or prospective purchasers about the companies' value, performance, governance, this litigation, the Foundation audit, and the Mittal investigation (RFP Nos. 102, 104); documents concerning the effect of the Foundation audit, the Mittal investigation, and the term limits and removal efforts on investors or the demerger (RFP Nos. 107–109); and communications with investors or prospective purchasers about those same subjects (RFP No. 110).

Defendants refuse to produce anything, offering only to meet and confer on RFP Nos. 107-109. They object, in varying combinations, that the requests (1) are irrelevant because the case concerns "governance rights, funding of the Ben & Jerry's Foundation, and Ben & Jerry's social mission . . . not Defendants' financial or strategic decisions regarding potential investors, purchasers, or corporate transactions" (RFP Nos. 98–103, 105–106), or because investor effects and communications have "no bearing" on whether Defendants breached the Merger Agreement (RFP Nos. 107–110); (2) are overbroad because they reach "an unlimited universe of third parties over an undefined period"; (3) seek confidential information subject to third-party non-disclosure agreements; and (4) under their general objections, postdate December 31, 2025.

None of these objections has merit. Defendants filed counterclaims on September 4 that put the companies' equity value and a potential acquisition squarely at issue. ECF No. 169, Counterclaims at ¶ 260. RFP Nos. 98–106 are limited to the roughly ten months since the December 2025 demerger, and most are further limited to significant investments or acquisitions—a defined set of counterparties and transactions. RFP Nos. 107–110 are confined to discrete subjects—the Foundation audit, the Mittal investigation, and the term limits and removal efforts. Confidentiality is already addressed by a protective order. And Defendants cannot end discovery on December 31, 2025, while alleging harm the companies "will continue to suffer." *Id.* ¶ 262. The requests seek relevant information even without the counterclaims, as Defendants also seek the same categories from the Class I Directors, ECF No. 141 at Requests 30, 31, 35 (valuations, "attempts to purchase B&J," and "potential investors in B&J"), while insisting that "discovery is not a one-way mirror." ECF No. 141 at 1.

**B. RFP Nos. 112–115 and 117–119: Investigation standards, comparators, motive, and Foundation funds.**

On September 11, Defendants refused these requests in whole or in part and did not change their position at the September 17 conference. Defendants removed Ms. Mittal on the basis of the Business Integrity Investigation, and their counterclaims rely on the same accusations to seek a declaration that every Class I Director is ineligible. Whether that investigation was legitimate or pretextual turns on the governing standards, whether Defendants applied them evenhandedly, and whether the decision-makers had incentives to reach a particular result. Defendants' recurring objection—that the case concerns "governance rights and Ben & Jerry's social mission," not the conduct of the individuals named ignores that the legitimacy of the removal process *is* the governance dispute. Most requests seek only documents "sufficient to show" or "sufficient to identify."

**Investigation standards (RFP Nos. 112–113).** These seek documents sufficient to show the procedures governing Business Integrity Investigations since 2022 and to identify the third parties engaged to conduct them since 2020—the baseline against which the Mittal investigation and the choice of its investigators can be measured. Defendants raise no relevance objection to RFP No. 112, objecting only that it is overbroad, that "investigation of a similar kind" and "any related code, policy, or standard" are vague, and that some documents may be privileged. None of these objections justifies refusing to produce Defendants' own written policies. As to RFP No. 113,

Defendants object that it reaches investigations of non-parties, but identifying which firms Defendants ordinarily retain is the only way to test whether the Mittal engagement departed from practice.

**Comparators (RFP Nos. 114, 115, 118).** Defendants accuse Ms. Mittal of nonprofit conflicts that "damaged the finances, reputations, and operations of B&J, Unilever, and TMICC" and of conduct causing directors and employees to resign or leave their roles. ECF No. 169, Counterclaims at ¶¶ 10-16, 87, 100, 104, 266. RFP No. 115 seeks the obvious comparator: whether Nelson Peltz's conflict from sitting on Unilever's board while serving on the board of the Simon Wiesenthal Center—which, per *The Wall Street Journal*, urged consumers *not* to buy Ben & Jerry's—was disclosed or investigated. Defendants call the request "vague" for failing to identify the entity with which Mr. Peltz was conflicted; the answer is Unilever and Ben & Jerry's. RFP No. 118 seeks documents sufficient to identify integrity complaints involving six named individuals, limited to complaints concerning Ben & Jerry's, the Board, the Foundation, the social mission, this dispute, or the Mittal investigation and related events. RFP No. 114 seeks any inquiry into Jerry Greenfield's departure; Defendants say his resignation "as an employee" is irrelevant, Schedule A, Resp. to RFP No. 114, but they have made it relevant by accusing Ms. Mittal of causing employees and directors to resign or leave their roles. A comparison of the Mittal investigation to the investigation into the person or persons that caused Mr. Greenfield to resign is also relevant to test whether the Mittal investigation departed from practice.

**Motive (RFP No. 117).** This seeks documents sufficient to show bonuses or other benefits received, considered, or awarded to the individuals who participated in the Mittal investigation, Foundation audit, term limits, attempted removals, and related decisions, for work on those matters. Benefits tied to those outcomes bear directly on whether the decision-makers acted impartially. Defendants object that the Foundation audit is irrelevant because the Foundation's claims were dismissed but the Class I Directors independently allege the audit was part of the removal scheme and breached the Settlement Agreement. FAC ¶¶ 132(i), 163(g), (h), (i). Any confidentiality concern is addressed by a protective order.

**Foundation funds (RFP No. 119).** This seeks documents sufficient to show the status of funds owed or withheld under the Merger Agreement, Settlement Agreement, and Settlement Amendment. Defendants agreed to produce documents concerning funds for Palestinian almond farmers and Settlement Agreement donations but refuse to produce anything concerning Foundation funds because the Foundation is no longer a party and the Class I Directors purportedly lack standing to enforce Section 6.14(h) of the Merger Agreement. That objection ignores the Class I Directors' separate claim that Defendants breached the Settlement Agreement by disregarding the Board's Foundation funding decisions. FAC ¶ 163(g), (h). Defendants' response raises no standing objection to that claim.

For these reasons, the Class I Directors respectfully request that the Court compel Defendants to produce documents responsive to RFP Nos. 98–110, 112–115, and 117–119 within five days.

Respectfully submitted,
Ahmad, Zavitsanos & Mensing, PLLC

By:

Shahmeer Halepota

cc: All counsel of record.

**SCHEDULE A**

**Requests for Production at Issue and Defendants' Objections and Responses**

| Request for Production | Defendants' Objections and Response |
|---|---|
| **REQUEST FOR PRODUCTION NO. 98:** Produce all Documents and Communications exchanged after the Demerger between You and any private equity firm, investment fund, strategic buyer, investment bank, financial advisor, broker, or other potential acquirer (including but not limited to Blackstone and CD&R) concerning a possible acquisition or significant investment in Magnum, HoldCo, or Ben & Jerry's. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "all Documents and Communications" exchanged with an unlimited universe of third parties over an undefined period following the Demerger. Defendants further object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights, funding of the Ben & Jerry's Foundation, and Ben & Jerry's social mission under the Merger Agreement, not Defendants' financial or strategic decisions regarding potential investors, purchasers, or corporate transactions. Defendants further object to this Request as outside the scope of this litigation and not proportional to the needs of the case. Defendants further object to this Request to the extent it calls for highly confidential, commercially sensitive, or competitively sensitive information that, if it exists, may be subject to confidentiality and other non-disclosure agreements, and cannot be shared without the permission of the third party.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 99:** Produce all letters of intent, term sheets, indications of interest, bids, offers, expressions of interest, memoranda of understanding, exclusivity agreements, confidentiality agreements, and drafts thereof after the Demerger relating to any actual or potential acquisition of or significant investment in Magnum, HoldCo, or Ben & Jerry's. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "all Documents and Communications" exchanged with an unlimited universe of third parties over an undefined period following the Demerger. Defendants further object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights, funding of the Ben & Jerry's Foundation, and Ben & Jerry's social mission under the Merger Agreement, not Defendants' financial or strategic decisions regarding potential investors, purchasers, or corporate transactions. Defendants further object to this Request as outside the scope of this litigation and not proportional to the needs of the case. Defendants further object to this Request to the extent it calls for highly confidential, commercially sensitive, or competitively sensitive information that, if it exists, may be subject to confidentiality and other non-disclosure agreements, and cannot be shared without the permission of the third party.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |

| Request for Production | Defendants' Objections and Response |
|---|---|
| **REQUEST FOR PRODUCTION NO. 100:** Produce all Documents and Communications after the Demerger between You and any current or prospective investor, shareholder, member, or equity holder concerning any actual or potential acquisition of or significant investment in Magnum, HoldCo, or Ben & Jerry's. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "all Documents and Communications" exchanged with an unlimited universe of third parties over an undefined period following the Demerger. Defendants further object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights, funding of the Ben & Jerry's Foundation, and Ben & Jerry's social mission under the Merger Agreement, not Defendants' financial or strategic decisions regarding potential investors, purchasers, or corporate transactions. Defendants further object to this Request as outside the scope of this litigation and not proportional to the needs of the case. Defendants further object to this Request to the extent it calls for highly confidential, commercially sensitive, or competitively sensitive information that, if it exists, may be subject to confidentiality and other non-disclosure agreements, and cannot be shared without the permission of the third party.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 101:** Produce all investor presentations, pitch books, management presentations, confidential information memoranda, teasers, offering materials, and related Documents prepared for or provided to any private equity firm, investment fund, strategic buyer, investment bank, financial advisor, broker, or other potential acquirer (including but not limited to Blackstone and CD&R) after the Demerger concerning a possible acquisition or significant investment in Magnum, HoldCo, or Ben & Jerry's. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "all Documents and Communications" exchanged with an unlimited universe of third parties over an undefined period following the Demerger. Defendants further object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights, funding of the Ben & Jerry's Foundation, and Ben & Jerry's social mission under the Merger Agreement, not Defendants' financial or strategic decisions regarding potential investors, purchasers, or corporate transactions. Defendants further object to this Request as outside the scope of this litigation and not proportional to the needs of the case. Defendants further object to this Request to the extent it calls for highly confidential, commercially sensitive, or competitively sensitive information that, if it exists, may be subject to confidentiality and other non-disclosure agreements, and cannot be shared without the permission of the third party.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 102:** Produce all Communications after the Demerger between You and any actual or prospective purchaser (including but not limited to Blackstone and CD&R) concerning the value of Ben & Jerry's, this litigation (1:24-cv-08641-PKC), the | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "all Documents and Communications" exchanged with an unlimited universe of third parties over an undefined period following the Demerger. Defendants further object to this Request as not relevant to the claims or defenses of any party, and not |

| Request for Production | Defendants' Objections and Response |
|---|---|
| governance of Ben & Jerry's or the composition or structure of the board, the Foundation Audit, and the Mittal Business Integrity Investigation. | reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights, funding of the Ben & Jerry's Foundation, and Ben & Jerry's social mission under the Merger Agreement, not Defendants' financial or strategic decisions regarding potential investors, purchasers, or corporate transactions. Defendants further object to this Request as outside the scope of this litigation and not proportional to the needs of the case. Defendants further object to this Request to the extent it calls for highly confidential, commercially sensitive, or competitively sensitive information that, if it exists, may be subject to confidentiality and other non-disclosure agreements, and cannot be shared without the permission of the third party.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 103:** Produce all board minutes, board presentations, committee minutes, resolutions, memoranda, or written consents after the Demerger discussing or relating to any actual or potential acquisition of or significant investment in Magnum, HoldCo, or Ben & Jerry's. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights, funding of the Ben & Jerry's Foundation, and Ben & Jerry's social mission under the Merger Agreement, not Defendants' financial or strategic decisions regarding potential investors, purchasers, or corporate transactions. Defendants also object to this Request to the extent it calls for documents protected by the attorney-client privilege, the work product doctrine, and other applicable privileges or protections.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 104:** Produce all Communications after the Demerger between You and any actual or prospective purchaser of Magnum, HoldCo, or Ben & Jerry's (including but not limited to Blackstone and CD&R) concerning Magnum's, HoldCo's, or Ben & Jerry's financial performance, customers, contracts, intellectual property, litigation, regulatory matters, or business prospects. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "all Documents and Communications" exchanged with an unlimited universe of third parties over an undefined period following the Demerger. Defendants further object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights, funding of the Ben & Jerry's Foundation, and Ben & Jerry's social mission under the Merger Agreement. Defendants further object to this Request as outside the scope of this litigation and not proportional to the needs of the case. Defendants further object to this Request to the extent it calls for highly confidential, commercially sensitive, or competitively sensitive information that, if it exists, may be subject to confidentiality and other non-disclosure agreements, and cannot be shared without the permission of the third party. |

| Request for Production | Defendants' Objections and Response |
| --- | --- |
| | Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 105:** Produce all internal Communications after the Demerger concerning any actual or contemplated sale of Magnum, HoldCo, or Ben & Jerry's, including Communications discussing strategy, valuation, timing, potential purchasers, or transaction terms. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "all internal Communications" following the Demerger. Defendants further object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights, funding of the Ben & Jerry's Foundation, and Ben & Jerry's social mission under the Merger Agreement, not Defendants' financial or strategic decisions regarding potential investors, purchasers, or corporate transactions. Defendants also object to this Request to the extent it calls for documents protected by the attorney-client privilege, the work product doctrine, and other applicable privileges or protections. Defendants further object to this Request as outside the scope of this litigation and not proportional to the needs of the case. Defendants further object to this Request to the extent it calls for highly confidential, commercially sensitive, or competitively sensitive information that, if it exists, may be subject to confidentiality and other non-disclosure agreements, and cannot be shared without the permission of the third party.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 106:** Produce the complete contents of every electronic or physical data room created or maintained for any actual or potential acquisition of or significant investment in Magnum, HoldCo, or Ben & Jerry's after the Demerger, including all versions of indices, uploaded Documents, and audit logs identifying uploaded materials. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "the complete contents of every electronic or physical data room created or maintained". Defendants further object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights, funding of the Ben & Jerry's Foundation, and Ben & Jerry's social mission under the Merger Agreement, not Defendants' financial or strategic decisions regarding potential investors, purchasers, or corporate transactions. Defendants further object to this Request as outside the scope of this litigation and not proportional to the needs of the case. Defendants further object to this Request to the extent it calls for highly confidential, commercially sensitive, or competitively sensitive information that may be subject to confidentiality and other non-disclosure agreements, and cannot be shared without the permission of the third party.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |

| Request for Production | Defendants' Objections and Response |
|---|---|
| **REQUEST FOR PRODUCTION NO. 107:** Produce all documents and communications (including internal) regarding the Foundation Audit and its impact on investors or the Demerger, including any communications with third parties regarding the same. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "all documents and communications" regarding the Foundation Audit, including all "documents and communications" exchanged with an unlimited universe of third parties over an undefined period without reasonable limitation. Defendants also object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because whether or how the Foundation Audit affected investor perception or the Demerger has no bearing on whether Defendants breached their contractual obligations under the Merger Agreement. Defendants further object to this Request to the extent it calls for documents protected by the attorney-client privilege, the work product doctrine, and other applicable privileges or protections.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants agree to meet and confer concerning this Request. |
| **REQUEST FOR PRODUCTION NO. 108:** Produce all documents and communications (including internal) regarding the Mittal Business Integrity Investigation and its impact on investors or the Demerger, including any communications with third parties regarding the same. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "all documents and communications" regarding the Mittal Business Integrity Investigation, including all "documents and communications" exchanged with an unlimited universe of third parties over an undefined period without reasonable limitation. Defendants further object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because whether or how the Mittal Business Integrity Investigation affected investor perception or the Demerger has no bearing on whether Defendants breached their contractual obligations under the Merger Agreement. Defendants also object to this Request to the extent it calls for documents protected by the attorney-client privilege, the work product doctrine, and other applicable privileges or protections.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants agree to meet and confer concerning this Request. |
| **REQUEST FOR PRODUCTION NO. 109:** Produce all documents and communications (including internal) regarding the implementation of term limits, the amended bylaws, the attempt to remove independent directors, or the selection of additional directors and its impact on investors or the Demerger, including any communications with third parties regarding the same. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "all documents and communications" regarding the implementation of term limits and related topics, including all "documents and communications" exchanged with an unlimited universe of third parties over an undefined period without reasonable limitation. Defendants also object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because whether or how the term limits, bylaw amendments, or director eligibility determinations affected investor perception or the Demerger has no bearing on whether Defendants breached their contractual obligations under the Merger Agreement. Defendants further object to this Request to the extent it |

| Request for Production | Defendants' Objections and Response |
| --- | --- |
| | calls for documents protected by the attorney-client privilege, the work product doctrine, and other applicable privileges or protections. Defendants also object to this Request as duplicative of other Requests for Production previously served in the above-captioned suit.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants agree to meet and confer concerning this Request. |
| **REQUEST FOR PRODUCTION NO. 110:** Produce all documents and communications with investors or any actual or prospective purchaser of Magnum, HoldCo, or Ben & Jerry's (including but not limited to Blackstone and CD&R) regarding the Foundation Audit, the Mittal Business Integrity Investigation, the implementation of term limits, or the removal or selection of independent directors. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "all documents and communications" with investors or prospective purchasers regarding a wide range of topics without reasonable limitation. Defendants further object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because Defendants' communications with investors or prospective purchasers have no bearing on whether Defendants breached their contractual obligations under the Merger Agreement. Defendants further object to this Request as outside the scope of this litigation and not proportional to the needs of the case. Defendants further object to this Request to the extent it calls for documents and communications that, if they exist, are subject to confidentiality and other non-disclosure agreements and cannot be shared without the permission of the third party.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 112:** Produce all Documents and Communications sufficient to show the procedures, processes, methods, standards, or criteria governing the initiation, conduct, documentation, and resolution of any Business Integrity Investigation, or any investigation of a similar kind arising out of or relating to Unilever's Code of Business Principles, Code of Business Integrity, or any related code, policy, or standard, including any version in effect at any time from January 1, 2022 through the present. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "all Documents and Communications" concerning any business integrity investigation or "investigation of a similar kind," without reasonable limitation. Defendants object to this Request because the terms "investigation of a similar kind" any "any related code, policy, or standard" are vague and ambiguous. Defendants further object to this Request to the extent it calls for documents protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and other applicable privileges or protections.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 113:** Produce all Documents and Communications sufficient to identify each law firm or other Third Party engaged at any time from January 1, 2020 through the present to conduct or assist in conducting any Business Integrity Investigation, | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad insofar as it seeks "all Documents and Communications" identifying law firms or third parties engaged to conduct a business integrity investigation, without reasonable limitation. Defendants also object to this Request to the extent it calls for documents protected by the attorney-client privilege, the work product doctrine, and other applicable privileges or protections, particularly insofar as it |

| Request for Production | Defendants' Objections and Response |
|---|---|
| including the date of the engagement, the subject of the investigation, and the individuals investigated. | requests documents and communications regarding the subject of investigations. Defendants further object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents or communications about investigations into employees or board members who are not parties to this action and whose conduct is not at issue in this action, as well as to the extent it seeks documents or communications about which entities conducted any such investigations that may have taken place.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 114:** Produce all Documents and Communications that identify, describe, or refer to any investigation, inquiry, review, disciplinary action, or remedial action Concerning the causes or circumstances of Jerry Greenfield's resignation or departure from Ben & Jerry's. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "all Documents and Communications" that "describe" or even "refer to" any investigation, inquiry, review, disciplinary action, or remedial action concerning the causes or circumstances of Jerry Greenfield's resignation or departure from Ben & Jerry's, without reasonable limitation. Defendants further object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights and Ben & Jerry's social mission, not Jerry Greenfield's resignation as an employee. Defendants further object to this Request as outside the scope of this litigation and not proportional to the needs of the case. Defendants also object to this Request to the extent it calls for documents or communications protected by the attorney-client privilege, the work product doctrine, and other applicable privileges or protections, particularly insofar as it requests documents and communications regarding any investigation, disciplinary action, or remedial action concerning a former Ben & Jerry's employee.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 115:** Produce all Documents and Communications Concerning any complaint, concern, disclosure, review, disciplinary action, or remedial action relating to any potential, perceived, or actual conflict of interest arising from Nelson Peltz's role on the board of the Simon Wiesenthal Center, including any recusal, waiver, disclosure, or determination made with respect to that role. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "all Documents and Communications" concerning potential, perceived, or actual conflicts of interest arising from Nelson Peltz's role on the board of the Simon Wiesenthal Center. Defendants further object to this Request as wholly vague or ambiguous in that it fails to identify the entities for which Nelson Peltz's role on the board of the Simon Wiesenthal Center may present a potential, perceived, or actual conflict of interest. Defendants further object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights and Ben & Jerry's social mission, not Nelson Peltz's role at or participation with the Simon Wiesenthal Center. Defendants further object to this Request as |

| Request for Production | Defendants' Objections and Response |
|---|---|
| | outside the scope of this litigation and not proportional to the needs of the case. Defendants further object to this Request to the extent it calls for documents or communications protected by the attorney-client privilege, the work product doctrine, and other applicable privileges or protections, particularly insofar as it requests documents and communications regarding any inquiry into an allegations of a conflict of interest of a Unilever board member.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 117:** Produce all Documents sufficient to show any monetary or non-monetary benefit, bonus, incentive compensation, promotion, retention benefit, severance benefit, equity award, performance metric, evaluation, or other reward received, requested, considered, approved, or awarded to Jeffrey Eglash, Palmina Fava, Vanessa Vilar, Peter ter Kulve, Jochanan Senf, Maria Varsellona, or any other Person who participated in any decision Concerning the Foundation Audit, the Mittal Business Integrity Investigation, the removal or replacement of Dave Stever, the appointment of Jochanan Senf, the attempted removal of any Class I Director, the implementation of term limits, or the separation of Defendants' ice cream business, including through The Magnum Ice Cream Company N.V. (the "Demerger"), in each case for work or performance relating to any of the foregoing. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad insofar as it seeks "all Documents" concerning any benefit that was conferred to or considered for "any . . . Person who participated in any decision" concerning the topics enumerated in the Request. Defendants further object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights and Ben & Jerry's social mission, not any benefit or reward that may have been contemplated for or provided to any of the individuals identified in this Request. Defendants further object to this Request to the extent it seeks documents concerning the audit of the Ben & Jerry's Foundation, which is no longer relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence because the claims of the Ben & Jerry's Foundation have been dismissed from this litigation. Defendants further object to this Request to the extent it calls for highly confidential, commercially sensitive, or competitively sensitive information that, if it exists, may be subject to confidentiality and other non-disclosure agreements, and cannot be shared without the permission of the third party.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 118:** Produce all Documents sufficient to identify any Business Integrity complaint, ethics complaint, Code of Business Integrity complaint, human-resources complaint, whistleblower complaint, grievance, hotline report, or similar report involving Jeffrey Eglash, Palmina Fava, Vanessa Vilar, Peter ter Kulve, Jochanan Senf, or Maria Varsellona, to the extent the report Concerns Ben & Jerry's, the Independent Board, the Foundation, the Social Mission, this Action, the Foundation Audit, the Mittal Business Integrity Investigation, Dave Stever, or any Class I Director, including Documents sufficient to show the | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad insofar as it seeks "all Documents" that identify complaints and reports related to the topics enumerated in this Request, without limitation. Defendants further object to this Request to the extent it seeks documents concerning complaints or reports related to the Ben & Jerry's Foundation, which are no longer relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence because the claims of the Ben & Jerry's Foundation have been dismissed from this litigation. Defendants further object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights and Ben & Jerry's social mission, not the conduct or reported misconduct of any of the individuals identified in this Request. Defendants further object to this Request to the extent it calls |

| Request for Production | Defendants' Objections and Response |
|---|---|
| date, the complainant or reporting channel, the subject, the nature of the allegation, the disposition, and any remedial action. | for documents or communications protected by the attorney-client privilege, the work product doctrine, and other applicable privileges or protections.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 119:** Produce all Documents sufficient to show the current balance, custody, accounting treatment, reserve treatment, interest or earnings, and use or disposition of any funds that were, or are alleged to have been, owed, withheld, delayed, conditioned, redirected, or not paid under the Merger Agreement, Settlement Agreement, or Settlement Amendment, including funds designated or proposed for the Foundation, Canaan Fair Trade, Palestinian almond farmers, Jewish Voice for Peace, CAIR-SFBA, or any other proposed recipient Person. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad insofar as it seeks "all Documents" identifying the disposition of funds "owed, withheld, delayed, conditioned, redirected, or not paid" under the relevant agreements identified in this Request. Defendants object to the terms "conditioned" and "redirected" as vague and ambiguous.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will produce non-privileged documents sufficient to show funds reserved for the benefit of Palestinian almond farmers pursuant to the Settlement Amendment and funds reserved for donations pursuant to the Settlement Agreement. As the Ben & Jerry's Foundation is no longer a party to this lawsuit and the Former Class I Directors do not have standing to sue for any alleged breach of section 6.14(h) of the Merger Agreement, which pertains to funding the Ben & Jerry's Foundation, Defendants will not produce any documents related to funds designated or proposed for the Ben & Jerry's Foundation. |