**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

*VIA ECF*

**David J. Lender**
+1 (212) 310-8153
david.lender@weil.com

October 23, 2026

The Honorable Gary Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *Class I Directors of Ben & Jerry's Independent Board v. The Magnum Ice Cream Company N.V., et al.*, Case No. 24-cv-8641-PKC-GS (S.D.N.Y.)**

Dear Judge Stein:

Pursuant to Rule II.C.2 of Your Honor's Individual Practices, Defendants The Magnum Ice Cream Company N.V. ("**TMICC**") and Ben & Jerry's HoldCo, LLC ("**HoldCo**") (collectively, "**Defendants**") and Ben & Jerry's Homemade, Inc. ("**B&J**") (together with Defendants, "**Counterclaim Plaintiffs**") write to request a conference to raise several disputes with respect to discovery propounded on the Class I Directors of Ben & Jerry's Independent Board ("**Plaintiffs**"). Counsel attempted to resolve the issues addressed herein at a meet-and-confer held via Zoom on October 19, 2026 and via email.

### A. The Court Should Remediate Numerous Deficiencies in Plaintiffs' Document Productions

Plaintiffs appear to believe discovery is a one-way street. Despite issuing 208 RFPs and receiving over 60,000 documents from Defendants, they failed to fulfill their own obligations: they have lost relevant ESI and failed to search for and produce responsive documents in their possession. Defendants identified these concerns in letters sent to Plaintiffs on September 29 and October 1, 2026.[1] Instead of responding, on October 16, 2026, *more than a month* after the substantial completion deadline and after Defendants took seven of their 10 allotted depositions, Plaintiffs produced 3,505 documents—more than the 2,908 produced to that point—which they later stated at the October 19 meet-and-confer was not meant to address the deficiencies raised in Defendants' letters. The Court should rectify these deficiencies.

#### 1. *Plaintiffs Appear To Have Spoliated Relevant Documents*

Plaintiffs Anuradha Mittal and Jennifer Henderson have failed to preserve, lost, or deleted emails likely to be relevant to this litigation. At her deposition on September 21, Ms. Mittal admitted that, three months after the initiation of this litigation, she had lost many emails from the email account that she uses to conduct B&J business and which is associated with her nonprofit, the Oakland Institute. Mittal testified that she could not say that all emails were recovered. Ms. Henderson testified at her deposition that she

[1] These letters contain quotes from Plaintiffs' depositions, which currently remain presumptively confidential under the parties' protective order, *see* ECF No. 156 ¶ 23. Should the Court wish to review these letters or transcripts of the depositions referenced herein, Defendants can provide such documents for *in camera* review or can file them under seal with the Court's permission.

could not recall receiving a litigation hold notice and does not regularly retain all emails she receives, including those related to B&J. After learning of this potential spoliation, Defendants asked Plaintiffs in their September 29 letter and at the October 19 meet-and-confer to identify the steps taken to recover and/or preserve and collect documents. Plaintiffs' counsel represented only that he understood that "everything was recovered" when the Oakland Institute's IT department "used their servers for recovery."

This response is insufficient. Plaintiffs' counsel is obligated to "take affirmative steps to prevent inadvertent spoliation," "implement a litigation hold," and "monitor [his clients'] compliance with the litigation hold." *R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 24 (S.D.N.Y. 2010), *opinion adopted*, 271 F.R.D. 55 (S.D.N.Y. 2010). Plaintiffs' productions and deposition testimony indicate that an untold number of relevant emails have likely been destroyed because these steps appear not to have been taken. Ms. Henderson's testimony indicates she was not made aware of her preservation obligation and has not preserved relevant discovery. Defendants have produced several email chains involving Ms. Mittal's Oakland Institute account from December 2024 and January 2025—immediately prior to the loss of her emails—that were conspicuously absent from Plaintiffs' *own* production. In addition, emails responsive to at least 16 of Defendants' RFPs that Ms. Mittal exchanged *after* she lost emails on February 2, 2025 were produced by Defendants or by former plaintiff Ben & Jerry's Foundation, Inc. but were absent entirely from Plaintiffs' productions.

This spoliation prejudices Defendants by withholding documents relevant and necessary to prosecute their case. Although Defendants were able to deduce that Plaintiffs have not produced *external* communications only because such documents were produced by *other* parties or non-parties, Plaintiffs' productions lack substantial responsive email communications between and *among themselves* regarding the substance of Plaintiffs' claims. For instance, they have not produced internal communications regarding proposed statements about B&J's social mission—a topic central to this litigation—or communications concerning Plaintiffs' selection of Chris Miller as a Class I Director, even though Plaintiffs allege breach of contract for the alleged refusal to recognize Mr. Miller's election, *see* ECF No. 110 ¶¶ 119, 132(c). They have not produced annual assessments of each director, which Ms. Henderson testified were emailed to her in her capacity as chair of the B&J board's governance committee. Thus, absent written assurance that Ms. Henderson preserved her emails or that Plaintiffs "ma[de] any reasonable effort to retrieve the information" lost from Ms. Mittal's emails, Defendants seek sanctions to remedy Plaintiffs' failure to preserve documents because an entire "universe of electronic evidence has contracted dramatically" in a manner that biases the documents that Plaintiffs have produced. *Dorchester Fin. Holdings Corp. v. Banco BRJ S.A.*, 304 F.R.D. 178, 183–85 (S.D.N.Y. 2014).

2. *Plaintiffs Failed to Produce Responsive Documents*

Plaintiffs failed to produce responsive documents from several email accounts they control. Ms. Henderson testified that she had seen a message about B&J that was sent in March 2025 to an email account that she had stated she had previously stopped using. Plaintiffs have not produced documents dated after August 9, 2022 associated with this account, indicating that they have not searched or are withholding responsive documents from an account that Ms. Henderson uses for B&J business. Mr. Miller revealed at his October 8 deposition that he manages an email account for matters related to this litigation.

To that point, Plaintiffs had not produced documents from that account and only did so after Defendants demanded them. Based on this pattern, the Court should order Plaintiffs to search for and produce all responsive documents contained in any accounts Plaintiffs have used for B&J-related messages. *See Muslims on Long Island, Inc. v. Town of Oyster Bay*, 2025 WL 2576705, at *2–3 (E.D.N.Y. Sept. 7, 2025).

**B. Plaintiffs Failed to Designate Confidential Documents**

Your Honor has advised that, because Plaintiffs "might improperly disclose B&J confidential information they received as directors," Defendants could notify Plaintiffs if they "produced such confidential information in discovery without designating it Confidential." ECF No. 152 at 6–7. Defendants notified Plaintiffs on August 27, 2026, that Plaintiffs had produced sensitive information without a "Confidential" designation, such as draft minutes from a B&J board meeting; a slide deck Plaintiffs had received from an outside recruiting consultant analyzing potential B&J CEO candidates; and emails among certain Plaintiffs, B&J executives, and Unilever executives regarding the proper channels to escalate complaints about B&J social media posts. *See* Ex. A. Plaintiffs disregarded this notice, subsequently producing without proper confidentiality designations documents that contain the same or similar sensitive information as those identified in the August 27 letter, including draft minutes of board meetings, analyses of applicants for the CEO position, and discussions with Unilever and TMICC executives about the machinations of Unilever's demerger of its ice cream business. "Plaintiffs [have] act[ed] at their peril" by letting these "warnings go unheeded." ECF No. 152 at 7. Defendants thus seek an order compelling Plaintiffs to designate all such internal B&J documents with appropriate confidentiality designations.

**C. Plaintiffs Refused to Answer Defendants' RFAs and Interrogatories**

Plaintiffs should be compelled to provide responses to the RFAs and interrogatories Defendants served on September 19, 2026, for which Plaintiffs categorically provided no substantive response. Plaintiffs ignored Defendants' requests to meet and confer on October 21 and 22, 2026. The RFAs seek admissions of straightforward assertions not in substantial dispute, such as the fact that Ms. Mittal was compensated by the Oakland Institute and that Plaintiffs discussed strategy for this litigation with B&J co-founder Ben Cohen. *See* Ex. B. Because Plaintiffs "made [no] effort to fairly respond to the substance of each RFA," the Court should compel substantive responses. *Optima Media Grp. Ltd. v. Bloomberg L.P.*, 2019 WL 3537181, at *4 (S.D.N.Y. Aug. 5, 2019). The interrogatories seek "comparatively simple responses" such as the identity of the person who nominated Mr. Miller to the B&J board and the existence of any relationship any Plaintiff has to an enumerated list of nonprofit organizations. *In re Weatherford Int'l Sec. Litig.*, 2013 WL 5788680, at *3 (S.D.N.Y. Oct. 28, 2013); *see also* Ex. C. Because the interrogatories "call for relevant information[,] [Plaintiffs] must provide complete sworn answers to them." *Lashify, Inc. v. Qingdao Network Tech. Co., Ltd.*, 2026 WL 2621077, at *2 (S.D.N.Y. Sept. 4, 2026).

*****

Defendants-Counterclaim Plaintiffs are meeting and conferring about Plaintiffs' belatedly served privilege log, inappropriate assertions of the common interest privilege, refusal to produce engagement letters executed by counsel for Plaintiffs, and insufficient deposition testimony. Defendants-Counterclaim Plaintiffs reserve their rights to seek leave to reopen several of Plaintiffs' depositions based on these deficiencies and the delayed production of over 3,500 documents relevant to these deponents' testimony.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ David J. Lender*

David J. Lender

*Attorney for Defendants-Counterclaim Plaintiffs*
*The Magnum Ice Cream Company N.V.*
*and Ben & Jerry's HoldCo, LLC and for*
*Counterclaim Plaintiff Ben & Jerry's Homemade, Inc.*

cc: All Counsel of Record (Via E-filing)