AZA

SHAHMEER HALEPOTA
DIRECT 713.600.4953
MAIN 713.655.1101
FAX 713.655.0062
SHALEPOTA@AZALAW.COM

October 23, 2026

**<u>Via ECF</u>**
The Honorable Gary Stein
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Ben & Jerry's Homemade, Inc. et al. v. Unilever PLC et al.*, No. 1:24-cv-08641-PKC-GS

Dear Judge Stein:

Plaintiffs, The Class I Directors of Ben & Jerry's Homemade, Inc, respectfully request a conference under Local Civil Rule 37.2 regarding the issues below. The parties conferred on several occasions, including on October 19.

*First*, Defendants' counterclaims allege Chair Mittal referred to an unnamed individual as a "white bitch." ECF No. 169, Counterclaim at ¶¶ 4, 87. Defendants have refused to identify the individual to whom this alleged statement was directed, both in written discovery (Resp. to Rog. No. 5) and during a deposition where counsel affirmatively instructed Unilever executive Jostein Solheim not to identify the individual based on a privilege objection, despite him having first-hand knowledge of this allegation independent from anything he may have learned through counsel. Solheim Dep., Rough, at 72:2-73:23. Instead, Defendants assert that they will only disclose the individual based on an "AEO" designation, which is not a category in the protective order. Plaintiffs' counsel should be able to discuss the identity of the individual with their clients to develop defenses and challenge the veracity of this allegation. Plaintiffs also seek the opportunity to depose the individual once they are identified.

*Second*, Defendants' counsel instructed Unilever's corporate representative not to answer questions regarding whether they had any discussions with third party purchasers about the litigation or the board composition of Ben & Jerry's. Bhattacharya Dep. at 91:20-92:22; 157:21-159:4. These discussions are relevant to whether the attempted removals of the Class I Directors were legitimate or driven by ulterior motives, including making Ben & Jerry's more palatable to a potential purchaser as outlined in the Complaint. ECF No. 110, Comp. at ¶¶ 83-124. Moreover, Defendants have extensively questioned each of the Class I Directors deposed thus far as well as Jerry Greenfield and Ben Cohen about efforts to identify socially aligned third-party purchasers to buy back the company.

*Third*, Defendants have designated numerous documents as confidential despite them including no sensitive business data or trade secrets and merely reflecting embarrassing internal correspondence cementing that Defendants' removal efforts were premediated. Specifically,

Plaintiffs seek the de-designation of documents labeled BnJSDNY_Defendants_0000044453 and BnJSDNY_Defendants_0000043671.

*Fourth*, Defendants continue to claim privilege over various communications and materials they shared with Ernst & Young and Forensic Risk Alliance, including a document purporting to provide the "background" for the audit. (Defs.' 10/16/2026 Priv. Log). The Court previously evaluated Defendants' assertions that their communications with EY and FRA regarding the audit are privileged. *See e.g.* Aug. 20, 2026 Tran. at 80:19-82:7 ("The Court: … I'm having a hard time understanding what the possible attorney-client privilege claim should be here. … As you know, I'm sure attorney-client privilege generally doesn't cover communications with regular auditors."). As briefed and discussed at the August 20 hearing, any claims of privilege are undercut through Defendants' sharing of these documents with the third parties during what Unilever repeatedly characterized as a "routine" and "independent" audit. (*See e.g.* Aug. 20, 2026 Tran. at 81:20-24) ("The Court: How could it possibly? Your letter acknowledges that this audit was conducted in the ordinary course of business. Mr. Lender: Correct. The Court: That's not *Kovel*.").

*Fifth*, in their October 9, 2026 letter to the Court, Defendants represented that the October 10, 2025 meeting between Chair Mittal and Maria Varsellona where Mittal was issued the inappropriate ultimatum (as referenced in Paragraph 100 of the 4th Am. Comp., ECF No. 110) was "confidential." Plaintiffs have requested Defendants provide on at least four occasions any authority to support Defendants' proposition that Rule 408 automatically confers confidentiality. They have provided none. Instead, Defendants claimed in their letter to the court that correspondence existed between the parties confirming that the discussions would be "confidential," stating that "Defendants can make this correspondence available for in camera review at the Court's direction." Plaintiffs are unaware of any such correspondence and requested during a conferral that it be provided but Defendants have failed to provide the correspondence.

*Sixth*, Plaintiffs have requested that Defendants produce documents responsive to two specific RFPs. First, on August 26, 2026, Defendants publicly proclaimed that they had unilaterally appointed three new Class I Directors.[1] Given that the improper removal and attempted replacement of the Class I Directors is at the heart of this case, Plaintiffs have sought documents responsive to this issue to the present. Pls.' RFP No. 1. Moreover, this summer, Avi Zinger launched a flavor of Ben & Jerry's ice cream in Israel which generated controversy. Plaintiffs seek documents regarding this flavor to the present given it was just launched this summer. Pls.' RFP No. 95. Defendants' response to this flavor in juxtaposition to the Gaza-themed flavor the Class I Directors sought to launch is part and parcel of Defendants' improper censoring of the social mission and undercuts their central excuse of "neutrality."

*Seventh,* Plaintiffs allege that Defendants' efforts to remove Chair Mittal were a premediated sham and that the efforts themselves violated and were antithetical to Defendants' contractual obligations to "respect" the Independent Board and work with them in "good faith." ECF No. 110, 4th Am. Comp. at ¶¶ 161-163; ECF No. 110-2, Settlement Agreement at ¶ 2(b) (alleging, among other things, that Defendants "business integrity process" was contrived and

[1] Look, A. (Aug. 26, 2026) Ben & Jerry's to Name New Board Members After Long Process, Rejection, The Wall Street Journal. https://www.wsj.com/business/ben-jerrys-to-name-new-board-members-after-long-process-rejection-be1b4ced?msockid=36b86b7e6d3962ba05ee7cd46c0363a5.

pretextual). Plaintiffs' Requests for Production 124, 126, and 128 seek to discover evidence that the integrity investigations when applied to other high-ranking executives was processed and operated much differently than the integrity investigation aimed at Chair Mittal. Requests for Production 125, 127, and 129 seek to discover evidence that challenges the impartiality of the investigators Defendants unilaterally selected as well as corroboration of the sham nature of the investigations based on the dates work was allegedly performed (or not performed).

*Eighth*, Plaintiffs seek documents regarding complaints about Peter ter Kulve, Nelson Peltz, Jeffrey Eglash, or Palmina Fava concerning conduct in the same categories as that which Defendants allege that Plaintiffs engaged in (Pls.' RFP No. 111) and complaints made by Ben & Jerry's and Foundation personnel related to the facts alleged in the 4th Amended Complaint and Defendants' counterclaims (Pls.' RFP No. 116). As Defendants put Plaintiffs' conduct at issue in their counterclaims, documents responsive to these RFPs are relevant to whether Defendants who engaged in the same alleged conduct were treated differently than Plaintiffs. Plaintiffs also seek documents prepared for, *inter alia*, lenders, investors, underwriters, and rating agencies regarding the Foundation audit, the Mittal Business Integrity Investigation, implementation of term limits, attempted removal of Class I Directors, replacement of the Ben & Jerry's CEO, and this Action (Pls.' RFP No. 120) and documents sufficient to show any source of payment for any cost incurred by Defendants in connection with this Action, the Foundation Audit, the Mittal Business Integrity Investigation, and the attempted removal of any Class I Director (Pls. RFP No. 121). As with Mr. Bhattacharya's testimony, these documents (including those about who paid for these efforts and from which budget) are relevant to whether the attempted removals of the Class I Directors, the Foundation Audit, and the Mittal Business Integrity Audit were legitimate or driven by ulterior motives. Though Plaintiffs limited RFP Nos. 111, 116, and 120-121 following conferral, Defendants have refused to respond to the narrowed RFPs.

*Ninth*, Defendants' communications to and from Tiemen Bloemberg, a third-party consultant, are not privileged or work product because TMICC hired Bloemberg in December 2025 to provide business solutions, to help find a use for Palestinian almonds, or assess other ways to support Palestinian almond farmers. Senf Dep. at 192:2–194:10. Bloemberg did not improve comprehension between the client and the client's lawyers such that the *Kovel* exception would apply to his communications, and—even if the Second Circuit had adopted the functional equivalent doctrine, which it has not—Bloemberg would not qualify, including because his role "was to provide suggestions, comments, and (non-legal) advice." *Steinfeld v. IMS Health Inc.*, No. 10 CIV. 3301 CS PED, 2011 WL 6179505, at *4 (S.D.N.Y. Dec. 9, 2011). Also, communications and documents prepared or obtained by Bloemberg are not work product because finding a solution for almond commitment is something that would have occurred irrespective of the litigation in the ordinary course of business. *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998).

*Tenth*, on October 9, Defendants reproduced 10,000 documents that had initially been produced as PDFs with text that said only: "Document Cannot be Viewed." Among these newly produced 10,000 documents, Plaintiffs discovered that several are password-protected documents. Defendants have not provided the passwords and Defendants' counsel indicated that they are likely lost. Plaintiffs thank the Court for its consideration of these issues.

Respectfully submitted,
Ahmad, Zavitsanos & Mensing, PLLC

By:

Shahmeer Halepota

## SCHEDULE A

**Requests for Production and Interrogatories at Issue and Defendants' Objections and Responses:**

| Request for Production/Interrogatory | Defendants' Objections and Response |
|---|---|
| **REQUEST FOR PRODUCTION NO. 1:** All documents and communications, both internal and with Third Parties, regarding the selection of new directors to replace the Class I Directors. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as not relevant to the claims or defenses of any party since the Fourth Amended Complaint concerns, among other things, events leading up to the alleged "removal" of the Former Class I Directors from the Board, which occurred no later than December 31, 2025. Defendants further object to this Request as overly broad and unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, particularly insofar as it requests "[a]ll documents and communications" and seeks information or documents "regarding the selection of new directors to replace the Class I Directors" for an undefined period of time. Defendants further object to this Request to the extent it calls for documents protected by the attorney-client privilege, the work product doctrine, and other applicable privileges or protections.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants agree to meet and confer concerning this Request. |
| **REQUEST FOR PRODUCTION NO. 95:** All communications with Avi Zinger concerning Ben & Jerry's intellectual property, the social mission, donations, free ice cream for IDF soldiers, the development of a plant, and/or new ice cream flavors. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "[a]ll communications" with Avi Zinger concerning a wide range of topics without reasonable limitation. Defendants further object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because communications with Mr. Zinger concerning these topics do not bear on the |

| Request for Production/Interrogatory | Defendants' Objections and Response |
|---|---|
| | claims at issue in this action. Defendants also object to this Request to the extent it goes to claims raised by the Former Class I Directors that were resolved via a settlement and through which the Former Class I Directors released all claims. To the extent this Request seeks communications to present, such communications are not relevant because they postdate the operative conduct alleged in the Fourth Amended Complaint.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants agree to meet and confer concerning this Request, including the appropriate date range for this Request. |
| **REQUEST FOR PRODUCTION NO. 111:** Produce all Documents and Communications that identify, describe, or refer to any complaint, concern, report, allegation, investigation, inquiry, review, disciplinary action, remedial action, or request for remedial action Concerning Peter ter Kulve, Nelson Peltz, Jeffrey Eglash, or Palmina Fava. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "all Documents and Communications" that describe or even "refer to" any complaint, concern, report, allegation, investigation, inquiry, review, disciplinary action, remedial action, or request for remedial action concerning Peter ter Kulve, Nelson Peltz, Jeffrey Eglash, or Palmina Fava, without reasonable limitation. Defendants further object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights and Ben & Jerry's social mission, not the conduct or reported misconduct of any of the individuals identified in this Request. Defendants further object to this Request to the extent it calls for documents protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and other applicable privileges or protections.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |

| Request for Production/Interrogatory | Defendants' Objections and Response |
|---|---|
| **REQUEST FOR PRODUCTION NO. 116:** Produce all Documents and Communications reflecting any complaint, concern, or report made by any Ben & Jerry's Employee, Class I Director, Foundation trustee, or Foundation representative Concerning intimidation, retaliation, interference, threats, pressure, or adverse action by any Employee, agent, attorney, investigator, auditor, consultant, or representative of any Defendant, in connection with the Social Mission, this Action, the Foundation Audit, the Mittal Business Integrity Investigation, Dave Stever, Jochanan Senf, or any proposed Ben & Jerry's public statement. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "all Documents and Communications" "reflecting" any complaints, concerns, or reports, without reasonable limitation. Defendants further object to this Request to the extent it calls for documents or communications protected by the attorney-client privilege, the work product doctrine, and other applicable privileges or protections.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants agree to meet and confer concerning this Request. |
| **REQUEST FOR PRODUCTION NO. 120:** To the extent not produced in response to prior requests, produce all Documents and Communications prepared for or provided to underwriters, lenders, ratings agencies, regulators, auditors, investors, shareholders, potential purchasers, or transaction advisors Concerning whether the Foundation Audit, the Mittal Business Integrity Investigation, the implementation of term limits, the attempted removal of any Class I Director, the replacement of Dave Stever, the appointment of Jochanan Senf, this Action, or any dispute Concerning the Social Mission affected or could affect the Demerger, any public listing, any financing, any diligence process, any valuation, or any transaction involving Magnum, HoldCo, or Ben & Jerry's. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "all Documents and Communications" prepared or provided that "affected or could affect" any transaction or valuation involving Defendants or Ben & Jerrys. Defendants object to the terms "dispute," "affected," and "could affect" as vague and ambiguous. Defendants further object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights and Ben & Jerry's social mission, not documents or communications prepared for or provided to third parties in connection with the Demerger or other financial evaluations of TMICC, HoldCo, or Ben & Jerry's. Defendants further object to this Request to the extent it seeks documents concerning the audit of the Ben & Jerry's Foundation, which is no longer relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence because the |

| Request for Production/Interrogatory | Defendants' Objections and Response |
|---|---|
| | claims of the Ben & Jerry's Foundation have been dismissed from this litigation. Defendants further object to this Request to the extent it calls for highly confidential, commercially sensitive, or competitively sensitive information that, if it exists, may be subject to confidentiality and other non-disclosure agreements, and cannot be shared without the permission of the third party. Defendants also object to this Request to the extent it calls for documents protected by the attorney-client privilege, the work product doctrine, and other applicable privileges or protections. Defendants further object to this Request as duplicative of Request Nos. 98–110 of the Third Set of Requests for Production.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 121:** Produce all Documents sufficient to identify the source and amount of any insurance coverage, indemnity, advancement, reimbursement, reserve, third-party funding, cost-sharing arrangement, or other source of payment for attorneys' fees, expert fees, discovery costs, public-relations costs, crisis-communications costs, investigation costs, audit costs, or other costs incurred by or on behalf of any Defendant in connection with this Action, the Foundation Audit, the Mittal Business Integrity Investigation, any allegation Concerning Jeffrey Eglash or Palmina Fava, any allegation Concerning any Class I Director, the replacement of Dave Stever, or the attempted removal of any Class I Director. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad insofar as it seeks "all Documents" that identify the sources of payment for all of the topics listed within the Request. Defendants further object to this Request to the extent it seeks documents concerning the audit of the Ben & Jerry's Foundation, which is no longer relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence because the claims of the Ben & Jerry's Foundation have been dismissed from this litigation. Defendants further object to this Request as not relevant to the claims or defenses of any party, and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights and Ben & Jerry's social mission, not the source of Defendants' payment for legal or communications work related to this litigation or the topics enumerated in this Request. Defendants further object to this Request as outside the scope of this litigation and not proportional to the needs of the case. Defendants |

| Request for Production/Interrogatory | Defendants' Objections and Response |
|---|---|
| | further object to this Request to the extent it calls for highly confidential, commercially sensitive, or competitively sensitive information that, if it exists, may be subject to confidentiality and other non-disclosure agreements, and cannot be shared without the permission of the third party. Defendants also object to this Request to the extent it calls for documents protected by the attorney-client privilege, the work product doctrine, and other applicable privileges or protections.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 124:** All witness interview statements, witness interview notes, and reports (whether final or in draft form) from any business integrity investigations where Peter ter Kulve was the subject of the investigation. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "[a]ll witness interview statements, witness interview notes, and reports (whether final or in draft form)" from any business integrity investigation, without reasonable limitation. Defendants further object to this Request as not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights and Ben & Jerry's social mission, not the conduct or reported misconduct of any of the individuals identified in this Request. Defendants further object to this Request as outside the scope of this litigation and not proportional to the needs of the case. Defendants further object to this Request to the extent it calls for documents protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and other applicable privileges or protections, particularly insofar as it requests witness interview materials and reports prepared in connection with business integrity investigations. |

| Request for Production/Interrogatory | Defendants' Objections and Response |
|---|---|
| | Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 125:** All invoices from any external counsel regarding any business integrity investigations where Peter ter Kulve was the subject of the investigation. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "[a]ll invoices from any external counsel" regarding any business integrity investigation, without reasonable limitation. Defendants further object to this Request as not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights and Ben & Jerry's social mission, not the conduct or reported misconduct of any of the individuals identified in this Request. Defendants further object to this Request as outside the scope of this litigation and not proportional to the needs of the case. Defendants also object to this Request to the extent it calls for documents protected by the attorney-client privilege, the work product doctrine, and other applicable privileges or protections, particularly insofar as invoices from external counsel may reflect the subject matter of legal advice and the mental impressions of counsel.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 126:** All witness interview statements, witness interview notes, and reports (whether final or in draft form) from any business integrity investigations where Jeff Eglash was the subject of the investigation. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "[a]ll witness interview statements, witness interview notes, and reports (whether final or in draft form)" from any business integrity investigation, without reasonable limitation. Defendants further object to this Request as not relevant to the claims or defenses of any party and not |

| Request for Production/Interrogatory | Defendants' Objections and Response |
|---|---|
| | reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights and Ben & Jerry's social mission, not the conduct or reported misconduct of any of the individuals identified in this Request. Defendants further object to this Request as outside the scope of this litigation and not proportional to the needs of the case. Defendants further object to this Request to the extent it calls for documents protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and other applicable privileges or protections, particularly insofar as it requests witness interview materials and reports prepared in connection with business integrity investigations.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 127:** All invoices from any external counsel regarding any business integrity investigations where Jeff Eglash was the subject of the investigation. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "[a]ll invoices from any external counsel" regarding any business integrity investigation, without reasonable limitation. Defendants further object to this Request as not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights and Ben & Jerry's social mission, not the conduct or reported misconduct of any of the individuals identified in this Request. Defendants further object to this Request as outside the scope of this litigation and not proportional to the needs of the case. Defendants also object to this Request to the extent it calls for documents protected by the attorney-client privilege, the work product doctrine, and other applicable privileges or protections, particularly insofar as invoices from external counsel may reflect the subject |

| Request for Production/Interrogatory | Defendants' Objections and Response |
|---|---|
| | matter of legal advice and the mental impressions of counsel.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 128:** All witness interview statements, witness interview notes, and reports (whether final or in draft form) from any business integrity investigations where Palmina Fava was the subject of the investigation. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "[a]ll witness interview statements, witness interview notes, and reports (whether final or in draft form)" from any business integrity investigation, without reasonable limitation. Defendants further object to this Request as not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights and Ben & Jerry's social mission, not the conduct or reported misconduct of any of the individuals identified in this Request. Defendants further object to this Request as outside the scope of this litigation and not proportional to the needs of the case. Defendants further object to this Request to the extent it calls for documents protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and other applicable privileges or protections, particularly insofar as it requests witness interview materials and reports prepared in connection with business integrity investigations.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **REQUEST FOR PRODUCTION NO. 129:** All invoices from any external counsel regarding any business integrity investigations where Palmina Fava was the subject of the investigation. | Defendants incorporate each and all of their General Objections and Objections to Instructions and Definitions as if set forth fully herein. Defendants object to this Request as overly broad and unduly burdensome insofar as it seeks "[a]ll invoices from any external counsel" regarding any business integrity investigation, without reasonable limitation. |

| Request for Production/Interrogatory | Defendants' Objections and Response |
| --- | --- |
| | Defendants further object to this Request as not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence because the claims at issue in this litigation concern Defendants' governance rights and Ben & Jerry's social mission, not the conduct or reported misconduct of any of the individuals identified in this Request. Defendants further object to this Request as outside the scope of this litigation and not proportional to the needs of the case. Defendants also object to this Request to the extent it calls for documents protected by the attorney-client privilege, the work product doctrine, and other applicable privileges or protections, particularly insofar as invoices from external counsel may reflect the subject matter of legal advice and the mental impressions of counsel.<br><br>Subject to and without waiving the foregoing, Defendants respond as follows: Defendants will not produce any documents in response to this Request. |
| **INTERROGATORY NO. 5:** Identify the "former Board member" referenced in Paragraph 87 of the Counterclaims ("The former Board member found Mittal's conduct so intolerable that she resigned, making clear that she would return only if Mittal were no longer on the Board.") | Defendants object to Interrogatory No. 5 to the extent it seeks privileged information and that issue is currently before the Court. See ECF No. 184. Defendants' response to this Interrogatory does not and shall not constitute a waiver of any of their rights and privileges.<br><br>Subject to and without waiving the foregoing General and Specific Objections, Defendants are willing to meet and confer regarding an appropriate process for disclosing the identity of the former Board member referenced in Paragraph 87 on an attorneys'-eyes-only basis and subject to appropriate confidentiality protections. |