October 27, 2026

**Via ECF**
The Honorable Gary Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: Non-Party Ben Cohen's Emergency Letter-Motion to Strike, or in the Alternative to Redact, ECF No. 198 and Enforce the Amended Consent Protective Order – *Ben & Jerry's Homemade, Inc. et al. v. Unilever PLC et al.*, No. 1:24-cv-08641-PKC-GS

Dear Judge Stein:

We represent non-party Ben Cohen, who was deposed in this action on October 20, 2026. We write on an emergency basis under Paragraphs 20–21 of the Amended Consent Protective Order (ECF No. 185) (the "Order") because Defendants' October 26 discovery letter (ECF No. 198) (the "Letter") discloses Mr. Cohen's confidential deposition testimony on the public docket.

The testimony is Confidential Discovery Material. Paragraph 4 of the Order provides that for 30 days after a transcript is delivered, "the entire deposition transcript will be treated as if it had been designated Confidential." Defendants filed the Letter just six days after the deposition. Independently, Mr. Cohen's counsel designated the entire transcript as Confidential on the record at the deposition. Order ¶ 4(a). Such material may be disclosed only to Qualified Persons, ¶¶ 7, 12, and the Order binds "all non-parties providing discovery in this action," Order at 1, and expressly protects a "non-party's Confidential Material." ¶ 23. If Defendants sought to include Confidential information in a filing, Paragraph 23 of the Order required Defendants to notify Mr. Cohen fourteen days before filing, identify the precise testimony they intended to use, and allow him seven days to apply to seal under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Defendants followed none of those requirements. Instead, Defendants filed the Letter six days after the deposition with no notice to Mr. Cohen.

Defendants violated the Order. The paragraph on page 2 of ECF No. 198 beginning "Rather, it appears that Plaintiffs are attempting," describes the substance of Mr. Cohen's testimony and cites

it by page and line. Defendants did not file a redacted version under ¶ 14, and never challenged the designation under ¶ 8, which in any event would have required them to treat the testimony as Confidential until the Court ruled. Nor would characterizing testimony rather than quoting it avoid the Order, as it protects "information," ¶ 1, and requires redaction of "the Confidential Discovery Material itself," ¶ 14. Defendants understand the requirements of the Order: in the very Letter that Defendants violate the Order, Defendants complain that Plaintiffs disregard confidentiality. ECF No. 198 at 3. n.3. Mr. Cohen testified in reliance on the Order, which is precisely the reliance the Second Circuit protects. *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 295–96 (2d Cir. 1979).

At 11:54 a.m. today, we emailed Defendants' counsel identifying the violation, asking that they confirm receipt of the email immediately, and asking that they have the filing removed from the public docket and replaced with a redacted copy by 5:00 p.m. (Ex. A.). At 5:50 p.m., Defendants responded that the information is not confidential because their letter summarized rather than quoted the testimony, and because Mr. Cohen has spoken publicly about a potential purchase of the company. (Ex. B.) Neither point has merit. The Order protects "information of any kind produced or disclosed . . . in discovery," ¶ 1, and contains no exception for information a party believes is public. In fact, the Order includes an express procedure for disputes over designation of material as Confidential. *See* ¶ 8. Under that provision, the disputed material remains Confidential until the Court rules. *Id.* Despite the clarity of this Court's Order, and the request from Mr. Cohen's Counsel, Defendants state that they will not redact the Confidential information. *See* Ex. B. To support their position, Defendants' cite press reports that Mr. Cohen has spoken publicly about an investor group. *Id.* Those reports do not disclose the substance of the Letter. These clippings do not cover a significant portion of the confidential testimony's substance revealed by the Letter. *Id.* Moreover, even if these clippings did cover such substance, which they do not, Defendants would still remain in clear violation of the Order because any dispute over confidentiality must be handled under the procedures set forth in the Order. *See* ¶ 8.

Defendants have not cured the violation, and as of filing, ECF No. 198 remains publicly available. Indeed, as noted, Defendant's reply clearly indicates that they dispute the confidential nature of Mr. Cohen's deposition testimony. Ex. B. Every hour the filing remains public compounds the harm, because once information is public "it necessarily remains public." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004).

Mr. Cohen respectfully requests that the Court:

MS & G

1. Direct the Clerk to strike ECF No. 198 forthwith, and remove it from the docket pending further order, or in the alternative, to redact the second full paragraph on page 2 of the document (beginning "Rather, it appears");

2. Direct Defendants, within 24 hours, to file a public version redacting the second full paragraph on page 2 (¶ 14) and to serve the unredacted version on counsel by email (¶ 24);

3. Direct Defendants to give the ¶ 23 notice before any future filing containing Mr. Cohen's Confidential Material.

Mr. Cohen does not repeat the disclosed testimony here and will provide the transcript pages for in camera review on request. He reserves the right to seek fees or any other appropriate sanctions.

Respectfully submitted,

*/s/ Mimi Marziani*
Mimi Marziani
*Counsel for Non-Party Ben Cohen*

cc: All counsel of record (via ECF)