**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X
BEN & JERRY'S HOMEMADE, INC.,
CLASS I DIRECTORS OF BEN & JERRY'S
INDEPENDENT BOARD, and
THE BEN & JERRY'S FOUNDATION, INC.,

Plaintiffs,

-against-

UNILEVER PLC., CONOPCO, INC.,
BEN & JERRY'S HOLDCO, LLC, and
THE MAGNUM ICE CREAM
COMPANY N.V.,

Defendants.
----------------------------------------------------------------------X

**24 Civ. 8641 (PKC) (GS)**

**OPINION & ORDER**

**GARY STEIN, United States Magistrate Judge:**

Plaintiffs The Class I Directors of the Ben & Jerry's Independent Board (the "Independent Directors" or "Plaintiffs") seek leave by letter motion to file a Fifth Amended Complaint. (Dkt. No. 177). Defendants/Counterclaim Plaintiffs The Magnum Ice Cream Company N.V. ("Magnum") and Ben & Jerry's HoldCo, LLC ("HoldCo") (together, "Defendants"), as well as Counterclaim-Plaintiff Ben & Jerry's Homemade, Inc. ("Ben & Jerry's"), oppose the motion. (Dkt. No. 179). For the reasons set forth below, the motion is **GRANTED**.

## BACKGROUND

This action was originally commenced on November 13, 2024 with Ben & Jerry's as the sole plaintiff. (Dkt. No. 1). On January 27, 2025, in response to a letter from Defendants setting forth grounds for an anticipated motion to dismiss, an amended complaint was filed, adding the Independent Directors as plaintiffs.

(Dkt. Nos. 30 & 32). Thereafter, plaintiffs sought, and Judge Castel granted, leave to amend their complaint an additional three times. (Dkt. Nos. 49, 77 & 105). The Second Amended Complaint added The Ben & Jerry's Foundation, Inc. ("The Foundation") as a plaintiff. (Dkt. No. 78). The current operative complaint, the Fourth Amended Complaint, was filed on May 7, 2026. (Dkt. No. 110).

Defendants Unilever PLC ("Unilever"), Conopco, Inc. ("Conopco"), Magnum, and HoldCo moved to dismiss most claims against them in the Fourth Amended Complaint and also moved to substitute Magnum and HoldCo for Unilever and Conopco. (Dkt. Nos. 117 &119). On August 21, 2026, Judge Castel issued an Opinion and Order ("O&O") granting in part Defendants' motion to dismiss and substantially narrowing the claims in this action. (Dkt. No. 159). In particular, Judge Castel dismissed all claims asserted on behalf of Ben & Jerry's and the Foundation and dismissed certain of the claims asserted by the Independent Directors. (*Id.* at 13–26). Judge Castel also granted the motion for substitution. (*Id.* at 26–27). As a result, the only remaining plaintiffs are the Independent Directors, the only remaining defendants are Magnum and HoldCo, and the only remaining claims are for breach of a 2000 Merger Agreement, a 2022 Settlement Agreement, and a 2023 amendment to the Settlement Agreement. (*See id.* at 27).

The Independent Directors now seek to amend the Fourth Amended Complaint in two ways. (Dkt. No. 177). First, the proposed Fifth Amended Complaint (the "Proposed Amendment") would add new allegations regarding the appointment, on August 26, 2026, of three new Class I Directors to the Ben &

Jerry's Board, which Plaintiffs contend was improper and seek to invalidate. (*Id.* at 1–2). The Independent Directors argue that good cause exists to add these new allegations, as they involve circumstances that post-date Plaintiffs' time to amend as of right. (*Id.*). Second, the Proposed Amendment would conform Plaintiffs' pleading to Judge Castel's August 21, 2026 ruling by removing parties, claims, and allegations consistent with that ruling. (*Id.* at 2).

In opposing the Independent Directors' request, Defendants argue that the motion to amend is untimely (Dkt. No. 179 at 2–3), that the Proposed Amendment is futile (*id.* at 3–5), and that Defendants would be prejudiced by the Proposed Amendment (*id.* at 5).

## LEGAL STANDARDS

"Motions for leave to amend are governed by one of two standards" under the Federal Rules of Civil Procedure: "Rule 15(a) or Rule 16(b)." *In re Wireless Tel. Servs. Antitrust Litig.*, No. 02 Civ. 2637 (DLC), 2004 WL 2244502, at *4 (S.D.N.Y. Oct. 6, 2004). Rule 15(a) instructs that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This is a 'liberal' and 'permissive' standard," *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec. Ltd.*, 797 F.3d 160, 190 (2d Cir. 2015)), and leave to amend under Rule 15(a)(2) "should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party," *AT&T Corp. v. Atos*

*IT Solutions & Servs., Inc.*, 714 F. Supp. 3d 310, 322 (S.D.N.Y. 2024) (quoting *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603–04 (2d Cir. 2005)).

The "liberal" amendment period under Rule 15(a) ends "if the district court issues a scheduling order setting a date after which no amendment will be permitted." *Sacerdote*, 9 F.4th at 115. After that point, the "stricter" standard of Rule 16(b) applies. *AT&T*, 714 F. Supp. 3d at 322. Under Rule 16(b)(4), a plaintiff may only amend a complaint after a scheduling order deadline "upon a showing of good cause." *Callahan v. Cnty. of Suffolk*, 96 F.4th 362, 370 (2d Cir. 2024) (citations omitted); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). "The burden of demonstrating good cause rests with the movant." *Yan v. Renew Body Wellness, Inc.*, No. 20 Civ. 9041 (GBD) (SN), 2022 WL 2698562, at *2 (S.D.N.Y. July 12, 2022).

The "primary consideration" under Rule 16(b) is "whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). "It is not, however, the only consideration." *Id.* "Rather, '[t]he district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors, including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants.'" *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014) (quoting *Kassner*, 496 F.3d at 244). Ultimately, "the decision as to whether to let Rule 16(b) stand as a bar to amendment lies within the court's discretion." *Qanouni*

*v. D&H Ladies Apparel LLC*, No. 18 Civ. 2763 (GBD) (DF), 2021 WL 9036182, at *8 (S.D.N.Y. Mar. 23, 2021).

Rule 15 also allows for supplemental pleadings. Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Permission to file supplemental pleadings under Rule 15(d) may be granted when the supplemental facts connect it to the original pleading." *Andino v. Fischer*, 698 F. Supp. 2d 362, 372 (S.D.N.Y. 2010) (citation omitted). Under Rule 15(d), district courts may "in their discretion grant 'supplementation [where it] will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party.'" *Id.* at 373 (quoting *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989)).

Where a proposed amended complaint "includes allegations about events that occurred after the original complaint was filed, Rule 15(d) rather than Rule 15(a) applies." *Wertzberger v. Shapiro, DiCaro & Barak LLC,* No. 19 Civ. 4272 (MKB), 2021 WL 327619, at *3 (E.D.N.Y. Feb. 1, 2021). That is true even where the movant invokes Rule 15(a) rather than Rule 15(d). *See, e.g.*, *Shubert v. Town of Glastonbury*, No. 18-CV-112, 2020 WL 6395472, at *1 (D. Conn. Nov. 2, 2020) ("Although the plaintiff's motion is styled as a 'motion for leave to amend' and invokes Rule 15(a)(2), it is more properly considered as a motion to supplement the complaint under Rule 15(d) because it seeks to add factual allegations about events

postdating the complaint."); *Westwood v. Cohen*, 838 F. Supp. 126, 132 (S.D.N.Y. 1993) (where the actions alleged "include new matter and acts that occurred after the date of the original complaint but also represented a continuation of the prior course of conduct," "either Rule would be applicable"). The distinction between Rule 15(a) and Rule 15(d) is "of little practical significance," as "the standards used in ruling on a motion to amend or on a motion to supplement are generally the same." *Fair Hous. in Huntington Comm. v. Town of Huntington*, No. 02 Civ. 2787 (DRH) (WDW), 2010 WL 4791787, at *7 (E.D.N.Y. Nov. 18, 2010); *see also* 6A Wright & Miller, *Federal Practice & Procedure* § 1504 (3d ed. Apr. 2026 update) (noting that "misnomers" in labeling amended and supplemental pleadings are common but "not of any significance," as "they do not prevent the court from considering a motion to amend or supplement under the proper portion of Rule 15").

## DISCUSSION

At the outset, the Court notes that, since the time for amending pleadings under the Case Management Plan and Scheduling Order entered in this case has elapsed (Dkt. No. 100 at 1), the more stringent "good cause" standard applies to Plaintiffs' motion. On this, the parties agree. (Dkt. No. 177 at 1; Dkt. No. 179 at 2). Further, the good cause standard governs here regardless of whether the motion is considered one to amend Plaintiffs' pleading under Rule 15(a) or to supplement the pleading under Rule 15(d). *See Yan*, 2022 WL 2698562, at *2 (applying good cause standard to Rule 15(a) motion); *Sopko v. The N.Y. Community Hosp. of Brooklyn, Inc.*, No. 24 Civ. 6434 (AMD) (JRC), 2026 WL 2725328, at *8 (E.D.N.Y. July 30,

2026) (applying good cause standard to Rule 15(d) motion), *R&R adopted*, 2026 WL 2568808 (E.D.N.Y. Aug. 31, 2026).

The Court will first evaluate whether there is good cause for the Proposed Amendment insofar as it seeks to add allegations relating to the announcement of the three new Class I directors to the Ben & Jerry's Board. It will then separately assess whether there is good cause for conforming Plaintiffs' pleading to Judge Castel's ruling on the motions to dismiss and to substitute.

**A. Announcement of New Class I Directors**

Plaintiffs' amended allegations regarding the appointment of new Class I directors arise from an announcement made by Ben & Jerry's on August 26, 2026, more than three months after the filing of the Fourth Amended Complaint. As such, these allegations concern an "occurrence[] or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Therefore, these allegations are properly evaluated under Rule 15(d) rather than Rule 15(a), even though Plaintiffs' motion only invokes the latter rule.

Plainly, Plaintiffs' new allegations relate directly to their existing pleading. Count I of the Fourth Amended Complaint, as narrowed by Judge Castel's ruling, alleges that Defendants have violated Plaintiffs' contractual rights under Section 6.14(a) of the Merger Agreement by reconstituting the Ben & Jerry's Board. (*See* O&O at 27 (dismissing Count I "except to the extent that it alleges the improper removal of, or the imposition of new eligibility requirements on, the Class I Directors and the failure to appoint Chris Miller in violation of section 6.14(a) of the

Merger Agreement")). Plaintiffs' new allegations simply assert another violation of Section 6.14(a) through the August 26 appointment of the new Class I directors to the Board. That is a prototypical example of when a supplemental pleading is allowed. *See Westwood*, 838 F. Supp. at 132 (allowing plaintiff to allege new facts that "represented a continuation of the prior course of conduct" alleged in original complaint); *Kirsch v. Brightstar Corp.*, 968 F. Supp. 2d 931, 941 (N.D. Ill. 2013) (granting leave to shareholder-plaintiffs under Rule 15(d) where "the supplemental complaint does not allege an additional count, just additional instances of breach of the Agreement"); 6A Wright & Miller, *supra*, § 1504 (noting that a supplemental pleading "may set forth new facts in order to update the earlier pleading").

Defendants' objections are unavailing. With respect to timeliness, Plaintiffs filed their motion for leave to amend on September 27, 2026, about a month after the August 26, 2026 announcement. Defendants claim the amendment was untimely because Plaintiffs "could have immediately sought leave to amend" following the announcement, yet "waited until fact discovery was nearly complete before raising the issue." (Dkt. No. 179 at 3).

As Defendants acknowledge, however, Plaintiffs informed Defendants of their desire to move to amend for this purpose on August 27, the day following the announcement, and then provided Defendants with a draft of the Proposed Amendment less than three weeks later. (*Id.* at 3 n.3). As noted above, the Proposed Amendment is not limited to the issue of the newly appointed directors, but also includes substantial changes relating to Judge Castel's rulings. Moreover,

based on the parties' status reports, the parties appear to have been quite busy attending to discovery and making other filings during the three-week period. (*See* Dkt. Nos. 161, 180). Although Plaintiffs could have acted with greater alacrity, especially since the deadline for fact discovery at the time was October 16, 2026 (Dkt. No. 165),[1] the Court cannot find that the speed with which they moved to amend, measured from the August 26 announcement, evinces a lack of diligence.

Defendants' more serious timeliness argument rests on different grounds. The Proposed Amendment not only adds factual allegations concerning the appointment of the three new Class I directors, but also seeks relief in the form of an injunction against their purported nomination or appointment. (Proposed Amendment ¶ 145). Defendants argue that Plaintiffs could have and should have asserted this claim in one of their prior amended pleadings. Defendants note, *inter alia*, that as part of the temporary restraining order sought earlier this year, Plaintiffs asked that Defendants be barred from appointing any Class I director without the consent of a majority of the Class I directors then in effect, and that after Judge Castel denied that relief on April 14, 2026, Plaintiffs did not add a request for such relief in their Fourth Amended Complaint. (Dkt. No. 179 at 2–3).

This argument is ultimately unpersuasive, however. Plaintiffs' claim for relief in the Proposed Amendment is different from the claim that Defendants say could have been added to the Fourth Amended Complaint. Plaintiffs are now

[1] The fact discovery deadline has since been extended to November 12, 2026. (Dkt. No. 191).

seeking specifically to enjoin the appointment of the three directors named in the August 26 announcement: Nora Benavidez, Michael McAfee, and Eva Schulte. (*See* Proposed Amendment ¶ 145). Obviously, that is not relief Plaintiffs could have sought until after August 26. Moreover, Plaintiffs assert—and Defendants appear to agree—that this claim was "implicitly addressed by relief sought in the Fourth Amended Complaint." (Dkt. No. 177 at 2; *see* Dkt. No. 179 at 2). Now that Defendants have nominated specific individuals to serve as Class I directors without Plaintiffs' consent, they could not have been surprised, given this background, that Plaintiffs would seek to invalidate those appointments. And Plaintiffs cannot fairly be accused of a lack of diligence in waiting for a concrete controversy to arise before explicitly asserting their claim for injunctive relief.

Accordingly, the Court finds that Plaintiffs have met their burden to show that they acted diligently in seeking to amend their pleading to assert new factual allegations and seek injunctive relief arising from the appointment of the new Class I directors on August 26.

Defendants' futility arguments are also unconvincing. Defendants do not dispute that the Proposed Amendment plausibly alleges that the appointment of the three new Class I directors, without the consent of Plaintiffs, breached Section 6.14(a) of the Merger Agreement. (*See* Proposed Amendment ¶¶ 117, 126). Instead, Defendants argue that Plaintiffs will be unable to show irreparable injury, as required to obtain injunctive relief. (Dkt. No. 179 at 4). That is because (according to Defendants) the Merger Agreement contemplates up to nine Class I directors,

and so even if the six Independent Directors were to be reinstated, "they could serve alongside the three newly appointed Class I Directors and still constitute a majority." (*Id.*).

Whether or not this proves a winning argument later in the case, the Court cannot say that it renders the Proposed Amendment futile as a matter of law. Plaintiffs allege that "in the Merger Agreement, the parties agreed that 'irreparable damage would occur in the event that any of the provisions' of the agreements were not performed in accordance with their terms or were breached." (Proposed Amendment ¶ 129 (citing Merger Agreement at § 9.10)). Defendants do not address Section 9.10 of the Merger Agreement, and thus for this reason alone, the Court cannot conclude that Plaintiffs will be unable to show irreparable injury. *See Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 896 (2d Cir. 2015) ("[A]n 'irreparable harm' provision in the parties' agreement, while not controlling, is relevant evidence that can help support a finding of irreparable injury." (internal quotation marks and citation omitted)). Moreover, as Judge Castel found in his August 21, 2026 ruling on Defendants' motion to dismiss, at the pleading stage, "the availability of nominal damages" on Plaintiffs' breach of contract claims "is alone enough to prevent these claims from being dismissed." (O&O at 11–12 (cleaned up)). So Defendants' irreparable injury argument does not demonstrate futility.

Defendants also argue that the Proposed Amendment attempts to "shoehorn" Plaintiffs' claim "where it does not belong—under Count II for breach of the Settlement Agreement." (Dkt. No. 179 at 4). Defendants argue that nothing in the

Settlement Agreement addresses "the makeup of the B&J Board or the process for appointing, electing, or removing directors[.]" (*Id.*). But in the O&O, Judge Castel found that the Fourth Amended Complaint plausibly stated a claim for breach of Section 2(b) of the Settlement Agreement, which requires Defendants to "[r]espect and acknowledge the Ben & Jerry's Independent Board's primary responsibility over Ben & Jerry's Social Mission and Essential Brand Integrity" and "work in good faith with the Independent Board to ensure that both are protected and furthered." (O&O at 20–21). Those breaches, as alleged in the Fourth Amended Complaint, included, *inter alia*, Defendants' alleged actions in attempting "to dismantle the Independent Board," "implementing retroactive term limits requiring removal" of the Independent Directors, and "[l]aunching and continuing [their] removal scheme." (Dkt. No. 110 ¶ 163). Such allegations relate to "the makeup of" the Ben & Jerry's Board. And they are of a piece with Plaintiffs' new allegations, which assert continuing efforts by Defendants to infringe upon Plaintiffs' rights to control the composition of the Ben & Jerry's Board. Moreover, as noted above, Plaintiffs also allege, in Count I of the Proposed Amendment, that the appointment of the new Class I directors constitutes a breach of the Merger Agreement. (Proposed Amendment ¶¶ 117, 126). Defendants do not argue futility as to this claim.

It is a defendant's burden to show that a proposed amendment to the plaintiff's pleading is futile. *See J&A Concrete Corp. v. Dobco, Inc.*, No. 21 Civ. 11097 (JGK), 2025 WL 3211743, at *3 (S.D.N.Y. Nov. 17, 2025) ("Although the movant bears the burden of demonstrating good cause, the non-movant must show

why the Court should deny leave to amend on grounds of futility, bad faith, or undue prejudice." (quoting *Allgaier v. Peterson*, No. 13 Civ. 5112, 2015 WL 5459808, at *4 (S.D.N.Y. Aug. 13, 2015))). Defendants have not satisfied that burden here.

Finally, Defendants' prejudice argument also fails. The Proposed Amendment does not add any defendants or any causes of action. As noted above, Plaintiffs' new allegations simply assert another breach by Defendants of the same contractual provisions underlying Plaintiffs' existing claims. Indeed, as Defendants acknowledge (Dkt. No. 179 at 2–3), the issue of whether Defendants have the contractual authority to appoint new directors without Plaintiffs' consent has been percolating in this case for some time. *See, e.g.*, *Jones v. Bernanke*, 685 F. Supp. 2d 31, 42 (D.D.C. 2010) (rejecting defendant's prejudice argument where, *inter alia*, "the plaintiff's proposed supplemental claims represent a continuation of claims asserted in the plaintiff's complaint"); *Concerned Area Residents for the Env't v. Southview Farm*, 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993) (concluding that, where new claims were "sufficiently related to the existing claims," defendants "would not suffer undue prejudice by their addition to the case").

Defendants argue that the Proposed Amendment will necessitate a new round of motion to dismiss briefing (Dkt. No. 179 at 5), but they do not explain what the basis for their supposed motion to dismiss would be. To the extent Defendants would seek dismissal based on their futility arguments as described above, the Court doubts the strength of those arguments for the reasons described above. Equally important, a motion to dismiss based on those arguments would be

counterproductive from a case management perspective. Even if Defendants could succeed in trimming some of the theories of relief presented in the Proposed Amendment, such a motion would not remove the issue regarding the August 2026 appointment from the case; as noted above, Defendants do not suggest that Plaintiffs cannot state a claim for breach of the Merger Agreement on this basis. In the Court's view, there would be little point to devoting resources to litigating such a motion to dismiss, especially at this stage of the proceedings when discovery is nearing completion. Any challenge Defendants may have in this regard can be more appropriately addressed at summary judgment.

Defendants also argue that, even though Plaintiffs have disclaimed any need to take additional discovery concerning the Proposed Amendment, Defendants should have "a meaningful opportunity to seek discovery in response." (Dkt. No. 179 at 5). But Defendants do not articulate what discovery they would seek, or even definitively assert that will need any discovery. Even if they do, Plaintiffs moved for leave to amend prior to the expiration of the discovery deadline, and there is no reason to think that Defendants would be deprived of any discovery or that whatever discovery they do seek would materially delay the progress of this case.

For all these reasons, the Court concludes that good cause exists for granting Plaintiffs leave to supplement their existing pleading with the proposed allegations concerning the August 2026 appointment of the three new Class I directors.

**B. Conforming the Pleading to Judge Castel's Ruling**

It is not uncommon for plaintiffs to amend their pleading following a ruling on a motion to dismiss that has substantially narrowed their claims. *See, e.g.*, *Pizarro v. Euros El Tina Rest. Lounge & Billiards Corp.*, No. 20 Civ. 5783 (AKH), 2022 WL 484851, at *4 (S.D.N.Y. Feb. 16, 2022) (requiring Plaintiff to file an amended complaint "to conform the Complaint to the rulings" made in motion to dismiss); *DynCorp v. GTE Corp.*, 215 F. Supp. 2d 308, 310 (S.D.N.Y. 2002) (granting plaintiff leave to amend "to conform to the rulings expressed in this Opinion and Order"). Revising the pleading to accurately reflect what allegations, claims, and parties remain in the case can be helpful to the parties and the court (and potentially the jury) at later stages of the case and can minimize confusion. That is particularly true here, where Judge Castel's O&O dismissed four of the seven parties and seven of the ten causes of action pled in Plaintiffs' existing complaint.

In general, Defendants do not object to the Proposed Amendment insofar as it conforms Plaintiffs' pleading to the O&O. Defendants do, however, contend that the Proposed Amendment goes "beyond" Judge Castel's ruling in one respect: by adding, in the paragraph of Count II identifying Plaintiffs' alleged damages from Defendants' breach of the Settlement Agreement, new language seeking damages for "'loss of funding to its[2] bargained-for beneficiaries.'" (Dkt. No. 179 at 5 (quoting Proposed Amendment ¶ 138)). This language evidently refers to Plaintiffs' claim

[2] It is unclear what the word "its" refers to. Presumably the Proposed Amendment meant to refer to loss of funding for "their," *i.e.*, Plaintiffs', bargained-for beneficiaries.

that Defendants breached Section 2(g) of the Settlement Agreement by failing to make a required $2.5 million payment to Ben & Jerry's, to be used to fund grants to humanitarian and human rights organizations. (Proposed Amendment ¶¶ 37, 136).

The proposed change to Paragraph 138 does not conflict with Judge Castel's ruling or exceed the scope of a proper amendment under Rule 15(a)(2). Judge Castel's ruling rejected Defendants' challenges to Plaintiffs' damages allegations for their surviving breach of contract claims, and he specifically rejected Defendants' argument that Plaintiffs could not predicate a damages claim on their alleged "loss of bargained-for governance authority." (O&O at 11–12 (cleaned up)). Moreover, in addition to adding the new language regarding loss of bargained-for funding, Paragraph 138 drops Plaintiffs' damages claims for reputational damages and loss of goodwill, even though the O&O had sustained those elements of Plaintiffs' alleged damages. (Proposed Amendment ¶ 138; *see* O&O at 11–12). The Court does not regard Plaintiffs' fine-tuning of their damages allegation for Count II as untimely, as evidencing bad faith, as futile, or as causing any discernable prejudice to Defendants. Whether analyzed under Rule 15(a) or Rule 15(d), the Proposed Amendment's changes to conform Plaintiffs' pleading with Judge Castel's ruling are proper.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to amend their complaint is **GRANTED**. Plaintiffs shall file their Fifth Amended Complaint by no later than Friday, October 30, 2026.

The Clerk of Court is respectfully directed to close the motion under Docket Number 177.

**SO ORDERED.**

DATED: New York, New York
October 27, 2026

The Honorable Gary Stein
United States Magistrate Judge