**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

*VIA ECF*

November 2, 2026

**Luna N. Barrington**
+1 (212) 310-8421
luna.barrington@weil.com

The Honorable Gary Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *Class I Directors of Ben & Jerry's Independent Board v. The Magnum Ice Cream Company N.V., et al.*, Case No. 24-cv-8641-PKC-GS (S.D.N.Y.)**

Dear Judge Stein:

Pursuant to the Court's October 6, 2026 Order [ECF No. 183], Defendants The Magnum Ice Cream Company N.V. ("**TMICC**") and Ben & Jerry's HoldCo, LLC ("**HoldCo**") (collectively, "**Defendants**") and Counterclaim-Plaintiffs TMICC, HoldCo, and Ben & Jerry's Homemade, Inc. ("**B&J**") (collectively, "**Counterclaim-Plaintiffs**") hereby submit a status update on the parties' discovery efforts.

On Friday, October 30, 2026, Plaintiffs filed the Fifth Amended Complaint ("**FAC**") [ECF No. 206], and Defendants' and Counterclaim-Plaintiffs' response to the FAC is due November 13, 2026.

The Court scheduled oral argument to address discovery disputes raised by the parties' letters [ECF Nos. 184, 195, 196, and 197] for November 12, 2026 [ECF No. 201]. To avoid duplicative discovery efforts, Defendants and Counterclaim-Plaintiffs proposed to Plaintiffs that the four outstanding depositions be reset until after the November 12 conference, the outcome of which may affect the currently scheduled depositions.

In accordance with the Amended Case Management Order [ECF No. 191], fact discovery is scheduled to close on November 12, 2026, and expert discovery will close on January 8, 2027. The parties also have a conference scheduled with Judge Castel on November 19, 2026 [ECF No. 175], which follows the November 16, 2026 deadline to file pre-summary judgment motion letters.

Two recent events may, however, also impact discovery and the case schedule going forward: the filing of the FAC and Defendants' and Counterclaim-Plaintiffs' understanding that a related case, *Mittal v. Unilever PLC, et al.*, No. 3:26-cv-02660-WHO (N.D. Cal.), may be transferred to this Court. In the *Mittal* case, Plaintiff Anuradha Mittal asserts defamation, false light, and intentional infliction of emotional distress claims against Unilever PLC, TMICC, and others in connection with four statements made during 2026 related to Ms. Mittal's eligibility to serve on the Board of B&J. At a recent hearing on defendants' motion to transfer, Judge Orrick indicated that the case was likely to be transferred to the Southern District

of New York. In light of the FAC—and the corresponding discovery—and the potential transfer of the *Mittal* case, Defendants and Counterclaim-Plaintiffs have sought to meet and confer with Plaintiffs on a revised schedule.

Additionally, since the October 1, 2026 status update, the parties have further exchanged documents, with a majority of Plaintiffs' production coming more than a month following the deadline for substantial completion; exchanged revised privilege logs; and continued depositions of certain party and non-party witnesses. Defendants and Counterclaim-Plaintiffs continue to confer with Plaintiffs regarding discovery deficiencies, including (i) Plaintiffs' failure to log privileged correspondence between counsel and Plaintiffs and to properly describe the privilege assertions on the underinclusive log they have provided; (ii) the refusal by Plaintiffs to answer questions at their depositions that did not call for privileged information; (iii) the basis for Plaintiffs' assertion of common interest privilege between Plaintiffs and Ben Cohen; and (iv) Plaintiffs' failure to produce relevant documents or to explain the efforts to identify, collect, and restore improperly deleted responsive documents from Plaintiffs' devices.

Defendants and Counterclaim-Plaintiffs have also raised concerns about the deposition of Unilever's Global Chief of Litigation. Plaintiffs rejected Defendants' and Counterclaim-Plaintiffs' efforts to narrow the proposed topics to non-privileged information. In fact, at the deposition of the General Counsel of TMICC, Plaintiffs inquired into a number of privileged communications and topics. Accordingly, Defendants and Counterclaim-Plaintiffs are concerned that Plaintiffs will likewise question Unilever's in-house counsel regarding privileged information and may need to seek a protective order from the Court if the parties cannot reach a resolution.

Defendants and Counterclaim-Plaintiffs will continue to engage with Plaintiffs in the meet-and-confer process and will raise outstanding disputes with the Court at the appropriate time. Defendants and Counterclaim-Plaintiffs thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Luna N. Barrington*

Luna N. Barrington

*Attorney for Defendants-Counterclaim-Plaintiffs*
*The Magnum Ice Cream Company N.V.*
*and Ben & Jerry's HoldCo, LLC and for*
*Counterclaim-Plaintiff Ben & Jerry's Homemade, Inc.*

cc: All Counsel of Record (Via E-filing)