AZA

**Shahmeer Halepota**
Direct 713.600.4953
Main 713.655.1101
Fax 713.655.0062
shalepota@azalaw.com

November 2, 2026

**Via ECF**
The Honorable Gary Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Ben & Jerry's Homemade, Inc. et al. v. Unilever PLC et al.*, No. 1:24-cv-08641-PKC — Status Update

Dear Judge Stein:

Pursuant to the Court's October 6, 2026 Order (ECF No. 183), the Class I Directors ("Plaintiffs") submit this status update on the parties' discovery efforts.

Per the October 15, 2026 Amended Civil Case Management Plan and Scheduling Order, October 16, 2026 served as the "close of fact discovery save for the depositions which the parties have agreed will occur after this date." There are four such depositions, two depositions that Plaintiffs seek (Jeffery Eglash, Unilever's Global Head of Litigation and Chief Business Integrity Officer, and Heather Sneller, Ben & Jerry's Global People Mission Leader) and two that Defendants seek (Helen Jones, former Class I Director, and Aseel Najib, Class I Director). Other than Ms. Sneller's deposition, which will be moved due to a family emergency, the remaining depositions have been set for weeks and will require travel, including Ms. Jones' deposition, which Defendants have only offered in London, England.

Nevertheless, for the first time three days ago, Defendants requested that these depositions, including the one set to take place in London, for which foreign travel had already been arranged, be postponed based on a future, unreleased opinion in a California defamation case, *Mittal v. Unilever PLC*, No. 3:26-cv-02660-WHO (N.D. Cal.), and the Fifth Amended Complaint, which simply challenges the addition of three Class I Directors based on the plain text of the Merger Agreement. Plaintiffs oppose the postponement of these depositions.

In addition, following the close of fact discovery, Ernst & Young produced hundreds of documents which had been outstanding for months, citing Defendants' privilege review, which had only concluded on October 18, 2026. More concerning, because of Defendants' deficient categorical privilege log—which spans years and thousands of documents—it is unclear what precise documents Defendants are asserting privilege over. Specifically, Ernst & Young has produced emails where the attachments or documents referenced within the email itself have not been produced, leading to situations where Ernst and Young has initially stated a document has been produced, only to retract that statement and clarify that the document was actually withheld

by Defendants, something that is not apparent on the categorical privilege log, which fails to identify individual documents withheld. These hundreds of Ernst & Young documents produced two weeks ago were in addition to the over 8,000 documents Defendants produced following the substantial completion deadline. Moreover, as Defendants acknowledged in their October 28, 2026 letter to the Court (Dkt. No. 203 at 3), approximately 10,000 documents "were corrupted, in an unreadable file format, and/or protected by inaccessible passwords," including relevant PowerPoints for which passwords should have been preserved.

Plaintiffs also encountered discovery roadblocks in the deposition of Ms. Vilar, Magnum's Chief Business Integrity Officer, including multiple improper privilege objections. Defense counsel instructed her not to answer basic factual questions on privilege grounds. For example, she was instructed not to say whether a draft of the findings letter she signed and sent to the Class I Directors existed on a particular date, Vilar Dep. 105:24–106:9, 107:7–21, what the words she used in that letter meant, *id.* 186:18–188:9, 195:7–10, 243:4–247:12, whether the committee that found the allegations against Ms. Mittal substantiated ever reviewed any documents at all, *id.* 47:13–48:5, 283:5–11, and whether materials the Class I Directors requested in response to the committee's findings were ever sent to them, *id.* 216:17–217:5. Defense counsel's stated position was that all evidence reviewed in the investigation is *privileged by definition*, *id.* 147:8–15. Indeed, Ms. Vilar would not even say whether the investigation supplied the basis for Defendants' own counterclaims in this case. *Id.* 192:4–11.

Moreover, multiple third-party subpoena recipients have indicated they refuse to produce any documents, including CCR, based on Defendants' objections, despite Plaintiffs narrowing these requests to 3 RFPs and seeking discovery relevant to Defendants' counterclaim assertions that Plaintiffs have "endangered and disrupted the reputations, operations, finances, and security of B&J, TMICC, and Unilever" (Defs.' Countercls. ¶ 261, Dkt. No. 169).

Plaintiffs have articulated their other discovery concerns in their letters to the Court (Dkt. Nos. 184, 195, 197) for which oral argument is set on November 12, 2026. Pre-motion summary judgment letters are due on November 16, 2026, and Judge Castel has scheduled a conference for November 19, 2026. Plaintiffs will continue to confer with Defendants to amicably resolve their outstanding disputes and thank the Court for its attention to the various matters the parties have raised.

Respectfully submitted,

Ahmad, Zavitsanos & Mensing, P.C.

By: 

Shahmeer Halepota

cc: All counsel of record.