AZA

**Shahmeer Halepota**
Direct 713.600.4953
Main 713.655.1101
Fax 713.655.0062
shalepota@azalaw.com

November 19, 2026

**Via ECF**
The Honorable Gary Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Ben & Jerry's Homemade, Inc. et al. v. Unilever PLC et al.*, No. 1:24-cv-08641-PKC — Status Update

Dear Judge Stein:

The Class I Directors ("Plaintiffs") submit this proposal regarding the case deadlines in the October 15, 2026 Case Management Order (ECF No. 191) and respond to Defendants' letter (ECF No. 215) regarding this same issue.

Last Wednesday, November 11, 2026, after several rounds of conferrals, the parties agreed upon requesting the following modifications to the Case Management Order:

| Original Date | New Date | Deadline |
|---|---|---|
| November 19, 2026 | November 19, 2026 (unchanged) | Status conference before Judge Castel |
| November 19, 2026 | No later than December 18, 2026 | Face-to-face settlement discussions must occur by this date |
| November 12, 2026 | November 19, 2026 | Deadline to complete fact discovery depositions (subject to witness availability) |
| November 16, 2026 | November 23, 2026 | Deadline to raise any discovery issues for depositions that occurred after October 16, 2026 or issues related to privilege/confidentiality |
| November 16, 2026 | December 10, 2026 | Pre-motion summary judgment letters due |
| November 16, 2026 | December 4, 2026 | Opening expert reports due |
| December 14, 2026 | January 15, 2027 | Rebuttal expert reports due |
| January 8, 2027 | January 27, 2027 | Close of expert discovery |
| January 13, 2027 | January 29, 2027 | Status conference with the Court (at the Court's convenience but later than this date) |

The following day, November 12, 2026, the Court held a hearing on the parties' various motions to compel. Based on that hearing, Defendants have requested to extend the schedule that they had

agreed to last week by, in some instances, *over five months*. As an example, Defendants have requested to modify the previously mutually agreed-upon deadline to file pre-motion summary judgment letters from December 10, 2026, to May 14, 2027.

Nothing justifies a five-month extension to the remaining deadlines. Defendants have already taken each of the 10 depositions they are allotted, including of 6 Class I Directors as well as Ben Cohen and Jerry Greenfield. Plaintiffs have taken 8 depositions, and there are two remaining. One of the remaining depositions (Mr. Eglash) was originally scheduled to occur before November 11, 2026 (when Defendants agreed to the proposed schedule on page 1), but it was postponed at Defendants' request. The second remaining deposition (Ms. Sneller) was also delayed past the originally offered date of November 5, 2026 at Defendants' request. The parties had previously agreed that discovery was to be complete save for any issues that resulted from these depositions or were to be adjudicated at the hearing. Defendants believe that Your Honor's guidance at last week's hearing can be addressed via a December 11, 2026 deadline to complete any supplemental productions, rather than the multi-month extension that Defendants have requested.

The Class I Directors therefore respectfully submit the following schedule:

| Event | October 15 CMO (ECF No. 191) | Plaintiffs' Proposal |
|---|---|---|
| Deadline for face-to-face settlement discussions | November 19, 2026 | December 18, 2026 |
| Deadline to complete fact discovery depositions | November 12, 2026 | November 12, 2026 (except for Mr. Eglash and Ms. Sneller) |
| Deadline to raise any discovery issues for depositions or document productions that occurred after October 16, 2026 | November 16, 2026 | November 23, 2026 (except for discovery that occurred pursuant to the Court's November 12, 2026 orders or for Mr. Eglash's and Ms. Sneller's depositions, which should be raised by December 10). |
| Deadline to File Pre-Motion Letters Regarding Summary Judgment | November 16, 2026 | December 15, 2026 |
| Opening Expert Reports Due (both sides have agreed that they will be limited to 2 experts each) | November 16, 2026 | December 15, 2026 |
| Rebuttal Expert Reports Due | December 14, 2026 | January 18, 2027 |
| Close of Expert Discovery | January 8, 2027 | January 29, 2027 |
| Status conference with the Court | | At the Court's convenience but no later than January 29, 2027 |

| | | |
|---|---|---|
| Deadline to make productions discussed at 11/12 hearing | Not set in prior CMO | December 11, 2026 |

Plaintiffs submit that this schedule is more reasonable than the schedule proposed by Defendants and Defendants have not shown good cause for the lengthy delay in the trial of this case that their schedule would cause. ECF No. 215. For example, Defendants point to Plaintiffs' representation that they will respond to Defendants' Requests for Admission and Interrogatories by November 20. *Id.* at 2. But those nineteen requests for admission and fourteen interrogatories were served by Defendants on September 19. The responses were due October 19, three days after document discovery closed. ECF No. 191 ¶ 13(a). Defendants could have timely served these requests months before they were served but instead chose not to. Although the Class I Directors had no obligation to respond to this discovery,[1] they have agreed to provide responses. Defendants' untimely service of discovery does not justify an extension of case deadlines.

Defendants also cite to the discovery they unilaterally served on November 9, 2026 *after the parties mutually agreed deadline to serve written discovery*. That discovery consisted entirely of requests for production that Defendants could have served months earlier, including "All Documents and Communications between or among any two or more of the Plaintiffs Concerning and/or Related to this Action" and "All Documents and Communications between or among any two or more of the Plaintiffs Concerning and/or Related to the Free Ben & Jerry's Campaign." Defendants made their decision to evict the Class I Directors nearly a year ago. They should have had all materials supporting that decision in their possession *at the time it was made*, not eleven months later through discovery that was served following a mutually agreed-upon deadline.

Additionally, Defendants' assertion that a lengthy delay in the discovery deadline is necessary is inconsistent with Defendants' prior positions. For example, when Defendants opposed Plaintiffs' request to file a Fifth Amended Complaint, Defendants argued on October 1, 2026 that "discovery is scheduled to close in two weeks," discovery was "nearly complete," and that Plaintiffs moved "at this late stage of fact discovery." ECF No. 179.

Lastly, Plaintiffs disagree with Defendants' assertion that the rulings from the November 12 hearing warrant the wholesale adjustment (and lengthy delay) of case deadlines requested by Defendants, particularly when many of the issues have been outstanding and previously briefed, including the BI Investigation and the EY audit. All of the corresponding deadlines imposed by the Court were over the next three weeks. None require an 11-week extension of the fact discovery and settlement discussion deadlines, a 12-week extension of the deadline to raise remaining discovery issues, a 15-16 week extension on expert deadlines, and a 25-week extension of the deadline for pre-motion summary judgment letters.

Accordingly, Plaintiffs request that their proposed schedule (attached as Exhibit A) be entered.
We thank the Court for its attention to this matter.

[1] *See, e.g.*, *Siemens Indus., Inc. v. Great Midwest Ins. Co.*, No. 1:23-CV-05046, 2024 WL 3305602, at *3 n.5 (S.D.N.Y. June 4, 2024) ("Failure to serve discovery requests within the time prescribed for responses is sufficient to deny those requests as untimely.").

Respectfully submitted,

Ahmad, Zavitsanos & Mensing, P.C.

By: 

Shahmeer Halepota

cc: All counsel of record.